**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

     Plaintiff,

vs.

DOUGLAS ELLIMAN FLORIDA, LLC d/b/a
DOUGLAS ELLIMAN, a Florida Limited
Liability Company, CHRISTINA BILL,
an individual, CHRYSTALLA NEOPHYTOU,
an individual, DARIN TANSEY, an individual,
GLORIA RODRIGUEZ-ALLSUP, LLC,
a Florida Limited Liability Company,
GLORIA RODRIGUEZ-ALLSUP, an individual,
MIKOLAJ BAUER, an individual,
MATTHEW BACHRAD, an individual,
JOAN WENZEL MESSING, an individual,
VALERIE COZ, P.A., a Florida Professional
Corporation, VALERIE COZ, an individual,
PAMELA HOFFPAUER GOTTFRIED,
an individual, GARY ROGER GOODWIN,
an individual, JOHN LIST, an individual,
EMILY ELIZABETH CHOUVALIS, an individual,
JOSHUA ADAM MCPHERSON, an individual,
MICHAEL B. HARRIS, an individual,
RYAN MITCHELL GAINES, an individual,
NICOLA A. HIGGINS, P.A., a Florida Professional
Corporation, NICOLA A. HIGGINS, an individual,
ROCHELLE LECAVALIER, PLLC, a Florida
Professional Limited Liability Company,
ROCHELLE LECAVALIER, an individual,
VICTORIA CATHERINE BREWER, an individual.

     Defendants.

_____/

## COMPLAINT

Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC., ("Plaintiff" or "AAP"), by and through undersigned counsel, and as a matter of course pursuant to Federal Rules of Civil Procedure 15(a)(1)(b) hereby files its Amended Complaint against Defendants, DOUGLAS ELLIMAN FLORIDA, LLC d/b/a DOUGLAS ELLIMAN, a Florida Limited Liability Company, CHRISTINA BILL, an individual, CHRYSTALLA NEOPHYTOU, an individual, DARIN TANSEY, an individual, GLORIA RODRIGUEZ-ALLSUP, LLC, a Florida Limited Liability Company, GLORIA RODRIGUEZ-ALLSUP, an individual,  MIKOLAJ BAUER, an individual, MATTHEW BACHRAD, an individual, JOAN WENZEL MESSING, an individual, VALERIE COZ, P.A., a Florida Professional Corporation, VALERIE COZ, an individual, PAMELA HOFFPAUER GOTTFRIED, an individual, GARY ROGER GOODWIN, an individual, JOHN LIST, an individual, EMILY ELIZABETH CHOUVALIS, an individual, JOSHUA ADAM MCPHERSON, an individual, MICHAEL B. HARRIS, an individual, RYAN MITCHELL GAINES, an individual, NICOLA A. HIGGINS, P.A., a Florida Professional Corporation, NICOLA A. HIGGINS, an individual, ROCHELLE LECAVALIER, PLLC, a Florida Professional Limited Liability Company, ROCHELLE LECAVALIER, an individual, VICTORIA CATHERINE BREWER, an individual (collectively, the "Defendants"). In support thereof, Plaintiff states as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action against Defendants brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute AAP's original copyrighted works of authorship in its Works ("Works" defined in paragraph 62, below). AAP's licenses its copyrighted works, such as the ones in this case, to real estate associates and brokerages for use in connection with promoting real estate listings.

## THE PARTIES

2.　　AAP is a Florida corporation headquartered in Palm Beach County, Florida. Robert Stevens ("Stevens"), owner of AAP is a high-end real estate photographer who makes his living photographing million dollar homes for real estate agents. Stevens is an employee of his company, AAP, which provides photo shoots to a client's specifications.　AAP licenses its photos to agents pursuant to a written license. The license is granted only to the agent for whom the photos were taken, and for a one-time use for a specific property.

3.　　Defendant DOUGLAS ELLIMAN FLORIDA, LLC d/b/a DOUGLAS ELLIMAN ("DOUGLAS ELLIMAN"), a licensed real estate corporation and broker, is a Florida Limited Liability Company with a principal place of business in Miami-Dade County, Florida.

4.　　Defendant CHRISTINA BILL ("BILL") is a Florida-licensed real estate sales associate (Lic. No. SL3317014) who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

5.　　Defendant CHRYSTALLA NEOPHYTOU ("NEOPHYTOU") is a Florida-licensed real estate sales associate (Lic. No. SL3051467) who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

6.　　Defendant DARIN TANSEY ("TANSEY") is a Florida-licensed real estate sales associate (Lic. No. SL3196065) who, upon information and belief, resides in Miami-Dade County, Florida, and is employed by DOUGLAS ELLIMAN.

7.　　Defendant GLORIA RODRIGUEZ-ALLSUP, LLC ("ALLSUP LLC") is a Florida Limited Liability Company, that hold a real estate license in the State of Florida (Lic. No. SL3140144) and who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

8.      Defendant GLORIA RODRIGUEZ-ALLSUP ("ALLSUP") is the owner and principal member of Defendant GLORIA RODRIGUEZ-ALLSUP, LLC who, upon information and belief, resides in Palm Beach County, Florida.

9.      Defendant MIKOLAJ BAUER ("BAUER") is a Florida-licensed real estate sales associate (Lic. No. SL3434517) who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

10.      Defendant MATTHEW BACHRAD ("BACHRAD") is a Florida-licensed real estate sales associate (Lic. No. SL3353706) who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

11.      Defendant JOAN WENZEL MESSING ("MESSING") is a Florida-licensed real estate sales associate (Lic. No. SL597469) who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

12.      Defendant VALERIE COZ, P.A. ("COZ P.A.") is a Florida Professional Corporation that holds a real estate associate license in the State of Florida (Lic. No. SL3084495) and who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

13.      Defendant VALERIE COZ ("COZ") is the sole owner and principal of Defendant VALERIE COZ, P.A., who, upon information and belief, resides in Palm Beach County, Florida.

14.      Defendant PAMELA HOFFPAUER GOTTFRIED ("GOTTFRIED") is a Florida-licensed real estate broker sales (Lic. No. BK373953) who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

15.     Defendant GARY ROGER GOODWIN ("GOODWIN") is a Florida-licensed real estate sales associate (Lic. No. SL3364474) who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

16.     Defendant JOHN LIST ("LIST") is a Florida-licensed real estate broker sales (Lic. No. BK590698) who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

17.     Defendant EMILY ELIZABETH CHOUVALIS ("CHOUVALIS") is a Florida-licensed real estate sales associate (Lic. No. SL3015134) who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

18.     Defendant JOSHUA ADAM MCPHERSON ("MCPHERSON") is a Florida-licensed real estate sales associate (Lic. No. SL3331204) who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

19.     Defendant MICHAEL B. HARRIS ("HARRIS") is a Florida-licensed real estate sales associate (Lic. No. SL3256876) who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

20.     Defendant RYAN MITCHELL GAINES ("GAINES") is a Florida-licensed real estate sales associate (Lic. No. SL3367239) who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

21.     Defendant NICOLA A. HIGGINS, P.A. ("HIGGINS P.A.") is a Florida Professional Corporation that holds a real estate broker sales license in the State of Florida (Lic. No. BK3004587), and who, upon information and belief, resides in Broward County, Florida, and is employed by DOUGLAS ELLIMAN.

22.     Defendant NICOLA A. HIGGINS ("HIGGINS") is the sole owner, officer and director of Defendant NICOLA A. HIGGINS, P.A., who, upon information and belief, resides in Broward County, Florida.

23.     Defendant ROCHELLE LECAVALIER, PLLC ("LECAVALIER PLLC"), a Florida Professional Limited Liability Company that holds a real estate broker sales license in the State of Florida (Lic. No. BK3135840) and who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

24.     Defendant ROCHELLE LECAVALIER ("LECAVALIER") is the sole member of Defendant ROCHELLE LECAVALIER, PLLC, who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

25.     Defendant VICTORIA CATHERINE BREWER ("BREWER") is a Florida-licensed real estate broker sales (Lic. No. BK3065411) who, upon information and belief, resides in Palm Beach County, Florida, and is employed by DOUGLAS ELLIMAN.

## JURISDICTION AND VENUE

26.     This Court has jurisdiction over the subject matter of this suit because it arises under federal law, namely, the Copyright Act of 1976 (Title 17 of the United States Code), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (designs, copyrights, trademarks and unfair competition).

27.     Venue is proper in Southern District of Florida, Palm Beach County, Florida, pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 1400, and Florida Statute § 47.011. Defendant DOUGLAS ELLIMAN is located and has its principal place of business in Palm Beach County, and all but three of the other defendants reside in Palm Beach County, with the remaining three defendants in the nearby counties of Broward or Miami-Dade.

28.     In addition, the Defendants conduct regular, ongoing business within this Southern District of Florida.

## THE COPYRIGHTED WORKS AT ISSUE

29.     In 2010, AAP created a series of photographs in the collection "Group Registration Photos, Selected 2010 Photographs Including Ballaria, Birthday Cake House, Jupiter Lighthouse, Mirasol and Others, published Jan. 14, 2010 to December 14, 2010; 53 photos," (hereinafter collectively the "Selected 2010 Photographs"), three of which are listed below and at issue in this action:

     a.  Jupiter Lighthouse aerial d 2010 AAP, Apr. 2, 2010 ("Jupiter Lighthouse");

     b.  Worth Ave night X 2010 AAP ("Worth Ave Night"); and,

     c.  1220 S Ocean Blvd aerial a 2010 AAP ("Ocean Blvd Aerial a").

30.     The Selected 2010 Photographs were registered with the United States Copyright Office on July 15, 2015.  See U.S. Copyright Reg. No. VA 1-966-132, Jupiter Lighthouse, Worth Ave Night, and Ocean Blvd Aerial a, attached hereto as Composite Exhibit A.

31.     In 2015, AAP created a series of photographs in the collection "Group Registration Photos, Selected 2015 Photographs H1 Including 2000 Building, Eastpointe, Harbour House, Sutton Place and Others, published Jan. 3, 2015 to December 11, 2015; 107 photos," (hereinafter collectively the "Selected 2015 Photographs"), ten of which are listed below and at issue in this action:

     a.  Harbour House aerial 1 AAP 2015 ("Harbour House aerial 1");

     b.  Harbour House aerial 3 AAP 2015 ("Harbour House aerial 3");

     c.  Harbour House aerial 4 AAP 2015 ("Harbour House aerial 4");

     d.  Harbour House aerial 6 AAP 2015 ("Harbour House aerial 6");

  e. Harbour House beach steps 2015 AAP ("Harbour House Beach Steps");

  f. Harbour House billiard room A 2015 AAP ("Harbour House Billiards");

  g. Harbour House pool 2 AAP 2015 ("Harbour House Pool 2");

  h. Harbour House pool 3 AAP 2015 ("Harbour House Pool 3");

  i. Harbour House tennis A 2015 AAP ("Harbour House Tennis"); and,

  j. Harbour House lobby A 2015 AAP ("Harbour House Lobby").

32. The Selected 2015 Photographs were registered with the United States Copyright Office on November 10, 2017.  See U.S. Copyright Reg. No. VA 2-075-526, Harbour House aerial 1, Harbour House aerial 3, Harbour House aerial 4, Harbour House aerial 6, Harbour House Beach Steps, Harbour House Billiards, Harbour House Pool 2, Harbour House Pool 3, Harbour House Tennis, and Harbour House Lobby,  attached hereto as Composite Exhibit B.

33. In 2007, Robert Stevens created the photograph Mar-a-Lago_Club__Palm_Beach ("Mar-a-Lago aerial"), a photograph registered in the collection "Photostore Collection 2008" (hereinafter the "Photostore 2008 Photographs").

34. The Photostore 2008 Photographs were registered with the United States Copyright Office on August 2, 2013.  See U.S. Copyright Reg. No. VA 1-881-439, Mar-a-Lago aerial, attached hereto as Composite Exhibit C.

35. The copyrights for Photostore 2008 were later assigned to AAP.  See Assignment, attached hereto as Composite Exhibit D.

