## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 9:20-cv-81985

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

      Plaintiff,

vs.

DOUGLAS ELLIMAN FLORIDA, LLC d/b/a
DOUGLAS ELLIMAN, et al.,
      Defendants.

_____/

### PLAINTIFF'S, AFFORDABLE AERIAL PHOTOGRAPHY, INC., MOTION FOR SECOND EXTENSION OF TIME FOR SERVICE OF THE SUMMONS AND COMPLAINT ONTO DEFENDANTS JOHN LIST AND MATTHEW BACHRAD AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff, Affordable Aerial Photography, Inc., (herein after "Plaintiff"), by and through the undersigned counsel, hereby moves this honorable Court for a 60 day extension of time to serve the Summons and Complaint onto Defendants John List and Matthew Bachrad. Good cause for this extension exists, as demonstrated below and in the attached supporting declaration of Plaintiff's Counsel Spensyr Ann Krebsbach, Esq., Exhibit "A" hereto, referred to for the remainder of this memorandum as the "Krebsbach Decl."

On October 28, 2020, Plaintiff commenced this action and filed its Complaint, alleging various counts of copyright infringement and violation of the Digital Millennium Copyright Act, (CM/ECF 1), against real estate broker Douglas Elliman Florida LLC d/b/a Douglas Elliman and almost two dozen of its real estate broker and sales associate. On January 22, 2021, this Court entered its Order granting Plaintiff's Motion for Extension of Time for Service (CM/ECF 56). Therefore, the Plaintiff has a deadline to complete service on all Defendants of March 29, 2021.

Due to settlement efforts, this matter has resolved as to all defendants except presently

unserved defendants John List and Matthew Bachrad.  *See* CM/ECF 68-70.

Plaintiff has attempted service, in good faith on the addresses submitted by List and Bachrad for  real estate licenses registered with the Florida Department of Business & Professional Regulation ("DBPR"), including but not limited to their listed main address, and mailing address. *See* generally Krebsbach Decl. Plaintiff, though counsel and their process server, has also investigated alternate service addresses through public records searches, and the undersigned has even called each defendants' mobile phone number. *Id.* As will be detailed below, despite timely, good faith, and diligent service efforts, these two defendants, List and Bachrad, remain unserved and the deadline to complete service expires March 29, 2021 by this Court's first extension (CM/ECF 58).

As will be detailed below, good cause exists to extend Plaintiff's time to serve these two defendants, List and Bachrad, for an additional sixty (60) days.

Fed. R. Civ. P. 4(m) provides that a court "must extend the time for service for an appropriate period" where the plaintiff can show good cause for its inability to serve a defendant within 90 days. Good cause exists "when some outside factor . . . rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). Courts have held that "outside factor[s]" consist of events outside of the plaintiff's control, including a "natural catastrophe or evasion of service of process." *Pridemore v. Regis Corp.*, No. 10-605-J-99, 2011 WL 9120, at *2 (M.D. Fla. Jan. 3, 2011); *accord Boston v. Potter*, 185 Fed. Appx. 853, 854 (11th Cir. 2006).  Here, good cause exists because Plaintiff, through its process servers promptly, diligently, and repeatedly attempted to locate and serve the defendants, List and Bachrad, throughout the original 90-day service window, and the initial extension. Only outside factors have prevented the service. The service attempts, and

investigation results are detailed as follows (and in the Krebsbach Decl. attached at "A," hereto).

Defendant John List, who is aware of this lawsuit, is frustrating, if not evading service efforts. *See* Krebsbach Decl. at ¶¶17-24. Since the commencement of this action there have been six service attempts by Plaintiff's process server, and on most occasions where vehicles were present, or sound and lights on inside the address, no one ever answered the door. *Id.* In order to be diligent about trying to complete service within the original time period, the undersigned located Defendant List's mobile phone number on the Douglas Elliman website and called him on January 20, 2020. Defendant List indicated that due to the COVID pandemic he had temporarily relocated to Greenville, South Carolina and could be served there, but he declined to provide an address and instead referred the undersigned to call his office (represented party in this litigation Defendant Douglas Elliman, who recently settled with Plaintiff) to ask them for the address. *See* Krebsbach Decl. at ¶¶20-24. Defendant List also declined to provide an e-mail address and again referred the undersigned to call his office. *Id*.

