**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 9:20-cv-81985-WPD**

Affordable Aerial Photography, Inc.,

      Plaintiff,

vs.

Matthew Bachrad, an individual, and
John List, an individual.

      Defendants.

_____/

## DEFENDANT JOHN LIST'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant John List ("Defendant" or "Defendant List") by and through the undersigned counsel, responds to Plaintiff's Complaint as follows. Defendant's usage of the headings set forth in the Complaint is for organizational purposes only and is not to be taken as any admission to any allegations which are set forth within the headings.

## NATURE OF THE ACTION

1. Defendant admits that Plaintiff's claims are brought under the Copyright Act, 17 U.S.C. § 17 U.S.C. 106 but denies that it is entitled to relief. Defendant is without knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and therefore denies them.

## THE PARTIES

2.        Defendant only admits that Stevens has been high-end real estate photographer and is without knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 2 and therefore denies them.

**3.**        Defendant admits to only knowing that Defendant Matthew Bachrad is a Florida-based licensed real estate agent.

4.        Defendant is without knowledge or information to form a belief as to the truth of the allegations involving Defendant Bachrad in Paragraph 4 and therefore denies them.

5.        Defendant is without knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 5 and therefore denies them.

6.        Defendant admits the allegations in Paragraph 6.

7.        Defendant admits that his place of residence is the address listed on his real estate agent license with the Florida Department of Business Regulation and that this address is on file with Douglas Elliman.

8.        Defendant denies that he was concealing his whereabouts and evading service.

9.        Defendant admits the allegations in Paragraph 9 only as the relate to him.

## JURISDICTION AND VENUE

10.      Defendant admits that this Court has jurisdiction under the Copyright Act but denies that the Plaintiff is entitled to any relief whatsoever. Plaintiff purports to bring claims under the Copyright Act of 1976.

11.      Defendant admits only that venue is proper as to himself because he resides in Palm Beach County.

12.      Defendant admits only that he conducts business within South Florida which encompasses Palm Beach County.

## THE COPYRIGHTED WORKS AT ISSUE

13.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies them.

14.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies them.

15.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies them.

16.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies them.

17.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies them.

18.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies them.

19.         Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies them.

20.         Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies them.

21.         Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies them.

22.         Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies them.

23.         Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore denies them.

24.         Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore denies them.

25.         Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore denies them.

26.         Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore denies them.

## BACKGROUND FACTS

27.         Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and therefore denies them.

28.         Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and therefore denies them.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and therefore denies them.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore denies them.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and therefore denies them.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore denies them.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and therefore denies them.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and therefore denies them.

35.     Defendant admits to the allegations in Paragraph 35.

36.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and therefore denies them.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and therefore denies them.

38.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and therefore denies them.

39.      The allegations in Paragraph 39 are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 39.

40.      The allegations in Paragraph 40 are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 39.

41.      Defendant denies the allegations in Paragraph 41.

## SPECIFIC COUNTS SEEKING AFFIRMATIVE RELIEF

## COUNT I – COPYRIGHT INFRINGEMENT [OF] SELECTED 2010 PHOTOGRAPHS
**(U.S. Copyright Reg. No. No. VA 1-966-132)**
**(Against Defendant BACHRAD)**

42.      Defendant adopts and incorporates his responses to the allegations repeated in Paragraphs 1-41.

43.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 concerning Plaintiff's copyright registrations.

44.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 concerning Plaintiff's copyright registrations.

45.      Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad in Paragraph 45 and therefore denies them.

46.      Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad in Paragraph 46 therefore denies them.

47.     Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad in Paragraph 47 therefore denies them.

48.     Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad in Paragraph 48 therefore denies them.

49.     Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad in Paragraph 49 therefore denies them.

50.     Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad in Paragraph 50 therefore denies them.

51.     Defendant is without knowledge or information to form a belief as to the allegations in Paragraph 51 concerning Defendant Bachrad therefore denies them.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53.