36. In 2015, AAP created the photograph AerialLowPrado_c ("Prado aerial"), a photograph registered in the collection "Group Registration Photos, Photographs_Prado_Condominium_WPB, published Jan. 12, 2015; 25 photos," (hereinafter collectively the "Prado Photographs").

37.     The Prado Photographs were registered with the United States Copyright Office on January 13, 2015.  See U.S. Copyright Reg. No. VA 1-945-697, and Prado aerial,  attached hereto as Composite Exhibit E.

38.     In 2011, Robert Stevens created the photograph Parker Highland East ("Parker Highland aerial"), and in 2013, Robert Stevens created the photograph 22 ("Parker Highland Gym"), both part of the series of photographs in the collection "Catalog of July 2013 Pictures" (hereinafter collectively the "Selected 2013 Photographs").

39.     The Selected 2013 Photographs were registered with the United States Copyright Office on August 9, 2013.  See U.S. Copyright Reg. No. VA 1-947-093, Parker Highland aerial, and 22, attached hereto as Composite Exhibit F.

40.     The copyrights for Selected 2013 Photographs were later assigned to AAP.  See Assignment, attached hereto as Composite Exhibit D.

41.     In 2013, AAP created a series of photographs in the collection "Group Registration Photos, Selected 2013 Photographs Including Tillinghast, Xanadu, Evergrene, Sailfish Point, Uno Lago and others, published Jan. 12, 2013 to Dec. 28, 2013; 79 photos," (hereinafter collectively the "Selected 2013 Photographs B"), three of which are listed below and at issue in this action:

      a.   Delray Beach catamarans 2013 AAP ("Delray Beach Boats");

      b.   Wind Surfing with Birds 2013 AAP ("Wind Surfing"); and,

      c.   126 El Bravo Way aerial 2013 AAP ("El Castillo").

42.     The Selected 2013 Photographs B were registered with the United States Copyright Office on July 16, 2015.  See U.S. Copyright Reg. No. VA 1-967-718, Delray Beach Boats, Wind Surfing, and El Castillo,  attached hereto as Composite Exhibit G.

43.     In 2015, AAP created the photograph Toscana Highland Beach sunrise aerial b 2015 AAP ("Toscana Sunrise aerial"), a photograph registered in the collection "Group Registration Photos, Selected 2015 Photographs Part A1 Including Ocean Key, 19331 Riverside Dr, One Watermark, Karen Dr, Oceans Edge and Others, published Mar. 31, 2015 to Aug. 22, 2015; 182 photos," (hereinafter collectively the "Selected 2015 Photographs B").

44.     The Selected 2015 Photographs B were registered with the United States Copyright Office on September 15, 2015.  See U.S. Copyright Reg. No. VA 1-971-919, and Toscana Sunrise aerial,  attached hereto as Composite Exhibit H.

45.     In 2015, AAP created a series of photographs in the collection "Group Registration Photos, Selected 2015 Photographs Part B1 Including 18 Eleuthera, 256 Tradewind, 1404 N Lake Way and Others, published May 20, 2015 to Sep. 29, 2015; 514 photos," (hereinafter collectively the "Selected 2015 Photographs C"), three of which are listed below and at issue in this action:

    a.  Palm Beach Par 3 Golf Course Clubhouse A 2015 AAP ("Palm Beach Golf Course");

    b.  Par 3 Golf putters 2015 AAP ("Palm Beach Golf Putters"); and,

    c.  Par 3 Golf S Palm Beach 2015 AAP ("Par 3 Golf aerial").

46.     The Selected 2015 Photographs C were registered with the United States Copyright Office on October 8, 2015.  See U.S. Copyright Reg. No. VA 1-997-096, Palm Beach Golf Course, Palm Beach Golf Putters, and Par 3 Golf aerial,  attached hereto as Composite Exhibit I.

47.     In 2010, AAP created the photograph Colony Hotel Delray b 2010 AAP ("Colony Hotel"), a photograph registered in the collection "Group Registration Photos, Selected 2010

Photographs Including Waterview Towers, Old Palm Clubhouse and Singer_Island_9, published Feb. 26, 2010 to Dec. 14, 2010; 39 photos," (hereinafter collectively the "Selected 2010 Photographs B").

48.     The Selected 2010 Photographs B were registered with the United States Copyright Office on June 23, 2017.  See U.S. Copyright Reg. No. VA 2-059-014, and Colony Hotel,  attached hereto as Composite Exhibit J.

49.     In 2016, AAP created a series of photographs in the collection "Group Registration Photos, Selected 2016 Photographs Part D1 Including 474 South Beach, 2100 S Ocean Blv, Ibis Isle and Oasis published Jan. 4, 2016 to Nov. 1, 2016; 113 photos" (hereinafter collectively the "Selected 2016 Photographs"), six of which are listed below and at issue in this action:

        a.   Ibis Isle Pool AAP 2016 ("Ibis Isle Pool");

        b.   2170 Ibis Isle b 2016 AAP ("Ibis Isle Front");

        c.   2170 Ibis Isle c 2016 AAP ("Ibis Isle View");

        d.   Ibis Isle Aerial AAP 2016 d ("Ibis Isle aerial 2016 d");

        e.   Ibis Isle Aerial AAP 2016 e ("Ibis Isle aerial 2016 e"); and,

        f.   Ibis Isle gate 2016 AAP ("Ibis Isle Gate").

50.     The Selected 2016 Photographs were registered with the United States Copyright Office on November 8, 2017.  See U.S. Copyright Reg. No. VA 2-075-528, Ibis Isle Pool, Ibis Isle Front, Ibis Isle View, Ibis Isle aerial 2016 d, Ibis Isle aerial 2016 e, and Ibis Isle Gate, attached hereto as Composite Exhibit K.

51.     In 2010, AAP created a series of photographs in the collection "Selected 2010 Photographs H3 Including Mar a Lago, Mirasol, Breakers and Others" (hereinafter collectively the "Selected 2010 Photographs C"), two of which are listed below and at issue in this action:

      a.   Man with his dogs in Delray 2010 AAP ("Delray Man and Dogs"); and,

      b.   Ibis Isle aerial b 2010 AAP ("Ibis Isle aerial 2010").

52.     The Selected 2010 Photographs C were registered with the United States Copyright Office on April 6, 2018.  See U.S. Copyright Reg. No. VA 2-097-651, Delray Man and Dogs, and Ibis Isle aerial 2010,  attached hereto as Composite Exhibit L.

53.     In 2016, AAP created the photograph Camino Gardens park 2 AAP 2016 ("Camino Gardens Park"), a photograph registered in the collection "Selected 2016 Photographs Y22 Including Camino Gardens, Addison Reserve, Valencia Palms and Others," (hereinafter collectively the "Selected 2016 Photographs B").

54.     The Selected 2016 Photographs B were registered with the United States Copyright Office on July 24, 2018.  See U.S. Copyright Reg. No. VA 2-118-212, and Camino Gardens Park,  attached hereto as Composite Exhibit M.

55.     In 2013, AAP created a series of photographs in the collection "Selected 2013 Published Photographs T4 Including 4605 S Ocean and Others," (hereinafter collectively the "Selected 2013 Photographs C"), two of which are listed below and at issue in this action:

      a.   4605 S Ocean Blvd PH C lobby 2013 AAP ("Parker Highland Lobby"); and,

      b.   4605 S Ocean Blvd PH C master bath 2013 AAP ("Parker Highland Master Bathroom").

56.     The Selected 2013 Photographs C were registered with the United States Copyright Office on December 14, 2019.  See U.S. Copyright Reg. No. VA 2-182-921, Parker

Highland Lobby, and Parker Highland Master Bathroom,  attached hereto as Composite Exhibit N.

57.     In 2012, AAP created the photograph Bill Gates Wellington home at dusk 2012 AAP ("Bill Gates Home Dusk"), a photograph registered in the collection "Selected 2012 Photographs AIC Including Emeraude and Others," (hereinafter collectively the "Selected 2012 Photographs").

58.     The Selected 2012 Photographs were registered with the United States Copyright Office on March 26, 2020.  See U.S. Copyright Reg. No. VA 2-201-272, and Bill Gates Home Dusk,  attached hereto as Composite Exhibit O.

59.     In 2005, Robert Stevens created the photograph Ibis Isle aerial 2005 AAP ("Ibis Isle aerial 2005"), a photograph registered in the collection "Selected 2005 Photographs GHY Including Ibis Isle and Admirals Cove," (hereinafter collectively the "Selected 2005 Photographs").

60.     The Selected 2005 Photographs were registered with the United States Copyright Office on March 26, 2020.  See U.S. Copyright Reg. No. VA 2-201-275, and Ibis Isle aerial 2005,  attached hereto as Composite Exhibit P.

61.     The copyrights for Selected 2005 Photographs were later assigned to AAP.  See Assignment, attached hereto as Composite Exhibit D.

62.      All of the individually named photographs in paragraphs 29-61 above are collectively the "Works" at issue in this lawsuit.

## **BACKGROUND FACTS**

63.     Plaintiff Affordable Aerial Photography, Inc. was formed in 2005 by Stevens.

64.     AAP specializes in photographing real estate. The company has photographed some of the world's most expensive properties.

65.     AAP has been hired by celebrities including Celine Dion, Bill Gates, Billy Joel, Tommy Lee Jones, Don King, Greg Norman, Athina Onassis, Mehmet Oz, President Donald Trump, James Patterson, Lilly Pulitzer, Rod Stewart, and others.

66.     Stevens and AAP are well known for their aerial photographs, which are taken from above the ground.

67.     AAP captured many such shots even before the use of drones became widespread. This was accomplished via the use of a tethered helium balloon camera-rigging system which was designed and built by Stevens (the "Balloon System").

68.     This Balloon System has allowed AAP to capture shots that, until the advent of drones, would have been impossible to shoot otherwise.

69.     This unique system had the added benefit of serving as a marketing tool for AAP, and it led to Stevens becoming known locally as "Balloon Bob."

70.     At least five (5) of the Works infringed upon by Defendants were taken by Stevens for AAP using the Balloon System.

71.     The photographs taken by Stevens using this unique Balloon System were independently created by Stevens for AAP using a high degree of creativity, as follows.  First, Stevens had to determine the date, time, and location from which to launch his Balloon System to ensure it headed in the direction required for the photograph desired.  The launch date, time, and location, depended on Stevens analysis of weather conditions, sun position, wind speeds and direction, and the angle from which he wished to take the desired photograph.  Second, once launched Stevens used a set of three adjustable motors on the camera rigging system attached to

the balloon, and a remote video screen in his hand at the other end of the string to set the desired composition of each shot before he began taking multiple photographs via remote trigger. Finally, Stevens reviewed all the photographs to select the very best shots for his clients. Often, those shots were then photoshopped and cropped before becoming the final work distributed to a client via a one-time use license. See Composite Exhibit "Q."

72. The photographs taken by Stevens from a helicopter, using a drone, or using a tripod, were independently created by Stevens for AAP using a high degree of creativity, to compose and shoot the best shots for his clients. Stevens reviewed all the photographs to select the very best shots for his clients. Often, those shots were then photoshopped and cropped before becoming the final work distributed to a client via a one-time use license.

73. AAP sells one-time use licenses to third parties that wish to copy, distribute, and/or display the photos with regard to a specific real property for sale and/or rent.

74. Multiple Listing Services ("MLS") are websites on which real estate professionals can post, and the public can view, information about properties that are available for sale or rent.

75. AAP retains the copyright for photographs Stevens takes as an employee of AAP, and registers those photographs with the United States Copyright Office.

76. The rights in any photos initially registered by Stevens are now owned by AAP via written assignment from Stevens to AAP.

77. As the employer for all of the other Defendants, DOUGLAS ELLIMAN is responsible for the torts committed by them.

78. Even if the other Defendants are treated as independent contractors, DOUGLAS ELLIMAN is still effectively their employer.

79.     In accordance with § 475.42(1)(b), Florida Statutes, a licensed real estate associate may not operate as broker or sales associate for any person not registered as his or her employer.