Defendant Matthew Bachrad is also aware of this lawsuit and may be evading Plaintiff's service efforts. *See* Krebsbach Decl. at ¶¶9-16. The address listed on Defendant Bachrad's Florida real estate license, is also listed with the Palm Beach property appraiser as his homestead. *See* Krebsbach Decl. at ¶11. However, attempts at personal service by Plaintiff's process server revealed that the person who answers the door indicates they are a renter and that Defendant Bachrad does not live at that address. In order to be diligent about trying to complete service within the original time period, the undersigned located Defendant Bachrad's mobile phone number on the Douglas Elliman website and called him on January 20, 2020. *See* Krebsbach Decl. at ¶¶14-16. Defendant Bachrad declined to confirm his present address, indicated the undersigned would need to find him and personally serve him, and stated he would

speak to his attorney, and declined to provide his attorney's name. *Id*. Thereafter, an attorney contacted Plaintiff's counsel to discuss settlement, but no settlement was reached, and that counsel did not have authority to accept service of the complaint on behalf of Bachrad.

The undersigned has e-mailed counsel for Defendant Douglas Elliman to request they provide Defendant List's Greenville, South Carolina address.  *See* Krebsbach Decl. at ¶24. Douglas Elliman's counsel has indicated to Plaintiff's undersigned counsel that once the matter was resolved as to Douglas Elliman, Plaintiff could subpoena Douglas Elliman for the contact information for both Defendant List and Defendant Bachrad. *Id*. Counsel for Douglas Elliman and Plaintiff's undersigned counsel spoke on March 24, 2021, about whether Douglas Elliman's counsel authority to accept service of the subpoena on behalf of Douglas Elliman, or whether Douglas Elliman prefers to be personally served with the subpoena. *Id*. Plaintiff's undersigned counsel is still waiting for a response from Douglas Elliman's counsel regarding that inquiry about service for the subpoena.

Therefore, good cause exists to extend Plaintiff's service deadline to accommodate Douglas Elliman either accepting service of the subpoena through counsel, or being personally served with the subpoena, and to accommodate giving Douglas Elliman time to respond to the subpoena for the List and Bachrad contact information. Following Douglas Elliman's response to the subpoena, Plaintiff will also need time to personally serve List and Bachrad at the addresses provided by Douglas Elliman in response to the subpoena, an effort which may also require Plaintiff to file a motion for alternative service (posting on the Florida residence door and mailing, and/or e-mail) as an alternative to personal service.

As discussed above, good cause exists for the requested second service extension. The attached Krebsbach Decl. summarizes all prior service attempts on these unserved defendants,

including supporting documentation, which further demonstrates that Plaintiff has made a good faith effort to serve these defendants and, through no fault of its own, simply requires more time to get them served.

An extension of the service period is further warranted in this case because dismissal, even without prejudice, could result in the applicable statute of limitations barring refiling of some claims against these defendants. While Plaintiff believes good cause for the extension is present, even if it was not, this Court has the discretion to extend the period for service.

There is no prejudice to the Defendants from the extension requested, as there is no scheduling order in this case yet, and no substantive pending deadlines the served defendants must respond to.

Based on the foregoing, Plaintiff respectfully requests that the time within which it has to effectuate service of the summons and Complaint onto Defendants Matthew Bachrad and John List, be extended sixty days, to and including May 28, 2021. A proposed order is attached for the Court's convenience as Exhibit "B," hereto.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

I hereby certify that as counsel for the moving parties, I have conferred with counsel for all presently served Defendants on March 29, 2021, via e-mail, but at the time of filing this Motion had not received a response. Please note, the Joint Motion to Drop these same parties is presently pending before this Court, therefore there will be no prejudice to the served Defendants in the granting of this motion as they will soon no longer be parties to this action and only List and Bachrad will remain.

Dated: March 29, 2021                    Respectfully submitted,

                                         s:/ *Spensyr Ann Krebsbach*
                                         Lorri Lomnitzer, Esq.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

Florida Bar No. 37632
Lorri@Lomnitzerlaw.com
Spensyr Ann Krebsbach, Esq.
Florida Bar No.: 0085132
Sak@Lomnitzerlaw.com
Jerold I. Schneider, Esq.
Florida Bar No.: 26975
Jerold@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Ste. 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Fax: (561) 953-3455
*Attorneys for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 29, 2021, I electronically filed the foregoing Plaintiff's Motion for Second Extension of Time for Service of the Summons and Complaint on Certain Defendants with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive notices of electronic filing.

_s/Spensyr Ann Krebsbach____
Spensyr Ann Krebsbach, Esq.
Fla. Bar No. 0085132