Defendant is without knowledge or information to form a belief as to the allegations in the unnumbered *ad damnum* clause following Paragraph 53 and therefore denies that Plaintiff is entitled to any relief whatsoever.

### COUNT II – COPYRIGHT INFRINGEMENT [OF] SELECTED 2013 PHOTOGRAPHS
#### (U.S. Copyright Reg. No. No. VA 1-947-093)
#### (Against Defendant LIST)

54.     Defendant adopts and incorporates his responses to the allegations repeated in Paragraphs 1-41.

55.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 concerning Plaintiff's copyright registrations and therefore denies them.

56.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 concerning Plaintiff's copyright registrations and therefore denies them.

57.      Defendant denies the allegations in Paragraph 57.

58.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 concerning Plaintiff's copyright registrations and therefore denies them.

59.      Defendant denies the allegations in Paragraph 59.

60.      Defendant denies the allegations in Paragraph 60.

61.      Defendant denies the allegations in Paragraph 61.

62.      Defendant denies the allegations in Paragraph 62.

63.      Defendant denies the allegations in Paragraph 63.

64.      Defendant denies the allegations in Paragraph 64.

65.      Defendant denies the allegations in Paragraph 65.

66.      Defendant denies the allegations in Paragraph 61.

Defendant is without knowledge or information to form a belief as to the allegations in the unnumbered *ad damnum* clause following Paragraph 66 and therefore denies that Plaintiff is entitled to any relief whatsoever.

## COUNT III – COPYRIGHT INFRINGEMENT [OF] SELECTED 2010 PHOTOGRAPHS
### (U.S. Copyright Reg. No. No. VA 1-971-919)
### (Against Defendant LIST)

67.     Defendant adopts and incorporates his responses to the allegations repeated in Paragraphs 1-41.

68.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 concerning Plaintiff's copyright registrations and therefore denies them.

69.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 concerning Plaintiff's copyright registrations and therefore denies them.

70.     Defendant denies the allegations in Paragraph 70.

71.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 except that he remembers receiving a phone call from the president of Douglas Elliman shortly after Defendant's wife had passed away on June 24, 2018 regarding how Defendant knew Stevens and if he had paid Stevens for various photographs. Plaintiff responded affirmatively. Defendant never himself received any writing from the Plaintiff or Stevens concerning infringement.

72.     Defendant denies the allegations in Paragraph 72.

73.     Defendant denies the allegations in Paragraph 73.

74.     Defendant denies the allegations in Paragraph 74.

75.     Defendant denies the allegations in Paragraph 75.

76.     Defendant denies the allegations in Paragraph 76.

77.     Defendant denies the allegations in Paragraph 77.

78.     Defendant denies the allegations in Paragraph 78.

79.     Defendant denies the allegations in Paragraph 79.

80.     Defendant denies the allegations in Paragraph 80.

Defendant is without knowledge or information to form a belief as to the allegations in the unnumbered *ad damnum* clause following Paragraph 80 and therefore denies that Plaintiff is entitled to any relief whatsoever.

## COUNT IV – COPYRIGHT INFRINGEMENT [OF] SELECTED 2010 PHOTOGRAPHS
### (U.S. Copyright Reg. No. No. VA 1-966-132)
### (Against Defendant BACHRAD)

81.     Defendant adopts and incorporates his responses to the allegations repeated in Paragraphs 1-41.

82.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 concerning Plaintiff's copyright registrations and therefore denies them.

83.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 concerning Plaintiff's copyright registrations and therefore denies them.

84.      Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad presented in Paragraph 84 and therefore denies them.

85.      Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad presented in Paragraph 85 and therefore denies them.

86.      Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad presented in Paragraph 86 and therefore denies them.

87.      Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad presented in Paragraph 87 and therefore denies them.

88.      Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad presented in Paragraph 88 and therefore denies them.