80.     In accordance with § 475.01(2), Florida Statutes, the terms "employ," "employment," "employer," and "employee" include an independent contractor relationship when such relationship is intended and established between a broker and sales associate. Such a relationship does not relieve a broker of its duties or responsibilities.

81.     Thus, DOUGLAS ELLIMAN is liable for the other Defendants' acts.

82.     All conditions precedent to bringing this action, if any, have occurred or have been performed, waived and/or excused.

## SPECIFIC COUNTS SEEKING AFFIRMATIVE RELIEF

### COUNT I – COPYRIGHT INFRINGEMENT SELECTED 2010 PHOTOGRAPHS
**(U.S. Copyright Reg. No. VA 1-966-132)**
**(Against Defendants DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD)**

83.     AAP adopts and incorporates the allegations of paragraphs 1-28, 29-30 and 62-82 as if fully set forth herein.

84.     AAP owns a valid copyright registration for the Selected 2010 Photographs, three or more of which have been impermissibly copied, displayed, and distributed by Defendants DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD.

85.     Upon information and belief, Defendant HIGGINS is the sole owner, principal, and moving force behind Defendant HIGGINS P.A.

86.     Upon information and belief, Defendant HIGGINS, individually, and as principal of Defendant HIGGINS P.A., has authorized, condoned, directed, and participated in the

decisions to infringe, and to have Defendant HIGGINS P.A. infringe, upon certain of AAP's Works as described below.

87.     Upon information and belief, Defendant ALLSUP is the sole owner, principal, and moving force behind Defendant ALLSUP LLC.

88.     Upon information and belief, Defendant ALLSUP individually, and as principal of Defendant ALLSUP LLC, has authorized, condoned, directed, and participated in the decisions to infringe, and to have Defendant ALLSUP LLC infringe, upon certain of AAP's Works as described below.

89.     AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2010 Photographs.

90.     Defendants DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, have copied, distributed, and/or displayed the Selected 2010 Photographs for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

      a.     DOUGLAS ELLIMAN's and BILL's unauthorized use of Jupiter Lighthouse on the website www.christinabill.com (as depicted in Composite Exhibit "A"):

           i.     Jupiter Lighthouse as posted by Defendants DOUGLAS ELLIMAN and BILL on the www.christinabill.com website was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

   b. DOUGLAS ELLIMAN's, HIGGINS's, AND HIGGINS P.A.'s, unauthorized use of Ocean Blvd aerial a on the website www.seasidepropertiesgroup.com (as depicted in Composite Exhibit "A"):

     i. Ocean Blvd aerial a as posted by Defendants DOUGLAS ELLIMAN HIGGINS, and HIGGINS P.A. on the www.seasidepropertiesgroup.com website was cropped from its original format. The cropping resulted in Plaintiff's copyright notice being removed from the image that was viewable by the public.

   c. DOUGLAS ELLIMAN's, ALLSUP's, ALLSUP LLC's, and BACHRAD's, unauthorized use of Worth Ave Night on a real estate multiple listing service ("MLS") #RX- 10579543, discovered by Plaintiff on January 5, 2020, to promote the sale of 3100 S Ocean Blvd PH605S (as depicted in Composite Exhibit "A"):

     i. Ocean Blvd aerial a as posted by Defendants DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, and BACHRAD, on the MLS #RX- 10579543 was cropped from its original format. The cropping resulted in Plaintiff's copyright notice being removed from the image that was viewable by the public.

91. In violating 17 U.S.C. § 106 et seq., Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

92. Each infringement of AAP's work by Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, constitutes a separate and distinct act of infringement.

93.     Given that the Selected 2010 Photographs infringed upon by Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, were modified to have AAP's copyright management information removed, Defendants were aware that AAP owns the rights to the photos.

94.     Defendants', DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

95.     The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

96.     As a direct and proximate result of Defendants', DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

97.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

98.     In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, be permanently enjoined and restrained after this action from:

       i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

       ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

       iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, created the Selected 2010 Photographs or that Defendants', DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, be required to turn over any Selected 2010 Photographs;

c. Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof

for which Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, have no prior license;

d. AAP recover Defendants', DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, profits as well as the damages sustained by AAP due to Defendants', DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, conduct, including its willfulness;

g. Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, and BACHRAD, be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT II – COPYRIGHT INFRINGEMENT SELECTED 2015 PHOTOGRAPHS
### (U.S. Copyright Reg. No. VA 2-075-526)
### (Against Defendants DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN)

99. AAP adopts and incorporates the allegations of paragraphs 1-28, 31-32 and 62-82 as if fully set forth herein.

100. AAP owns a valid copyright registration for the Selected 2015 Photographs, ten or more of which have been impermissibly copied, displayed, and distributed by Defendants, DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, BACHRAD, MESSING, and GOODWIN.

101. Upon information and belief, Defendant ALLSUP is the sole owner, principal, and moving force behind Defendant ALLSUP LLC.

102. Upon information and belief, Defendant ALLSUP individually, and as principal of Defendant ALLSUP LLC, has authorized, condoned, directed, and participated in the decisions to infringe, and to have Defendant ALLSUP LLC infringe, upon certain of AAP's Works as described below.

103. AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2015 Photographs.

104. Defendants, DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, have copied, distributed, and/or displayed the Selected 2015 Photographs for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

a.     DOUGLAS ELLIMAN's, and NEOPHYTOU's, unauthorized use of Harbour House aerial 3, and Harbour House aerial 6, on a real estate MLS #RX-10522545, discovered by Plaintiff on March 19, 2020 and on www.movoto.com, www.redfin.com, and www.realtor.com, to promote the sale of 2295 S Ocean Blvd 614, which sold for $340,000 (as depicted in Composite Exhibit "B").

i.     Harbour House aerial 3 as published by Defendants DOUGLAS ELLIMAN and NEOPHYTOU was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

ii.     Harbour House aerial 6 as published by Defendants DOUGLAS ELLIMAN and NEOPHYTOU was cropped from its original format and stretched. The cropping and stretching resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public, and materially altered the composition.

b.     DOUGLAS ELLIMAN's, ALLSUP's, ALLSUP LLC's, and BAUER's, unauthorized use of Harbour House aerial 1, Harbour House aerial 3, Harbour House aerial 6, Harbour House Beach Steps, Harbour House Billiards, Harbour House Pool 2, Harbour House Pool 3, and Harbour House Tennis, on a real estate MLS #RX-10568204, discovered by Plaintiff on January 5, 2020, to promote the sale of 2295 S Ocean Blvd 318 (as depicted in Composite Exhibit "B").

i.   Harbour House aerial 1, Harbour House aerial 3, Harbour House aerial 6, and Harbour House Billiards, as published by Defendants DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, and BAUER, was

cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

ii. Harbour House Beach Steps, Harbour House Pool 2, Harbour House Pool 3, and Harbour House Tennis, as published by as published by Defendants DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, and BAUER, appear to still show Plaintiff's copyright notice, evidencing these Defendants' willful use of Plaintiff's copyrighted work with knowledge and without authorization.

c.     DOUGLAS ELLIMAN's, MESSING's, ALLSUP, and ALLSUP LLC's, unauthorized use of Harbour House aerial 1, Harbour House aerial 3, Harbour House aerial 6, Harbour House Beach Steps, Harbour House Billiards, Harbour House Lobby, Harbour House Pool 2, Harbour House Pool 3, and Harbour House Tennis, on a real estate MLS #RX- 10361556, sold for $125,000 on April 27, 2018, discovered by Plaintiff on November 3, 2019, to promote the sale of 2295 S Ocean Blvd 420 (as depicted in Composite Exhibit "B").

i. Harbour House aerial 1, Harbour House aerial 3, Harbour House aerial 6, and Harbour House Billiards, as published by Defendants DOUGLAS ELLIMAN, MESSING, ALLSUP, and ALLSUP LLC, was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

        ii.   Harbour House Beach Steps, Harbour House Pool 2, Harbour House Pool 3, Harbor House Lobby, and Harbour House Tennis, as published by as published by Defendants DOUGLAS ELLIMAN, MESSING, ALLSUP, and ALLSUP LLC, appear to still show Plaintiff's copyright notice, evidencing these Defendants' willful use of Plaintiff's copyrighted work with knowledge and without authorization.

d.     DOUGLAS ELLIMAN's, MESSING's, and GOODWIN's, unauthorized use of Harbour House aerial 4, on a real estate MLS #RX- 10503019, discovered by Plaintiff on October 8, 2020, to promote the sale of 2295 S Ocean Blvd 911 (as depicted in Composite Exhibit "B").

        i.   Harbour House aerial 4, as published by as published by Defendants DOUGLAS ELLIMAN, MESSING, and GOODWIN, appear to still show Plaintiff's copyright notice, evidencing these Defendants' willful use of Plaintiff's copyrighted work with knowledge and without authorization.

        ii.   Harbour House aerial 4 was also posted by Defendants DOUGLAS ELLIMAN, MESSING, and GOODWIN, on www.realtor.com, to promote this same real estate listing.

e.     DOUGLAS ELLIMAN's, ALLSUP's, and ALLSUP LLC's, unauthorized use of Harbour House aerial 1, Harbour House aerial 3, Harbour House aerial 6, Harbour House Beach Steps, Harbour House Pool 2, Harbour House Pool 3, and Harbour House Tennis, on a real estate MLS #RX- 10602815, discovered by Plaintiff on October 8,

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

2020, to promote the sale of 2295 S Ocean Blvd 620 (as depicted in Composite Exhibit "B").

      i.     Harbour House aerial 1, Harbour House aerial 3, Harbour House aerial 6, Harbour House Beach Steps, Harbour House Pool 2, Harbour House Pool 3, and Harbour House Tennis as published by Defendants DOUGLAS ELLIMAN, ALLSUP, and ALLSUP LLC, was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

      ii.    Harbour House aerial 1, Harbour House aerial 3, Harbour House aerial 6, Harbour House Beach Steps, Harbour House Pool 2, Harbour House Pool 3, and Harbour House Tennis was also posted by Defendants DOUGLAS ELLIMAN, ALLSUP, and ALLSUP LLC, on www.movoto.com, to promote this same real estate listing.

      f.     DOUGLAS ELLIMAN's, ALLSUP's, and ALLSUP LLC's, unauthorized use of Harbour House aerial 1, Harbour House aerial 3, Harbour House aerial 6, Harbour House Beach Steps, Harbour House Pool 2, Harbour House Pool 3, and Harbour House Tennis, on a real estate MLS #RX- 10643852, discovered by Plaintiff on October 8, 2020, to promote the sale of 2295 S Ocean Blvd 717 (as depicted in Composite Exhibit "B").

      i.     Harbour House aerial 1, Harbour House aerial 3, Harbour House aerial 6, Harbour House Beach Steps, Harbour House Pool 2, Harbour House Pool 3, and Harbour House Tennis as published by Defendants DOUGLAS ELLIMAN, ALLSUP, and ALLSUP LLC, was cropped from its original format.

The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

ii.      Harbour House aerial 1, Harbour House aerial 3, Harbour House aerial 6, Harbour House Beach Steps, Harbour House Pool 2, Harbour House Pool 3, and Harbour House Tennis was also posted by Defendants DOUGLAS ELLIMAN, ALLSUP, and ALLSUP LLC, on www.estately.com, to promote this same real estate listing.

g.      DOUGLAS ELLIMAN's, ALLSUP's, and ALLSUP LLC's, unauthorized use of Harbour House aerial 1, Harbour House aerial 3, Harbour House aerial 6, Harbour House Beach Steps, Harbour House Pool 2, Harbour House Pool 3, and Harbour House Tennis, on a real estate MLS #RX- 10652435, discovered by Plaintiff on October 8, 2020, to promote the sale of 2295 S Ocean Blvd 811 (as depicted in Composite Exhibit "B").

i.      Harbour House aerial 1, Harbour House aerial 3, Harbour House aerial 6, Harbour House Beach Steps, Harbour House Pool 2, Harbour House Pool 3, and Harbour House Tennis as published by Defendants DOUGLAS ELLIMAN, ALLSUP, and ALLSUP LLC, was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

ii.      Harbour House aerial 1, Harbour House aerial 3, Harbour House aerial 6, Harbour House Beach Steps, Harbour House Pool 2, Harbour House Pool 3, and Harbour House Tennis was also posted by Defendants DOUGLAS

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

ELLIMAN, ALLSUP, and ALLSUP LLC, on www.movoto.com, to promote this same real estate listing.