89.      Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad presented in Paragraph 89 and therefore denies them.

90.      Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad presented in Paragraph 89 and therefore denies them.

91.      Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad presented in Paragraph 91 and therefore denies them.

92.      Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad presented in Paragraph 92 and therefore denies them.

Defendant is without knowledge or information to form a belief as to the allegations in the unnumbered *ad damnum* clause following Paragraph 92 and therefore denies that Plaintiff is entitled to any relief whatsoever.

## COUNT V– COPYRIGHT INFRINGEMENT [OF] SELECTED 2010 PHOTOGRAPHS
### (U.S. Copyright Reg. No. No. VA 1-966-132)
### (Against Defendant LIST)

93.      Defendant adopts and incorporates his responses to the allegations repeated in Paragraphs 1-41.

94.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 concerning Plaintiff's copyright registrations and therefore denies them.

95.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 concerning Plaintiff's copyright registrations and therefore denies them.

96.      Defendant denies the allegations in Paragraph 96.

97.      Defendant denies the allegations in Paragraph 97.

98.      Defendant denies the allegations in Paragraph 97.

99.     Defendant denies the allegations in Paragraph 98.

100.    Defendant denies the allegations in Paragraph 100.

101.    Defendant denies the allegations in Paragraph 101.

102.    Defendant denies the allegations in Paragraph 102.

103.    Defendant denies the allegations in Paragraph 103.

104.    Defendant denies the allegations in Paragraph 104.

Defendant is without knowledge or information to form a belief as to the allegations in the unnumbered *ad damnum* clause following Paragraph 104 and therefore denies that Plaintiff is entitled to any relief whatsoever.

## COUNT VI – COPYRIGHT INFRINGEMENT [OF] SELECTED 2010 PHOTOGRAPHS
### (U.S. Copyright Reg. No. No. VA 2-182-921)
### (Against Defendant LIST)

105.    Defendant adopts and incorporates his responses to the allegations repeated in Paragraphs 1-41.

106.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 concerning Plaintiff's copyright registrations and therefore denies them.

107.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 concerning Plaintiff's copyright registrations and therefore denies them.

108.    Defendant denies the allegations in Paragraph 108.

109.    Defendant denies the allegations in Paragraph 109.

110.    Defendant denies the allegations in Paragraph 110.

111.     Defendant denies the allegations in Paragraph 111.

112.     Defendant denies the allegations in Paragraph 112.

113.     Defendant denies the allegations in Paragraph 113.

114.     Defendant denies the allegations in Paragraph 114.

115.     Defendant denies the allegations in Paragraph 115.

116.     Defendant denies the allegations in Paragraph 116.

Defendant is without knowledge or information to form a belief as to the allegations in the unnumbered *ad damnum* clause following Paragraph 116 and therefore denies that Plaintiff is entitled to any relief whatsoever.

## COUNT VII – ALTERATION OF COMPRIGHT MANAGEMENT INFORMATION AS TO DEFENDANTS BACHRAD AND LIST

117.     Defendant adopts and incorporates the allegations of 1-1, 45, 48, 57, 60, 85, 97, 108, and 111, as if fully set forth herein.

118.     The allegations in Paragraph 118 are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 118.

119.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 and therefore deny them.

120.     Defendant denies the allegations against him in Paragraph 120. Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad presented in Paragraph 120 and therefore denies them.

121.      Defendant denies the allegations against him in Paragraph 121.
Defendant is without knowledge or information to form a belief as to the allegations
against Defendant Bachrad presented in Paragraph 121 and therefore denies them.

122.      Defendant denies the allegations against him in Paragraph 122.
Defendant is without knowledge or information to form a belief as to the allegations
against Defendant Bachrad presented in Paragraph 122 and therefore denies them.

123.      Defendant denies the allegations against him in Paragraph 123.
Defendant is without knowledge or information to form a belief as to the allegations
against Defendant Bachrad presented in Paragraph 123 and therefore denies them.