105.    In violating 17 U.S.C. § 106 et seq., Defendants, DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

106.    Each infringement of AAP's work by Defendants, DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, constitutes a separate and distinct act of infringement.

107.    Given that certain of the Selected 2015 Photographs infringed upon by Defendants, DOUGLAS ELLIMAN, NEOPHYTOU, MESSING, ALLSUP, ALLSUP LLC, and BAUER, were modified to have AAP's copyright management information removed as specified above, Defendants were aware that AAP owns the rights to the photos.

108.    Given that certain of the Selected 2015 Photographs infringed upon by Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, still included AAP's copyright management information when published by Defendants as specified above, Defendants were aware that AAP owns the rights to the photos.

109.    Defendants', DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

110.    The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

111.   As a direct and proximate result of Defendants', DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

112.   AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

113.   In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, be permanently enjoined and restrained after this action from:

i.      Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii.  Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, created the Selected 2015 Photographs or that Defendants', DOUGLAS ELLIMAN, NEOPHYTOU,

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, be required to turn over any Selected 2015 Photographs;

c. Defendants, DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants, DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, have no prior license;

d. AAP recover Defendants', DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, profits as well as the damages sustained by AAP due to Defendants', DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, DOUGLAS ELLIMAN,

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, conduct, including its willfulness;

g. Defendants, DOUGLAS ELLIMAN, NEOPHYTOU, ALLSUP, ALLSUP LLC, BAUER, MESSING, and GOODWIN, be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT III – COPYRIGHT INFRINGEMENT PHOTOSTORE 2008 PHOTOGRAPHS
### (U.S. Copyright Reg. No. VA 1-881-439)
### (Against Defendants DOUGLAS ELLIMAN, and BREWER)

114.    AAP adopts and incorporates the allegations of paragraphs 1-28, 33-35 and 62-82 as if fully set forth herein.

115.    AAP owns a valid copyright registration for the Photostore 2008 Photographs, one or more of which has been impermissibly copied, displayed, and distributed by Defendants DOUGLAS ELLIMAN, and BREWER.

116.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Photostore 2008 Photographs.

117.   Defendants DOUGLAS ELLIMAN, and Brewer, have copied, distributed, and/or displayed the Photostore 2008 Photographs for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

a.   DOUGLAS ELLIMAN's and BREWER's unauthorized use of Mar-a-Lago aerial on video posted to the website www.youtube.com/watch?v=EQVNA-WY-ps (as depicted in Composite Exhibit "C"):

i.   Mar-a-Lago aerial as posted by Defendants, DOUGLAS ELLIMAN and BREWER, on YouTube was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

118.   In violating 17 U.S.C. § 106 et seq., Defendants, DOUGLAS ELLIMAN and BREWER, are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

119.   Each infringement of AAP's work by Defendants, DOUGLAS ELLIMAN and BREWER, constitutes a separate and distinct act of infringement.

120.   Given that the Photostore 2008 Photographs infringed upon by Defendants, DOUGLAS ELLIMAN and BREWER, were modified to have AAP's copyright management information removed, Defendants were aware that AAP owns the rights to the photos.

121.   Defendants', DOUGLAS ELLIMAN and BREWER, infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

122.   The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

123.   As a direct and proximate result of Defendants' DOUGLAS ELLIMAN and BREWER, acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

124.   AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

125.   In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, DOUGLAS ELLIMAN and BREWER, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN and BREWER, be permanently enjoined and restrained after this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, DOUGLAS ELLIMAN and BREWER, created the Photostore 2008 Photographs or that Defendants', DOUGLAS ELLIMAN and BREWER, use, outside of the proper license to use, same is in any way endorsed by AAP.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, DOUGLAS ELLIMAN and BREWER, be required to turn over any Photostore 2008 Photographs;

c. Defendants, DOUGLAS ELLIMAN and BREWER, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN and BREWER, be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants, DOUGLAS ELLIMAN and BREWER, have no prior license;

d. AAP recover Defendants', DOUGLAS ELLIMAN and BREWER, profits as well as the damages sustained by AAP due to Defendants', DOUGLAS ELLIMAN and BREWER, infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, DOUGLAS ELLIMAN and BREWER, be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, DOUGLAS ELLIMAN and BREWER, have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', DOUGLAS ELLIMAN and BREWER, conduct, including its willfulness;

g. Defendants, DOUGLAS ELLIMAN and BREWER, be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT IV – COPYRIGHT INFRINGEMENT PRADO PHOTOGRAPHS
### (U.S. Copyright Reg. No. VA 1-945-697)
### (Against Defendants DOUGLAS ELLIMAN, and MCPHERSON)

126.    AAP adopts and incorporates the allegations of paragraphs 1-28, 36-37, and 62-82 as if fully set forth herein.

127.    AAP owns a valid copyright registration for the Prado Photographs, one or more of which has been impermissibly copied, displayed, and distributed by Defendants, DOUGLAS ELLIMAN, and MCPHERSON.

128.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Prado Photographs.

129.    Defendants, DOUGLAS ELLIMAN, and MCPHERSON, have copied, distributed, and/or displayed the Prado Photographs for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

a.    DOUGLAS ELLIMAN's, and MCPHERSON's, unauthorized use of Prado aerial, on a real estate MLS #RX- 10431763, discovered by Plaintiff on November 29, 2019, and on the DOUGLAS ELLIMAN website, to promote the rental of 600 S. Dixie Hwy, #808, which rented for $1,800 (as depicted in Composite Exhibit "E").

      b.   DOUGLAS ELLIMAN's, and MCPHERSON's, unauthorized use of Prado aerial, on a real estate MLS #RX- 10524605, discovered by Plaintiff on November 29, 2019, and on the DOUGLAS ELLIMAN website, to promote the rental of 600 S. Dixie Hwy, #808 (as depicted in Composite Exhibit "E").

130.    In violating 17 U.S.C. § 106 et seq., Defendants, DOUGLAS ELLIMAN, and MCPHERSON, are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

131.    Each infringement of AAP's work by Defendants, DOUGLAS ELLIMAN, and MCPHERSON, constitutes a separate and distinct act of infringement.

132.    Given that certain of the Prado Photographs infringed upon by Defendants, DOUGLAS ELLIMAN, and MCPHERSON, included AAP's copyright management information Defendants were aware that AAP owns the rights to the photos.

133.    Defendants', DOUGLAS ELLIMAN, and MCPHERSON, infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

134.    The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

135.    As a direct and proximate result of Defendants', DOUGLAS ELLIMAN, and MCPHERSON, acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

136.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

137.    In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, DOUGLAS ELLIMAN, and MCPHERSON, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, and MCPHERSON, be permanently enjoined and restrained after this action from:

      i.     Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

      ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

      iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, DOUGLAS ELLIMAN, and MCPHERSON, created the Prado Photographs or that Defendants', DOUGLAS ELLIMAN, and MCPHERSON, use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, DOUGLAS ELLIMAN, and MCPHERSON, be required to turn over any Prado Photographs;

c. Defendants, DOUGLAS ELLIMAN, and MCPHERSON, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, and MCPHERSON, be required to deliver up for destruction all physical products in their possession bearing AAP's

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

copyrights or any colorable imitation thereof for which Defendants, DOUGLAS ELLIMAN, and MCPHERSON, have no prior license;

d. AAP recover Defendants', DOUGLAS ELLIMAN, and MCPHERSON, profits as well as the damages sustained by AAP due to Defendants', DOUGLAS ELLIMAN, and MCPHERSON, infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, DOUGLAS ELLIMAN, and MCPHERSON, be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, DOUGLAS ELLIMAN, and MCPHERSON, have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', DOUGLAS ELLIMAN, and MCPHERSON, conduct, including its willfulness;

g. Defendants, DOUGLAS ELLIMAN, and MCPHERSON, be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

**COUNT V – COPYRIGHT INFRINGEMENT SELECTED 2013 PHOTOGRAPHS**
**(U.S. Copyright Reg. No. VA 1-947-093)**
**(Against Defendants DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER)**

138.    AAP adopts and incorporates the allegations of paragraphs 1-28, 38-40, and 62-82 as if fully set forth herein.

139.    AAP owns a valid copyright registration for the Selected 2013 Photographs, two or more of which have been impermissibly copied, displayed, and distributed by Defendants, DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER.

140.    Upon information and belief, Defendant LECAVALIER is the sole owner, principal, and moving force behind Defendant LECAVALIER PLLC.

141.    Upon information and belief, Defendant LECAVALIER individually, and as principal of Defendant LECAVALIER PLLC, has authorized, condoned, directed, and participated in the decisions to infringe, and to have Defendant LECAVALIER PLLC infringe, upon certain of AAP's Works as described below.

142.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2013 Photographs.

143.    Defendants, DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, have copied, distributed, and/or displayed the Selected 2013 Photographs for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

    a.  DOUGLAS ELLIMAN's, and TANSEY's, unauthorized use of Parker Highland aerial on the website www.luxurylivingmiami.com (as depicted in Composite Exhibit "F").

        i.  Parker Highland aerial as published by Defendants DOUGLAS ELLIMAN and TANSEY was stretched from its original format which materially altered the composition.

      ii. Parker Highland aerial as published by Defendants DOUGLAS ELLIMAN and TANSEY included AAP's copyright notice.

b. DOUGLAS ELLIMAN's, and LIST's, unauthorized use of Parker Highland aerial, and Parker Highland Gym on a real estate MLS # 10281410, discovered by Plaintiff October 31, 2019, and on the DOUGLAS ELLIMAN website,  to promote the sale of 4605 S Ocean Blvd, #7a (as depicted in Composite Exhibit "F").

      i. Parker Highland aerial as published by Defendants DOUGLAS ELLIMAN and LIST was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

      ii. Parker Highland Gym as published by Defendants DOUGLAS ELLIMAN and LIST still shows Plaintiff's copyright notice.

c. DOUGLAS ELLIMAN's, LECAVALIER PLLC's and LECAVALIER's, unauthorized use of Parker Highland aerial on the website www.pinkpalm.com and on the Pink Palm Instagram account (as depicted in Composite Exhibit "F").

      i. Parker Highland aerial as published by Defendants DOUGLAS ELLIMAN, LECAVALIER PLLC, and LECAVALIER, was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

144.    In violating 17 U.S.C. § 106 et seq., Defendants, DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

145.    Each infringement of AAP's work by Defendants, DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, constitutes a separate and distinct act of infringement.

146.    Given that certain of the Selected 2013 Photographs infringed upon by Defendants, DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, were modified to have AAP's copyright management information removed as specified above, Defendants were aware that AAP owns the rights to the photos.

147.    Given that certain of the Selected 2013 Photographs infringed upon by Defendants, DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, still included AAP's copyright management information when published by Defendants as specified above, Defendants were aware that AAP owns the rights to the photos.

148.    Defendants', DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

149.    The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

150.    As a direct and proximate result of Defendants', DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

151.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

152.    In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, be permanently enjoined and restrained after this action from:

i.    Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii.   Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, created the Selected 2013 Photographs or that Defendants', DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, be required to turn over any Selected 2013 Photographs;

c. Defendants, DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants, DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, have no prior license;

d. AAP recover Defendants', DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, profits as well as the damages sustained by AAP due to Defendants', DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, have complied with the terms of the permanent injunction;

THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, conduct, including its willfulness;

g. Defendants, DOUGLAS ELLIMAN, TANSEY, LIST, LECAVALIER PLLC, and LECAVALIER, be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT VI – COPYRIGHT INFRINGEMENT SELECTED 2013 PHOTOGRAPHS B
### (U.S. Copyright Reg. No. VA 1-967-718)
### (Against Defendants DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A.)