124.      Defendant denies the allegations against him in Paragraph 124.
Defendant is without knowledge or information to form a belief as to the allegations
against Defendant Bachrad presented in Paragraph 124 and therefore denies them.

125.      Defendant denies the allegations against him in Paragraph 125.
Defendant is without knowledge or information to form a belief as to the allegations
against Defendant Bachrad presented in Paragraph 125 and therefore denies them.

126.      Defendant denies the allegations against him in Paragraph 126.
Defendant is without knowledge or information to form a belief as to the allegations
against Defendant Bachrad presented in Paragraph 126 and therefore denies them.

127.      Defendant denies the allegations against him in Paragraph 127.
Defendant is without knowledge or information to form a belief as to the allegations
against Defendant Bachrad presented in Paragraph 127 and therefore denies them.

128.     Defendant denies the allegations against him in Paragraph 128. Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad presented in Paragraph 128 and therefore denies them.

129.     Defendant denies the allegations against him in Paragraph 129. Defendant is without knowledge or information to form a belief as to the allegations against Defendant Bachrad presented in Paragraph 129 and therefore denies them.

Defendant is without knowledge or information to form a belief as to the allegations in the unnumbered *ad damnum* clause following Paragraph 129 and therefore denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Defendant John List asserts the following affirmative defenses and other defenses to Plaintiff's claims.

1. Plaintiff's Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendant and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Defendant.

2. Defendant List has not infringed, contributed to the infringement or otherwise induced the infringement of the photographs specified under Counts II, III, V, and VI of the Complaint.

3. Defendant List at no time evaded service.  At the time the Plaintiff's process server attempted service at his home in Palm Beach, Plaintiff was residing with his sister and her husband in South Carolina.  As a recent widower, he went to South Carolina to stay with his South Carolina family during the pandemic since the real estate

market had declined substantially.  His nephew informed him of a post-it sticker showing only a phone number that someone had left posted on the Florida home's door. Defendant List promptly called the number which turned out to be process server's number.  The process server gave him opposing counsel's phone number.  Defendant List promptly called her and was informed of the lawsuit.  He did decline to have the summons served in South Carolina not wishing to involve his sister in his business matters.  He was subsequently served by substituted service upon his return to Florida after which he promptly contacted the undersigned's law office.

4.  Defendant List did not alter any of the allegedly infringed photographs whatsoever to remove any copyright symbol if they were indeed present.

5.  The Plaintiff's claims are barred under the First Sale Doctrine.

    a.  Defendant List retained the services of photographer Robert Stevens before Stevens had even formed Affordable Aerial Photography, Inc. Stevens and the Plaintiff were paid directly by Defendant List.

    b.  At no time did Stevens indicate that Defendant List could never again use the photographs he had paid for, *e.g.*, if Defendant List would at some in the future be retained to resell the very same property.

    c.  Defendant List would personally deliver checks to Stevens' home which was located in Palm Beach County for Plaintiff's completed work.  These checks were often given to Stevens' wife.

    d.  At no time to the best of Defendant List's recollection did Stevens or Plaintiff ever require Defendant List to sign a licensing agreement thereby

putting him on notice that any afuture usage of the photographs would require the payment of a licensing fee.

   e. By paying for the photographs after requesting Stevens to take the photographs, Defendant List logically understood that he owned the photographs.  Plaintiff by and through Stevens placed its photographs in the stream of commerce by taking these photos at the Defendant's request for which Plaintiff was paid.  As such, Plaintiff has exhausted its exclusive statutory right to control their usage."  *Quality King Distribs. v. L'Anza Research Int'l*, 523 U.S. 135, 152 (1998).