153.    AAP adopts and incorporates the allegations of paragraphs 1-28, 41-42, and 62-82 as if fully set forth herein.

154.    AAP owns a valid copyright registration for the Selected 2013 Photographs B, three or more of which have been impermissibly copied, displayed, and distributed by Defendants, DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A.

155.    Upon information and belief, Defendant HIGGINS is the sole owner, principal, and moving force behind Defendant HIGGINS P.A.

156.    Upon information and belief, Defendant HIGGINS individually, and as principal of Defendant HIGGINS P.A., has authorized, condoned, directed, and participated in the

decisions to infringe, and to have Defendant HIGGINS P.A. infringe, upon certain of AAP's Works as described below.

157.   Upon information and belief, Defendant COZ is the sole owner, principal, and moving force behind Defendant COZ P.A.

158.   Upon information and belief, Defendant COZ individually, and as principal of Defendant COZ P.A., has authorized, condoned, directed, and participated in the decisions to infringe, and to have Defendant COZ P.A. infringe, upon certain of AAP's Works as described below.

159.   AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2013 Photographs B.

160.   Defendants, DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., have copied, distributed, and/or displayed the Selected 2013 Photographs B for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

     a.   DOUGLAS ELLIMAN's, HIGGINS's, and HIGGINS P.A.'s, unauthorized use of El Castillo on the website www.seasidepropertiesgroup.com (as depicted in Composite Exhibit "G").

        i.   El Castillo as published by Defendants DOUGLAS ELLIMAN, HIGGINS, and HIGGINS P.A., was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

b. DOUGLAS ELLIMAN's, MESSING's, COZ's, and COZ P.A.'s, unauthorized use of Delray Beach Boats, and Wind Surfing on a real estate MLS # 10528699, discovered by Plaintiff November 3 2019, to promote the sale of 105 George Bush Blvd., sold for $335,000 (as depicted in Composite Exhibit "G").

i. Delray Beach Boats, and Wind Surfing, as published by Defendants DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., still shows Plaintiff's copyright notice.

161. In violating 17 U.S.C. § 106 et seq., Defendants, DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

162. Each infringement of AAP's work by Defendants, DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., constitutes a separate and distinct act of infringement.

163. Given that certain of the Selected 2013 Photographs B infringed upon by Defendants, DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., were modified to have AAP's copyright management information removed as specified above, Defendants were aware that AAP owns the rights to the photos.

164. Given that certain of the Selected 2013 Photographs B infringed upon by Defendants, DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., still included AAP's copyright management information when published by Defendants as specified above, Defendants were aware that AAP owns the rights to the photos.

165.    Defendants', DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

166.    The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

167.    As a direct and proximate result of Defendants', DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

168.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

169.    In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., be permanently enjoined and restrained after this action from:

i.    Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii.   Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and,

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., created the Selected 2013 Photographs B or that Defendants', DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., be required to turn over any Selected 2013 Photographs B;

c. Defendants, DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants, DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., have no prior license;

d. AAP recover Defendants', DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., profits as well as the damages sustained by AAP due to Defendants', DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., be required in accordance with 15 U.S.C § 1116 to file with the

Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., conduct, including its willfulness;

g. Defendants, DOUGLAS ELLIMAN, HIGGINS, HIGGINS P.A., MESSING, COZ, and COZ P.A., be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded actual damages, pursuant to the Copyright Act, where applicable;

i. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation, where applicable; and

j. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

### COUNT VII– COPYRIGHT INFRINGEMENT SELECTED 2015 PHOTOGRAPHS B
#### (U.S. Copyright Reg. No. VA 1-971-919)
#### (Against Defendants DOUGLAS ELLIMAN, and LIST)

170.     AAP adopts and incorporates the allegations of paragraphs 1-28, 43-44, and 62-82 as if fully set forth herein.

171.     AAP owns a valid copyright registration for the Selected 2015 Photographs B, one or more of which have been impermissibly copied, displayed, and distributed by Defendants, DOUGLAS ELLIMAN, and LIST.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

172.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2015 Photographs B.

173.    Defendants, DOUGLAS ELLIMAN, and LIST, have copied, distributed, and/or displayed the Selected 2015 Photographs B for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

   a.    DOUGLAS ELLIMAN's, and LIST's, unauthorized use of Toscana Sunrise aerial on a real estate MLS # 10420799, discovered by Plaintiff June 27, 2018, and on the DOUGLAS ELLIMAN website, to promote the sale of 3700 S. Ocean Blvd., #903 (as depicted in Composite Exhibit "H").

      i.    Toscana Sunrise aerial as published by Defendants DOUGLAS ELLIMAN, and LIST, still shows Plaintiff's copyright notice.

174.    On or about July 6, 2018, AAP made Defendant DOUGLAS ELLIMAN and third-party Realtors of the Palm Beaches and Greater Fort Lauderdale ("RAPB+GFLR") aware of the infringement.

175.    Thereafter, Toscana Sunrose aerial was removed from MLS # 10420799, but Defendants DOUGLAS ELLIMAN, nor LIST, ever resolved the issue of the infringement from April 6, 2018 to July 6, 2018.  Further, as is evident throughout this Complaint, DOUGLAS ELLIMAN, and its agents, including LIST, continued to infringe upon many many other of AAP's works with willful disregard for their authorship.

176.    In violating 17 U.S.C. § 106 et seq., Defendants, DOUGLAS ELLIMAN, and LIST, are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

177.   Each infringement of AAP's work by Defendants, DOUGLAS ELLIMAN, and LIST, constitutes a separate and distinct act of infringement.

178.   Given that the Selected 2013 Photographs B infringed upon by Defendants, DOUGLAS ELLIMAN, and LIST, still included AAP's copyright management information when published by Defendants as specified above, Defendants were aware that AAP owns the rights to the photos.

179.   Defendants', DOUGLAS ELLIMAN, and LIST, infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

180.   The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

181.   As a direct and proximate result of Defendants', DOUGLAS ELLIMAN, and LIST, acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

182.   AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

183.   In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants DOUGLAS ELLIMAN, and LIST, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, and LIST, be permanently enjoined and restrained after this action from:

i.      Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii.  Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and,

iii.  Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, DOUGLAS ELLIMAN, and LIST., created the Selected 2015 Photographs B or that Defendants', DOUGLAS ELLIMAN, and LIST, use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, DOUGLAS ELLIMAN, and LIST, be required to turn over any Selected 2015 Photographs B;

c. Defendants, DOUGLAS ELLIMAN, and LIST, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants DOUGLAS ELLIMAN, and LIST, be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants, DOUGLAS ELLIMAN, and LIST, have no prior license;

d. AAP recover Defendants', DOUGLAS ELLIMAN, and LIST, profits as well as the damages sustained by AAP due to Defendants', DOUGLAS ELLIMAN, and LIST, infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, DOUGLAS ELLIMAN, and LIST, be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, DOUGLAS ELLIMAN, and LIST, have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', DOUGLAS ELLIMAN, and LIST, conduct, including its willfulness;

g. Defendants, DOUGLAS ELLIMAN, and LIST, be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT VIII – COPYRIGHT INFRINGEMENT SELECTED 2015 PHOTOGRAPHS C
### (U.S. Copyright Reg. No. VA 1-997-096)
### (Against Defendants DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED)

184.     AAP adopts and incorporates the allegations of paragraphs 1-28, 45-46, and 62-82 as if fully set forth herein.

185.     AAP owns a valid copyright registration for the Selected 2015 Photographs C, three or more of which have been impermissibly copied, displayed, and distributed by Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED.

186.     Upon information and belief, Defendant ALLSUP is the sole owner, principal, and moving force behind Defendant ALLSUP LLC.

187.    Upon information and belief, Defendant ALLSUP individually, and as principal of Defendant ALLSUP LLC, has authorized, condoned, directed, and participated in the decisions to infringe, and to have Defendant ALLSUP LLC infringe, upon certain of AAP's Works as described below.

188.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2015 Photographs C.

189.    Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, have copied, distributed, and/or displayed the Selected 2015 Photographs C for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

a.    DOUGLAS ELLIMAN's, ALLSUP's, ALLSUP LLC's, and BACHRAD's, unauthorized use of Palm Beach Golf Course, and Palm Beach Golf Putters on a real estate MLS # 10579543, discovered by Plaintiff January 5, 2020, to promote the sale of 3100 S. Ocean Blvd, PH605S (as depicted in Composite Exhibit "I").

i.    Palm Beach Golf Course, and Palm Beach Golf Putters, as published by Defendants DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, and BACHRAD, were cropped from their original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

b.    DOUGLAS ELLIMAN's, ALLSUP's, ALLSUP LLC's, and BAUER's, unauthorized use of Palm Beach Golf Course, and Palm Beach Golf Putters on a real

estate MLS # 10568204, date of discovery by Plaintiff January 5, 2020, to promote the sale of 2295 S. Ocean Blvd, #318 (as depicted in Composite Exhibit "I").

       i.      Palm Beach Golf Course, and Palm Beach Golf Putters, as published by Defendants DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, and BAUER, were cropped from their original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

       c.      DOUGLAS ELLIMAN's, MESSING's, and GOTTFRIED's, unauthorized use of Palm Beach Golf Course, and Palm Beach Golf Putters on a real estate MLS # 10507027, discovered by Plaintiff November 3, 2019, to promote the sale of 2263 Ibis Isle Road E, sold for $1.212 million (as depicted in Composite Exhibit "I").

       i.      Palm Beach Golf Course, and Palm Beach Golf Putters, as published by Defendants DOUGLAS ELLIMAN, MESSING, and GOTTFRIED, were cropped from their original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

       d.      DOUGLAS ELLIMAN's, ALLSUP's, ALLSUP LLC's, and MESSING's, unauthorized use of Palm Beach Golf Course, and Palm Beach Golf Putters on a real estate MLS # 10361556, discovered by Plaintiff November 3, 2019, to promote the sale of 2295 S. Ocean Blvd., #420 sold April 27, 2018 for $125,000 (as depicted in Composite Exhibit "I").

       i.      Palm Beach Golf Course, and Palm Beach Golf Putters, as published by Defendants DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, and

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

MESSING, were cropped from their original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

  e.  DOUGLAS ELLIMAN's, MESSING's, and GOTTFRIED's, unauthorized use of Par 3 Golf aerial on Gottfried Wenzel Douglas Elliman website's "Contact Us" page (as depicted in Composite Exhibit "I").

    i. Par 3 Golf aerial as published by Defendants DOUGLAS ELLIMAN, MESSING, and GOTTFRIED, was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

  f.  DOUGLAS ELLIMAN's, ALLSUP's, and ALLSUP LLC's, unauthorized use of Palm Beach Golf Course, and Palm Beach Golf Putters, on a real estate MLS #RX-10602815, discovered by Plaintiff on October 8, 2020, to promote the sale of 2295 S Ocean Blvd 620 (as depicted in Composite Exhibit "I").

    i. Palm Beach Golf Course, and Palm Beach Golf Putters, as published by Defendants DOUGLAS ELLIMAN, ALLSUP, and ALLSUP LLC, was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

    ii. Palm Beach Golf Course, and Palm Beach Golf Putters was also posted by Defendants DOUGLAS ELLIMAN, ALLSUP, and ALLSUP LLC, on www.movoto.com, to promote this same real estate listing.

g.      DOUGLAS ELLIMAN's, ALLSUP's, and ALLSUP LLC's, unauthorized use of Palm Beach Golf Course, and Palm Beach Golf Putters, on a real estate MLS #RX-10643852, discovered by Plaintiff on October 8, 2020, to promote the sale of 2295 S Ocean Blvd 717 (as depicted in Composite Exhibit "I").

　　　　　i.      Palm Beach Golf Course, and Palm Beach Golf Putters, as published by Defendants DOUGLAS ELLIMAN, ALLSUP, and ALLSUP LLC, was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

　　　　　ii.      Palm Beach Golf Course, and Palm Beach Golf Putters was also posted by Defendants DOUGLAS ELLIMAN, ALLSUP, and ALLSUP LLC, on www.estately.com, to promote this same real estate listing.

h.      DOUGLAS ELLIMAN's, ALLSUP's, and ALLSUP LLC's, unauthorized use of Palm Beach Golf Course, and Palm Beach Golf Putters, on a real estate MLS #RX-10652435, discovered by Plaintiff on October 8, 2020, to promote the sale of 2295 S Ocean Blvd 811 (as depicted in Composite Exhibit "I").

　　　　　i.      Palm Beach Golf Course, and Palm Beach Golf Putters, as published by Defendants DOUGLAS ELLIMAN, ALLSUP, and ALLSUP LLC, was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

ii.      Palm Beach Golf Course, and Palm Beach Golf Putters was also posted by Defendants DOUGLAS ELLIMAN, ALLSUP, and ALLSUP LLC, on www.movoto.com, to promote this same real estate listing.