6. The Plaintiff's claims are barred under the Statute of Frauds.

   a. Plaintiff now claims that Defendant List was only entitled to use the photographs one time without a license.

   b. Plaintiff's principal as a longtime photographer of real property, understands that real property does not generally go on the market again within a year and may be off the market for many years.

   c. The photographs taken Stevens pursuant to Defendant List's request were used to sell property for which Defendant List had a listing for the purpose of showcasing the property.

   d. Plaintiff is barred from seeking damages for its failure to have in place proper licensing contracts or agreements to establish that it retained ownership of the photographs and that any usage by Defendant List beyond the associated imminent listing would require the payment of a licensing fee.

e. Additionally, if Plaintiff intended Defendant List to be the exclusive licensee of the specified photographs, a written licensing agreement was required under 17 U.S.C. § 204(a).   Plaintiff has failed to comply with either the Statute of Frauds, the U.S. Copyright Act or both of them.

7.   Plaintiff's Assignment of Rights (*See* Complaint, Exhibit C) is defective as it relates to Copyright Reg. No. VA 1-947-093.   Paragraph 4 of the Assignment states that "Author warrants and represents that he has not entered into any assignment, contract, *or understanding* in conflict herewith."  Emphasis added. The Assignment was executed in April 2019 or long after Stevens and/or the Plaintiff had been retained by Defendant List.   Defendant List's payment for *inter alia* the two complained-of photos under Count II for which he understandably believed he was the owner establishes that the Assignment is defective.   Defendant has no knowledge of the history behind the Assignment's two additional listed works.

8.   Plaintiff's claims are barred to the extent that the allegedly infringed photographs were not assigned to Plaintiff or could not be effectively assigned as the result of Stevens' past conduct towards Defendant List.

9.   Plaintiff by and through Stevens engaged in one or more bad-faith acts by suing Defendant List when the allegedly infringed photographs cited in the Complaint were in fact the result of Defendant List' request and were paid for by Defendant List. Plaintiff's actions include but are not limited to wrongfully attempting to extend the scope of the limited monopoly granted under the Copyright Act wrongly exerting ownership claims over these photographs.

10. Defendant List's usage of previously paid-for photographs is under an implied license.

    a. Plaintiff was first retained by Defendant List to take photographs of specific properties starting in the late 1990s to the best of the Defendant's recollection.

    b. Plaintiff delivered the photographs to Defendant List with full knowledge that the photographs would be used to *inter alia* create marketing materials and/or placed on MLS listings to showcase the property.

    c. An implied license was created when Plaintiff, by and through photographer Stevens, handed the photographs over to Defendant List with the full intention that Defendant List would be using them.

11. Plaintiff's claims are barred by the doctrine of fair use.

    a. Defendant List has only used what he paid for in the first place whether to Stevens or the Plaintiff which is under Steven's control.

    b. Any usage has been infrequent because of the nature of the real estate market wherein rapid turn-around of recently purchased homes is rare, thereby substantially mitigating the likelihood of any re-use of the photos Defendant paid for.

12. Any use of the works at issue by Defendant List was non-infringing, innocent, in good faith, and without any willfulness or intent to infringe any copyright.

13. Plaintiff's claims are barred by the doctrine of *lex non curat de minimus*. Defendant List's use of the allegedly protected works, which Defendant List understood he owned, was at most *de minimis* and insubstantial.

14.  Plaintiff's claims are barred to the extent that Defendant List's alleged infringement occurred more than three (3) years before the filing date of this action.

15.  Plaintiff is not entitled to attorneys' fees or statutory damages for any complained of infringement to the extent that the associated work was registered more than ninety (90) days following publication.

16.  Plaintiff has failed to mitigate its damages.  Stevens both individually and now as Plaintiff's principal could have easily formalized a licensing agreement if he indeed intended that his photographs be limited to a one-time usage.  He has continuously failed to do so.

17.  Plaintiff is not entitled to recover any lost sales or profit attributable to factors other than the works allegedly copied from Plaintiff's claimed work.