190.    In violating 17 U.S.C. § 106 et seq., Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

191.    Each infringement of AAP's work by Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, constitutes a separate and distinct act of infringement.

192.    Given that certain of the Selected 2015 Photographs C infringed upon by Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, were modified to have AAP's copyright management information removed as specified above, Defendants were aware that AAP owns the rights to the photos.

193.    Defendants', DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

194.    The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

195.    As a direct and proximate result of Defendants', DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

196.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

197.    In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, be permanently enjoined and restrained after this action from:

i.    Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii.    Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and,

iii.    Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, created the Selected 2015 Photographs C or that Defendants', DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, be required to turn over any Selected 2015 Photographs C;

c. Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, have no prior license;

d. AAP recover Defendants', DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, profits as well as the damages sustained by AAP due to Defendants', DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, conduct, including its willfulness;

g. Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, BACHRAD, BAUER, MESSING, and GOTTFRIED, be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation, where applicable; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

### COUNT IX– COPYRIGHT INFRINGEMENT SELECTED 2010 PHOTOGRAPHS B
**(U.S. Copyright Reg. No. VA 2-059-014)**
**(Against Defendants DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A.)**

198. AAP adopts and incorporates the allegations of paragraphs 1-28, 47-48, and 62-82 as if fully set forth herein.

199. Upon information and belief, Defendant COZ is the sole owner, principal, and moving force behind Defendant COZ P.A.

200. Upon information and belief, Defendant COZ individually, and as principal of Defendant COZ P.A., has authorized, condoned, directed, and participated in the decisions to infringe, and to have Defendant COZ P.A. infringe, upon certain of AAP's Works as described below.

201. AAP owns a valid copyright registration for the Selected 2010 Photographs B, one or more of which have been impermissibly copied, displayed, and distributed by Defendants, DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A.

202. AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2010 Photographs B.

203.    Defendants, DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., have copied, distributed, and/or displayed the Selected 2010 Photographs B for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

    a.  DOUGLAS ELLIMAN's, MESSING's, COZ's, and COZ P.A.'s, unauthorized use of Colony Hotel on a real estate MLS # 10528699, date of discovery by Plaintiff November 3, 2019, to promote the sale of 105 George Bush Blvd, which sold for $335,000 (as depicted in Composite Exhibit "J").

        i.  Colony Hotel as published by Defendants DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., still shows Plaintiff's copyright notice.

204.    In violating 17 U.S.C. § 106 et seq., Defendants, DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

205.    Each infringement of AAP's work by Defendants, DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., constitutes a separate and distinct act of infringement.

206.    Given that the Selected 2010 Photographs B infringed upon by Defendants, DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., still included AAP's copyright management information when published by Defendants as specified above, Defendants were aware that AAP owns the rights to the photos.

207.    Defendants', DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

208.    The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

209.    As a direct and proximate result of Defendants', DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

210.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

211.    In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., be permanently enjoined and restrained after this action from:

i.    Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii.    Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and,

iii.    Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., created the Selected 2010 Photographs B or that Defendants', DOUGLAS

ELLIMAN, MESSING, COZ, and COZ P.A., use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., be required to turn over any Selected 2010 Photographs B;

c. Defendants, DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants, DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., have no prior license;

d. AAP recover Defendants', DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., profits as well as the damages sustained by AAP due to Defendants', DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., conduct, including its willfulness;

g. Defendants, DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT X – COPYRIGHT INFRINGEMENT SELECTED 2016 PHOTOGRAPHS
### (U.S. Copyright Reg. No. VA 2-075-528)
### (Against Defendants DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC)

212.     AAP adopts and incorporates the allegations of paragraphs 1-28, 49-50, and 62-82 as if fully set forth herein.

213.     AAP owns a valid copyright registration for the Selected 2016 Photographs, six or more of which have been impermissibly copied, displayed, and distributed by Defendants, DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC.

214.     Upon information and belief, Defendant ALLSUP is the sole owner, principal, and moving force behind Defendant ALLSUP LLC.

215.     Upon information and belief, Defendant ALLSUP individually, and as principal of Defendant ALLSUP LLC, has authorized, condoned, directed, and participated in the

decisions to infringe, and to have Defendant ALLSUP LLC infringe, upon certain of AAP's Works as described below.

216.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2016 Photographs.

217.    Defendants, DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, have copied, distributed, and/or displayed the Selected 2016 Photographs for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

a.    DOUGLAS ELLIMAN's, HARRIS's, and GAINES's, unauthorized use of Ibis Isle aerial 2016 e on a real estate MLS # 10532342, date of discovery by Plaintiff January 5, 2020, and on the Douglas Elliman website, www.zillow.com, www.redfin.com, www.movoto.com, and propertypanorama.com, to promote the sale of 2150 Ibis Isle Road 0080 (as depicted in Composite Exhibit "K").

i.    Ibis Isle aerial 2016 e, as published by Defendants DOUGLAS ELLIMAN, HARRIS, and GAINES, still shows Plaintiff's copyright notice.

b.    DOUGLAS ELLIMAN's, and MESSING's, unauthorized use of Ibis Isle Pool, Ibis Isle Front, Ibis Isle aerial 2016 d, and Ibis Isle Gate on a real estate MLS # 10445524, date of discovery by Plaintiff November 3, 2019, to promote the sale of 2170 Ibis Isle Road 2 (as depicted in Composite Exhibit "K").

i.    Ibis Isle Front, as published by Defendants DOUGLAS ELLIMAN, and MESSING, was cropped from its original format. The cropping

resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

      ii.     Ibis Isle Pool, Ibis Isle aerial 2016 d, and Ibis Isle Gate, as published by Defendants DOUGLAS ELLIMAN, HARRIS, and GAINES, still shows Plaintiff's copyright notice.

    c.     DOUGLAS ELLIMAN's, MESSING's, and GOODWIN's, unauthorized use of Ibis Isle Pool, on a real estate MLS # 10508133, date of discovery by Plaintiff November 3, 2019, to promote the sale of 2185 Ibis Isle Road 12 (as depicted in Composite Exhibit "K").

      i.     Ibis Isle Pool, as published by Defendants DOUGLAS ELLIMAN, MESSING, and GOODWIN, still shows Plaintiff's copyright notice.

    d.     DOUGLAS ELLIMAN's, MESSING's, and GOTTFRIED's, unauthorized use of Ibis Isle Pool, Ibis Isle aerial 2016 d, and Ibis Isle aerial 2016 e on a real estate MLS # 10477318, date of discovery by Plaintiff November 3, 2019, to promote the sale of 2160 Ibis Road 5 (as depicted in Composite Exhibit "K").

      i.     Ibis Isle Pool, Ibis Isle aerial 2016 d, and Ibis Isle aerial e, as published by Defendants DOUGLAS ELLIMAN, MESSING, and GOTTFRIED, still shows Plaintiff's copyright notice.

    e.     DOUGLAS ELLIMAN's, MESSING's, ALLSUP's, and ALLSUP LLC's, unauthorized use of Ibis Isle aerial 2016 d, and Ibis Isle aerial e, Ibis Isle Front, and Ibis Isle View on a real estate MLS # 10367191, date of discovery by Plaintiff November 9, 2019, to promote the sale of 2170 Ibis Isle Road 2 (as depicted in Composite Exhibit "K").

i.      Ibis Isle Front, as published by Defendants DOUGLAS ELLIMAN, MESSING, ALLSUP, and ALLSUP LLC, was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

ii.      Ibis Isle aerial 2016 d, and Ibis Isle aerial e, and Ibis Isle View, as published by Defendants DOUGLAS ELLIMAN, MESSING, ALLSUP, and ALLSUP LLC, still shows Plaintiff's copyright notice.

f.      DOUGLAS ELLIMAN's, MESSING's, and GOTTFRIED's, unauthorized use of Ibis Isle Pool on a real estate MLS # 10504746, date of discovery by Plaintiff November 3, 2019, to promote the sale of 2150 Ibis Isle Road Tower Suite West (as depicted in Composite Exhibit "K").

i.      Ibis Isle Pool, as published by Defendants DOUGLAS ELLIMAN, MESSING, and GOTTFRIED, still shows Plaintiff's copyright notice.

g.      DOUGLAS ELLIMAN's, MESSING's, and GOTTFRIED's, unauthorized use of Ibis Isle Pool, Ibis Isle aerial 2016 d, and Ibis Isle aerial 2016 e on a real estate MLS # 10647559, date of discovery by Plaintiff October 26, 2020, to promote the sale of 2160 Ibis Road 5; this property has a sale pending (as depicted in Composite Exhibit "K").

i.      Ibis Isle Pool, Ibis Isle aerial 2016 d, and Ibis Isle aerial e, as published by Defendants DOUGLAS ELLIMAN, MESSING, and GOTTFRIED, still shows Plaintiff's copyright notice.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

h. DOUGLAS ELLIMAN's, MESSING's, and GOTTFRIED's, unauthorized use of Ibis Isle Pool on a real estate MLS # 10612495, date of discovery by Plaintiff October 26, 2020, to promote the sale of 2195 Ibis Road 6; which rented for $5,500 (as depicted in Composite Exhibit "K").

i. Ibis Isle Pool, as published by Defendants DOUGLAS ELLIMAN, MESSING, and GOTTFRIED, still shows Plaintiff's copyright notice.

218. In violating 17 U.S.C. § 106 et seq., Defendants, DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

219. Each infringement of AAP's work by Defendants, DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, constitutes a separate and distinct act of infringement.

220. Given that certain of the Selected 2016 Photographs infringed upon by Defendants, DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, were modified to have AAP's copyright management information removed as specified above, Defendants were aware that AAP owns the rights to the photos.

221. Given that certain of the Selected 2016 Photographs infringed upon by Defendants, DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, still included AAP's copyright management information when published by Defendants as specified above, Defendants were aware that AAP owns the rights to the photos.

222. Defendants', DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

223. The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

224. As a direct and proximate result of Defendants', DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

225. AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

226. In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, be permanently enjoined and restrained after this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and,

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, created the Selected 2016 Photographs or that Defendants', DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, be required to turn over any Selected 2016 Photographs;

c. Defendants, DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants, DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, have no prior license;

d. AAP recover Defendants', DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, profits as well as the damages sustained by AAP due to Defendants', DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, conduct, including its willfulness;

g. Defendants, DOUGLAS ELLIMAN, HARRIS, GAINES, MESSING, GOODWIN, GOTTFRIED, ALLSUP, and ALLSUP LLC, be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation, where applicable; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT XI – COPYRIGHT INFRINGEMENT SELECTED 2010 PHOTOGRAPHS C
### (U.S. Copyright Reg. No. VA 2-097-651)

**(Against Defendants DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A.)**

227.    AAP adopts and incorporates the allegations of paragraphs 1-28, 51-52, and 62-82 as if fully set forth herein.

228.    AAP owns a valid copyright registration for the Selected 2010 Photographs C, two or more of which have been impermissibly copied, displayed, and distributed by Defendants, DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A.

229.    Upon information and belief, Defendant COZ is the sole owner, principal, and moving force behind Defendant COZ P.A.