18.  Plaintiff is Stevens' alter ego.  Stevens first worked with Defendant List in the late 1990's before Stevens formed Affordable Aerial Photography, Inc.'s (AAP) in 2005. Stevens, whether individually or on behalf of AAP, authorized and consented to the usage of the photographs taken at the Defendant List's request before and after AAP's formation.

19.  Plaintiff's claims are barred by the doctrine of unclean hands.

20.  Plaintiff's claims are barred by the doctrine of laches.

21.  Plaintiff's claims are barred by equitable estoppel.

22.  Plaintiff's claims are barred by legal estoppel.

23.  Plaintiff's claims are barred in whole or in part by the Digital Millenniums Copyright Act.

24.  On information and belief, Plaintiff has settled its claims with all other parties to the lawsuit except for the two present defendants.  Defendant List is entitled to any settlement credits or setoff permitted by law.

25.  Plaintiff's claims for exemplary or punitive damages violate the Fourteenth Amendment, the extensive fines clause of the Eighth Amendment, and the Due Process Clause of the United States Constitution and further are violative of the Constitution and laws of the State of Florida.

Defendant reserves the right to assert other such other defenses available pursuant to the Federal Rules of Civil Procedure as may be revealed through discovery and disclosure in this matter.

## DEFENDANT LIST'S COUNTERCLAIM
### Declaratory Relief that Defendant List Has an Implied License

26.  Defendant List first retained Stevens in the late 1990s to take photographs of a specific property for which Stevens was paid.

27.  Defendant List occasionally retained Stevens thereafter either directly or by and through the corporate Plaintiff to do photoshoots of specific properties until Stevens moved out of the area.

28.  At no time during their business association did Stevens state that Defendant List could use the photos one time only – i.e., for only the imminent listing of the property and/or usage to create marketing brochures.

29.     Stevens' pattern of conduct established an affirmative grant of consent or permission to use the photographs for which he had received payment and only created at Defendant List's request.

30.     At no time did Stevens or the Plaintiff ever provide Defendant List with a licensing agreement or any writing stating that Defendant List's usage of the photographs was limited to a one-time usage and that any usage beyond the one-time usage would require the payment of a licensing fee.

31.     Stevens' conduct signifies both his waiver and the assignee-Plaintiff's waiver of the statutory right under the Copyright Act to exclude Defendant List from re-using the allegedly infringing photographs which were taken at Defendant List's behest and paid for by Defendant List.

32.   Defendant List relied on Stevens' conduct.

33.   Defendant List therefore would be materially prejudiced if Plaintiff is allowed to proceed with its claims.

     **WHEREFORE**, Defendant John List Prays that this Court enter a Declaratory Judgment stating that he has an implied and dismiss him from the case on all Counts with prejudice and grant any other relief the Court deems just and reasonable.

     Respectfully submitted this 13th day of July 2021 by:

/s/Susan Dierenfeldt-Troy
Florida Bar Number 0707341
sdtroy@troyandschwartzlaw.com
Troy & Schwartz, LLC
9415 SW 72nd Street, STE 119
Miami, Florida 33173
*Attorneys for Defendant John List*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by

e-service through the Court's CM/ECF filing portal upon the following on July 13, 2021.

| | |
|---|---|
| Spensyr Ann Krebsbach, Esq.<br>The Lomnitzer Law Firm<br>7999 N. Federal Highway, STE 202<br>Boca Raton, FL 33487<br>*Attorney for Plaintiff* | sak@lomnitzerlaw.com |
| Lorri Lomnitzer, Esq.<br>The Lomnitzer Law Firm<br>7999 N. Federal Highway, STE 202<br>Boca Raton, FL 33487<br>*Attorney for Plaintiff* | lorri@lomnitzerlaw.com |
| Jonathan D. Schwartz, Esq.<br>Troy & Schwartz, LLC<br>9415 SW 72nd Street, STE 119<br>Miami, Florida 33173<br>*Attorney for Defendant John List* | jschwartz@troyandschwartzlaw.com |

<u>/s/Susan Dierenfeldt-Troy</u>