230.    Upon information and belief, Defendant COZ individually, and as principal of Defendant COZ P.A., has authorized, condoned, directed, and participated in the decisions to infringe, and to have Defendant COZ P.A. infringe, upon certain of AAP's Works as described below.

231.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2010 Photographs C.

232.    Defendants, DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., have copied, distributed, and/or displayed the Selected 2010 Photographs C for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

a.      DOUGLAS   ELLIMAN's,   MESSING's,   and   GOTTFRIED's, unauthorized use of Ibis Isle aerial 2010 on a real estate MLS # 10504746, date of discovery by Plaintiff November 3, 2019, to promote the sale of 2150 Ibis Isle Road, Tower Suite West (as depicted in Composite Exhibit "L").

       i.      Ibis Isle aerial 2010, as published by Defendants DOUGLAS ELLIMAN, MESSING, and GOTTFRIED, still shows Plaintiff's copyright notice.

    b.     DOUGLAS ELLIMAN's, MESSING's, COZ's, and COZ P.A.'s, unauthorized use of Delray Man and Dogs on a real estate MLS # 10528699, date of discovery by Plaintiff November 3, 2019, to promote the sale of 105 George Bush Blvd., sold for $335,000 (as depicted in Composite Exhibit "L").

       i.      Delray Man and Dogs, as published by Defendants DOUGLAS ELLIMAN, MESSING, COZ, and COZ P.A., still shows Plaintiff's copyright notice.

    c.     DOUGLAS ELLIMAN's, MESSING's, and GOTTFRIED's, unauthorized use of Ibis Isle aerial 2010 on a real estate MLS # 10612495, date of discovery by Plaintiff October 26, 2020, to promote the sale of 2195 Ibis Road 6; which rented for $5,500 (as depicted in Composite Exhibit "L").

       i.      Ibis Isle aerial 2010, as published by Defendants DOUGLAS ELLIMAN, MESSING, and GOTTFRIED, still shows Plaintiff's copyright notice.

233.    In violating 17 U.S.C. § 106 et seq., Defendants, DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

234.    Each infringement of AAP's work by Defendants, DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., constitutes a separate and distinct act of infringement.

235.    Given that the Selected 2010 Photographs C infringed upon by Defendants, DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., still included AAP's copyright management information when published by Defendants as specified above, Defendants were aware that AAP owns the rights to the photos.

236.    Defendants', DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

237.    The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

238.    As a direct and proximate result of Defendants', DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

239.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

240.    In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., be permanently enjoined and restrained after this action from:

       i.     Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

       ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and,

       iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., created the Selected 2010 Photographs C or that Defendants', DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., be required to turn over any Selected 2010 Photographs C;

c. Defendants, DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants, DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., have no prior license;

d. AAP recover Defendants', DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., profits as well as the damages sustained by AAP due to

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

Defendants', DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., conduct, including its willfulness;

g. Defendants, DOUGLAS ELLIMAN, MESSING, GOTTFRIED, COZ, and COZ P.A., be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation, where applicable; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT XII – COPYRIGHT INFRINGEMENT SELECTED 2016 PHOTOGRAPHS B
### (U.S. Copyright Reg. No. VA 2-118-212)
### (Against Defendants DOUGLAS ELLIMAN, LIST, and CHOUVALIS)

241.    AAP adopts and incorporates the allegations of paragraphs 1-28, 53-54, and 62-82 as if fully set forth herein.

242.    AAP owns a valid copyright registration for the Selected 2016 Photographs B, two or more of which have been impermissibly copied, displayed, and distributed by Defendants, DOUGLAS ELLIMAN, LIST and CHOUVALIS.

243.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2016 Photographs B.

244.    Defendants, DOUGLAS ELLIMAN, LIST and CHOUVALIS, have copied, distributed, and/or displayed the Selected 2016 Photographs B for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

    a.    DOUGLAS ELLIMAN's, LIST's and CHOUVALIS's, unauthorized use of Camino Gardens Park on a real estate MLS # 10441957, and on www.zillow.com, www.trulia.com, date of discovery by Plaintiff October 31, 2019, to promote the sale of 990 Tamarind Way (as depicted in Composite Exhibit "M").

        i.    Camino Gardens Park, as published by Defendants DOUGLAS ELLIMAN, LIST, CHOUVALIS, still shows Plaintiff's copyright notice.

245.    In violating 17 U.S.C. § 106 et seq., Defendants, DOUGLAS ELLIMAN, LIST and CHOUVALIS, are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

246.    Each infringement of AAP's work by Defendants, DOUGLAS ELLIMAN, LIST and CHOUVALIS, constitutes a separate and distinct act of infringement.

247.    Given that the Selected 2016 Photographs B infringed upon by Defendants, DOUGLAS ELLIMAN, LIST and CHOUVALIS, still included AAP's copyright management information when published by Defendants as specified above, Defendants were aware that AAP owns the rights to the photos.

248.    Defendants', DOUGLAS ELLIMAN, LIST and CHOUVALIS, infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

249.    The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

250.    As a direct and proximate result of Defendants', DOUGLAS ELLIMAN, LIST and CHOUVALIS, acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

251.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

252.    In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants DOUGLAS ELLIMAN, LIST and CHOUVALIS, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, LIST and CHOUVALIS, be permanently enjoined and restrained after this action from:

i.    Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii.   Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and,

iii.  Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, DOUGLAS ELLIMAN, LIST and CHOUVALIS, created

the Selected 2016 Photographs B or that Defendants', DOUGLAS ELLIMAN, LIST and CHOUVALIS, use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, DOUGLAS ELLIMAN, LIST and CHOUVALIS, be required to turn over any Selected 2016 Photographs B;

c. Defendants, DOUGLAS ELLIMAN, LIST and CHOUVALIS, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants DOUGLAS ELLIMAN, LIST and CHOUVALIS, be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants, DOUGLAS ELLIMAN, LIST and CHOUVALIS, have no prior license;

d. AAP recover Defendants', DOUGLAS ELLIMAN, LIST and CHOUVALIS, profits as well as the damages sustained by AAP due to Defendants', DOUGLAS ELLIMAN, LIST and CHOUVALIS, infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, DOUGLAS ELLIMAN, LIST and CHOUVALIS, be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, DOUGLAS ELLIMAN, LIST and CHOUVALIS, have complied with the terms of the permanent injunction;

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', DOUGLAS ELLIMAN, LIST and CHOUVALIS, conduct, including its willfulness;

g. Defendants, DOUGLAS ELLIMAN, LIST and CHOUVALIS, be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation, where applicable; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT XIII – COPYRIGHT INFRINGEMENT SELECTED 2013 PHOTOGRAPHS C
### (U.S. Copyright Reg. No. VA 2-182-921)
### (Against Defendants DOUGLAS ELLIMAN, and LIST)

253.    AAP adopts and incorporates the allegations of paragraphs 1-28, 55-56, and 62-82 as if fully set forth herein.

254.    AAP owns a valid copyright registration for the Selected 2013 Photographs C, two or more of which have been impermissibly copied, displayed, and distributed by Defendants, DOUGLAS ELLIMAN, and LIST.

255.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2013 Photographs C.

256.    Defendants, DOUGLAS ELLIMAN, and LIST, have copied, distributed, and/or displayed the Selected 2013 Photographs C for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

a.      DOUGLAS ELLIMAN's, and LIST's, unauthorized use of Parker Highland Lobby, and Parker Highland Master Bathroom on a real estate MLS # 10281410, and on the Douglas Elliman website, date of discovery by Plaintiff November 21, 2019, to promote the sale of 4605 S. Ocean Blvd, #7a (as depicted in Composite Exhibit "N").

i.      Parker Highland Lobby, and Parker Highland Master Bathroom, as published by Defendants DOUGLAS ELLIMAN and LIST was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

257.    In violating 17 U.S.C. § 106 et seq., Defendants, DOUGLAS ELLIMAN, and LIST, are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

258.    Each infringement of AAP's work by Defendants, DOUGLAS ELLIMAN, and LIST, constitutes a separate and distinct act of infringement.

259.    Given that the Selected 2013 Photographs C infringed upon by Defendants, DOUGLAS ELLIMAN, and LIST, still included AAP's copyright management information when published by Defendants as specified above, Defendants were aware that AAP owns the rights to the photos.

260.    Defendants', DOUGLAS ELLIMAN, and LIST, infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

261.    The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

262.    As a direct and proximate result of Defendants', DOUGLAS ELLIMAN, and LIST, acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

263.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

264.    In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants DOUGLAS ELLIMAN, and LIST, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, and LIST, be permanently enjoined and restrained after this action from:

i.      Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii.    Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and,

iii.   Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, DOUGLAS ELLIMAN, and LIST, created the Selected 2013 Photographs C or that Defendants', DOUGLAS ELLIMAN, and LIST, use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, DOUGLAS ELLIMAN, and LIST, be required to turn over any Selected 2013 Photographs C;

c. Defendants, DOUGLAS ELLIMAN, and LIST, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants DOUGLAS ELLIMAN, and LIST, be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants, DOUGLAS ELLIMAN, and LIST, have no prior license;

d. AAP recover Defendants', DOUGLAS ELLIMAN, and LIST, profits as well as the damages sustained by AAP due to Defendants', DOUGLAS ELLIMAN, and LIST, infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, DOUGLAS ELLIMAN, and LIST, be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, DOUGLAS ELLIMAN, and LIST, have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', DOUGLAS ELLIMAN, and LIST, conduct, including its willfulness;

g. Defendants, DOUGLAS ELLIMAN, and LIST, be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award AAP actual damages and Defendants' profits, for each violation, where applicable; and

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT XIV – COPYRIGHT INFRINGEMENT SELECTED 2012 PHOTOGRAPHS
### (U.S. Copyright Reg. No. VA 2-201-272)
### (Against Defendants DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A.)

265.    AAP adopts and incorporates the allegations of paragraphs 1-28, 57-58, and 62-82 as if fully set forth herein.

266.    AAP owns a valid copyright registration for the Selected 2012 Photographs, one or more of which have been impermissibly copied, displayed, and distributed by Defendants, DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A.

267.    Upon information and belief, Defendant HIGGINS is the sole owner, principal, and moving force behind Defendant HIGGINS P.A.

268.    Upon information and belief, Defendant HIGGINS, individually, and as principal of Defendant HIGGINS P.A., has authorized, condoned, directed, and participated in the decisions to infringe, and to have Defendant HIGGINS P.A. infringe, upon certain of AAP's Works as described below.

269.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2012 Photographs.

270.    Defendants, DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., have copied, distributed, and/or displayed the Selected 2012 Photographs for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

a.    DOUGLAS ELLIMAN's, HIGGINS's, and HIGGINS P.A.'s, unauthorized use of Bill Gates Home Dusk in the "Real Estate News" section of

www.seasidepropertiesgroup.com website, date of discovery by Plaintiff December 12, 2018 (as depicted in Composite Exhibit "O").

      i.      Bill Gates Home Dusk, as published by Defendants DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A. was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public.

271.    In violating 17 U.S.C. § 106 et seq., Defendants, DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

272.    Each infringement of AAP's work by Defendants, DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., constitutes a separate and distinct act of infringement.

273.    Given that the Selected 2012 Photographs infringed upon by Defendants, DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., still included AAP's copyright management information when published by Defendants as specified above, Defendants were aware that AAP owns the rights to the photos.

274.    Defendants', DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

275.    The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

276.    As a direct and proximate result of Defendants', DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

277.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

278.    In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., be permanently enjoined and restrained after this action from:

i.      Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii.    Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and,

iii.    Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., created the Selected 2012 Photographs or that Defendants', DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., be required to turn over any Selected 2012 Photographs;

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

c. Defendants, DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A.ST, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants, DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., have no prior license;

d. AAP recover Defendants', DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., profits as well as the damages sustained by AAP due to Defendants', DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., conduct, including its willfulness;

g. Defendants, DOUGLAS ELLIMAN, HIGGINS, and HIGGINS, P.A., be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award AAP actual damages and Defendants' profits, for each violation, where applicable; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT XV– COPYRIGHT INFRINGEMENT SELECTED 2005 PHOTOGRAPHS
### (U.S. Copyright Reg. No. VA 2-201-275)
### (Against Defendants DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED)

279.    AAP adopts and incorporates the allegations of paragraphs 1-28, 59-61, and 62-82 as if fully set forth herein.

280.    AAP owns a valid copyright registration for the Selected 2005 Photographs, one or more of which have been impermissibly copied, displayed, and distributed by Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED.

281.    Upon information and belief, Defendant ALLSUP is the sole owner, principal, and moving force behind Defendant ALLSUP LLC.

282.    Upon information and belief, Defendant ALLSUP individually, and as principal of Defendant ALLSUP LLC, has authorized, condoned, directed, and participated in the decisions to infringe, and to have Defendant ALLSUP LLC infringe, upon certain of AAP's Works as described below.

283.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2005 Photographs.

284.    Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, have copied, distributed, and/or displayed the Selected 2005 Photographs for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

a. DOUGLAS ELLIMAN's, ALLSUP's, ALLSUP LLC's, and MESSING's, unauthorized use of Ibis Isle aerial 2005 on a real estate MLS #10367191, discovered by Plaintiff November 9, 2019, to promote the sale of 2170 Ibis Isle Road 2 (as depicted in Composite Exhibit "P").

i. Ibis Isle aerial 2005 sill shows Plaintiff's copyright notice.

b. DOUGLAS ELLIMAN's, MESSING's, and GOTTFRIED's, unauthorized use of Ibis Isle aerial 2005 on a real estate MLS # 10612495, date of discovery by Plaintiff October 26, 2020, to promote the sale of 2195 Ibis Road 6; which rented for $5,500 (as depicted in Composite Exhibit "P").

i. Ibis Isle aerial 2005, as published by Defendants DOUGLAS ELLIMAN, MESSING, and GOTTFRIED, still shows Plaintiff's copyright notice.

285. In violating 17 U.S.C. § 106 et seq., Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

286. Each infringement of AAP's work by Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, constitutes a separate and distinct act of infringement.

287. Given that the Selected 2005 Photographs infringed upon by Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, still include AAP's copyright management information removed as specified above, Defendants were aware that AAP owns the rights to the photos.

288.    Defendants', DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

289.    The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

290.    As a direct and proximate result of Defendants', DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

291.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

292.    In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, be permanently enjoined and restrained after this action from:

i.    Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii.   Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and,

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, created the Selected 2005 Photographs or that Defendants', DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, be required to turn over any Selected 2005 Photographs;

c. Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, have no prior license;

d. AAP recover Defendants', DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, profits as well as the damages sustained by AAP due to Defendants', DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, be required in accordance with 15 U.S.C § 1116 to file with the Court

and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, conduct, including its willfulness;

g. Defendants, DOUGLAS ELLIMAN, ALLSUP, ALLSUP LLC, MESSING, and GOTTFRIED, be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's actual damages and Defendants' profits, where applicable; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

### COUNT XVI– ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
### (Violation of 15 U.S.C. § 1202(a))
### (Against Defendants DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, BACHRAD, NEOPHYTOU, BAUER, MESSING, BREWER, LIST, LECAVALIER, LECAVALIER PLLC, and GOTTFRIED)

293.    AAP adopts and incorporates the allegations of paragraphs 1-82, 90, 104, 117, 143, 160, 189, 217, 256, and 270,  as if fully set forth herein.

294.    Copyright management information ("CMI"), as defined by the Digital Millennium Copyright Act, is information conveyed with a copyrighted work which identifies the owner and nature of the copyright.

295.    AAP's Selected 2010 Photographs, Selected 2015 Photographs, Photostore 2008 Photographs, Selected 2013 Photographs, Selected 2013 Photographs B, Selected 2015

Photographs C, Selected 2016 Photographs, Selected 2013 Photographs C, and Selected 2012 Photographs, include CMI in the form of a copyright-ownership notice placed in the lower left or right hand corner of each.

296.     Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, BACHRAD, NEOPHYTOU, BAUER, MESSING, BREWER, LIST, LECAVALIER, LECAVALIER PLLC, and GOTTFRIED, removed CMI from AAP's Selected 2010 Photographs, Selected 2015 Photographs, Photostore 2008 Photographs, Selected 2013 Photographs, Selected 2013 Photographs B, Selected 2015 Photographs C, Selected 2016 Photographs, Selected 2013 Photographs C, and Selected 2012 Photographs, when publishing them to the infringing MLS listings and/or websites as depicted in Composite Exhibits A, B, C, F, G, I, K, N, and O, hereto.

297.     Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, BACHRAD, NEOPHYTOU, BAUER, MESSING, BREWER, LIST, LECAVALIER, LECAVALIER PLLC, and GOTTFRIED, knowingly, and with the intent to induce, enable, facilitate, or conceal infringement, provided and/or distributed incomplete CMI which fails to show the true owner of the copyright.

298.     Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, BACHRAD, NEOPHYTOU, BAUER, MESSING, BREWER, LIST, LECAVALIER, LECAVALIER PLLC, and GOTTFRIED, unlawfully, intentionally removed and/or altered the CMI for AAP's Selected 2010 Photographs, Selected 2015 Photographs, Photostore 2008 Photographs, Selected 2013 Photographs, Selected 2013 Photographs B, Selected 2015 Photographs C, Selected 2016 Photographs, Selected 2013 Photographs C, and Selected 2012 Photographs without AAP's authority.

299.    Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, BACHRAD, NEOPHYTOU, BAUER, MESSING, BREWER, LIST, LECAVALIER, LECAVALIER PLLC, and GOTTFRIED, unlawfully and without authority have copied and distributed the AAP's Selected 2010 Photographs, Selected 2015 Photographs, Photostore 2008 Photographs, Selected 2013 Photographs, Selected 2013 Photographs B, Selected 2015 Photographs C, Selected 2016 Photographs, Selected 2013 Photographs C, and Selected 2012 Photographs, with the knowledge that the CMI had been removed or altered without permission from AAP, the copyright owner.

300.    The natural, probable and foreseeable consequence of Defendants', DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, BACHRAD, NEOPHYTOU, BAUER, MESSING, BREWER, LIST, LECAVALIER, LECAVALIER PLLC, and GOTTFRIED, wrongful conduct is to deprive, and to continue to deprive, AAP of the benefits of its intellectual property, and its ability to license, market, and promote the Selected 2010 Photographs, Selected 2015 Photographs, Photostore 2008 Photographs, Selected 2013 Photographs, Selected 2013 Photographs B, Selected 2015 Photographs C, Selected 2016 Photographs, Selected 2013 Photographs C, and Selected 2012 Photographs.

301.    Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, BACHRAD, NEOPHYTOU, BAUER, MESSING, BREWER, LIST, LECAVALIER, LECAVALIER PLLC, and GOTTFRIED, knew or should have known that modifying AAP's CMI in this manner would be directly infringing AAP's copyrights under 17 U.S.C. § 106.

302.    Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, BACHRAD, NEOPHYTOU, BAUER, MESSING, BREWER, LIST,

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

LECAVALIER, LECAVALIER PLLC, and GOTTFRIED, knew or should have known that each viewing of the altered Selected 2010 Photographs, Selected 2015 Photographs, Photostore 2008 Photographs, Selected 2013 Photographs, Selected 2013 Photographs B, Selected 2015 Photographs C, Selected 2016 Photographs, Selected 2013 Photographs C, and Selected 2012 Photographs, by a third party would violate the integrity of Plaintiff's CMI under 17 U.S.C. § 1202.

303.     Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, BACHRAD, NEOPHYTOU, BAUER, MESSING, BREWER, LIST, LECAVALIER, LECAVALIER PLLC, and GOTTFRIED, have received a direct financial benefit from these violations.

304.     Defendants', DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, BACHRAD, NEOPHYTOU, BAUER, MESSING, BREWER, LIST, LECAVALIER, LECAVALIER PLLC, and GOTTFRIED, willful, intentional, deliberate, and malicious violations of the integrity of the CMI has damaged and continues to damage AAP in a manner that is irreparable in nature.

305.     AAP is without an adequate remedy at law.

**WHEREFORE,** Plaintiff prays that the Court:

a. Order Defendants, DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, BACHRAD, NEOPHYTOU, BAUER, MESSING, BREWER, LIST, LECAVALIER, LECAVALIER PLLC, and GOTTFRIED, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be permanently enjoined and restrained after this from altering or omitting AAP's CMI from AAP photographs;

b. Order the cessation, impoundment, and destruction of any device or product involved in Defendants', DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, BACHRAD, NEOPHYTOU, BAUER, MESSING, BREWER, LIST, LECAVALIER, LECAVALIER PLLC, and GOTTFRIED, CMI violations;

c. Award, at AAP's election, actual damages and Defendants', DOUGLAS ELLIMAN, BILL, HIGGINS, HIGGINS P.A., ALLSUP, ALLSUP LLC, BACHRAD, NEOPHYTOU, BAUER, MESSING, BREWER, LIST, LECAVALIER, LECAVALIER PLLC, and GOTTFRIED, profits, or statutory damages for each violation;

d. Award costs and attorney's fees pursuant to 17 U.S.C. § 1203; and,

e. Grant such other and further relief as this Court deems just, fair, and equitable.

## COUNT XVII – VICARIOUS COPYRIGHT INFRINGEMENT
### (Against DOUGLAS ELLIMAN)

306.    AAP adopts and incorporates the allegations of paragraphs 1-82, 84-98, 100-113, 115-125, 127-137, 139-152, 154-169, 171-183, 185-197, 199-211, 213-226, 228-240, 242-252, 254-264, 266-278, and 280-292, as if fully set forth herein.

307.    In the alternative to DOUGLAS ELLIMAN being directly liable as alleged in Counts I-XV herein, AAP hereby alleges that DOUGLAS ELLIMAN is vicariously liable for the infringements of the individual Defendants.

308.    All of AAP's copyright registrations at issue in this case are valid.

309.    The individual Defendants have copied, distributed, and/or displayed the photos at issue for their own commercial use, in violation of 17 U.S.C. § 106 et seq.

310.    In violating 17 U.S.C. § 106 et seq., the individual Defendants are directly infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

311.   As an employer, DOUGLAS ELLIMAN has the right and ability to control the actions of its employees—in this case, the individual Defendants.

312.   DOUGLAS ELLIMAN has declined to exercise its right to stop the individual Defendants' infringement and has indeed profited from that direct infringement of AAP's copyrights.

313.   DOUGLAS ELLIMAN was previously on notice of its employees infringing on AAP's copyrights.

314.   DOUGLAS ELLIMAN's vicarious infringement of AAP's work is in reckless disregard of and with indifference to the rights of AAP.

315.   The infringements have caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

316.   As a direct and proximate result of DOUGLAS ELLIMAN's acts of vicarious copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

317.   AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

318.   In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. DOUGLAS ELLIMAN, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with DOUGLAS ELLIMAN, be permanently enjoined and restrained after this action this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants created the either of the photos at issue in this case or that Defendants' use, outside of the proper license to use same, is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for permanent injunction, DOUGLAS ELLIMAN be required to turn over any photos at issue in this case bearing any copyrights;

c. DOUGLAS ELLIMAN, its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with DOUGLAS ELLIMAN be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which DOUGLAS ELLIMAN has no prior license;

d. AAP recover DOUGLAS ELLIMAN's profits as well as the damages sustained by AAP due to DOUGLAS ELLIMAN's vicarious infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. DOUGLAS ELLIMAN be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which DOUGLAS ELLIMAN has complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of DOUGLAS ELLIMAN's conduct, including its willfulness;

g. DOUGLAS ELLIMAN be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury for all issues so triable.

Dated: October 28, 2020

Respectfully submitted,

By: s/ Spensyr Ann Krebsbach

Lorri Lomnitzer
Florida Bar No.: 37632
Lorri@Lomnitzerlaw.com
Spensyr Ann Krebsbach
Florida Bar No.: 85132
sak@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Suite 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Fax: (561) 953-3455
*Attorneys for Plaintiff*