## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 9:20-cv-81985-WPD

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

      Plaintiff,

vs.

MATTHEW BACHRAD, an individual, and
JOHN LIST, an individual.

      Defendants.

_____/

### SECOND AMENDED COMPLAINT

Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC., ("Plaintiff" or "AAP"), by and through undersigned counsel, hereby files its Second Amended Complaint against Defendants, MATTHEW BACHRAD, an individual, and JOHN LIST, an individual (collectively, the "Defendants"). In support thereof, Plaintiff states as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action against Defendants for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to reproduce, prepare derivative works, and distribute AAP's original copyrighted works of authorship in its Works ("Works" defined in paragraph 30, below). AAP's licenses its copyrighted works, such as the ones taken by Defendants without authorization in this case, for a fee to real estate associates and brokerages for use in connection with promoting real estate listings.

### THE PARTIES

2.      AAP is a Florida corporation headquartered in Palm Beach County, Florida. Robert Stevens ("Stevens"), owner of AAP is a high-end real estate photographer who makes his living

THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

photographing million dollar homes for real estate agents. Stevens is an employee of his company, AAP, which provides photo shoots to a client's specifications. AAP licenses its photos to agents pursuant to a written license. The license is granted only to the agent for whom the photos were taken, and for a one-time use for a specific property.

3.　　　Defendant MATTHEW BACHRAD ("BACHRAD") is a Florida-licensed real estate sales associate (Lic. No. SL3353706) who, upon information and belief, resides in Palm Beach County, Florida, and is employed by Douglas Elliman Florida, LLC ("Douglas Elliman").

4.　　　AAP made several attempts to serve the original complaint on BACHRAD at his residence in Highland Beach, Florida, for which he claims a homestead exemption, as well as at the location he lists as his address on his real estate agent license with the Florida Department of Business and Professional Regulation ("DBPR"), and at the address which Douglas Elliman provided in response to a non-party subpoena as BACHRAD's present residence though upon service at that address the owner answered the door and indicated BACHRAD did not live there.

5.　　　Despite numerous attempts to complete service process of the original complaint on BACHRAD by personal service, and to serve the First Amended Complaint by substituted service, AAP was unable to serve BACHRAD.

6.　　　Ultimately, after AAP was granted leave to serve BACHRAD by substituted service, BACHRAD executed a waiver of service.

7.　　　Defendant JOHN LIST ("LIST") is a Florida-licensed real estate broker sales (Lic. No. BK590698) who, upon information and belief, resides in Palm Beach County, Florida, and is employed by Douglas Elliman.

8.　　　AAP made several attempts to serve the original complaint on LIST at his residence in Boca Raton, Florida, for which he claims a homestead exemption, as well as at the location he

lists as his address on his real estate agent license with the Florida DBPR, at the Douglas Elliman office where LIST does business, and at the address which Douglas Elliman provided in response to a non-party subpoena as LIST's present residence (which is also the address for which he claims a homestead exemption).

9.      Despite numerous attempts to serve process of the original complaint on LIST, Plaintiff was unable to serve LIST because LIST concealed his whereabouts and evaded service.

10.     After being granted leave for substituted service of the First Amended Complaint on LIST, AAP completed the substituted service on LIST.

11.     This Court has personal jurisdiction over BACHRAD and LIST because they reside in and maintain a homestead residence in Florida, they conduct business in Florida pursuant to real estate licenses issued by the State of Florida, and they work for the Florida offices of Douglas Elliman.

12.     Substituted service on JOHN LIST was appropriate under Section 48.161, Florida Statutes.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the subject matter of this suit because it arises under federal law, namely, the Copyright Act of 1976 (Title 17 of the United States Code), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (designs, copyrights, trademarks, and unfair competition).

14.     Venue is proper in Southern District of Florida, Palm Beach County, Florida, pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 1400, and Florida Statute § 47.011. Defendants reside in Palm Beach County.

15.     In addition, the Defendants conduct regular, ongoing business within this Southern District of Florida.

## THE COPYRIGHTED WORKS AT ISSUE

16.     In 2010, AAP created a series of photographs in the collection "Group Registration Photos, Selected 2010 Photographs Including Ballaria, Birthday Cake House, Jupiter Lighthouse, Mirasol and Others, published Jan. 14, 2010, to December 14, 2010; 53 photos," (hereinafter collectively the "Selected 2010 Photographs"), one of which is listed below and at issue in this action:

a.   Worth Ave night X 2010 AAP ("Worth Ave Night").

17.     The Selected 2010 Photographs were registered with the United States Copyright Office on July 15, 2015. See U.S. Copyright Reg. No. VA 1-966-132, Worth Ave Night, attached hereto as Composite Exhibit A.

18.     In 2011, Robert Stevens created the photograph Parker Highland East ("Parker Highland aerial"), and in 2013, Robert Stevens created the photograph 22 ("Parker Highland Gym"), both part of the series of photographs in the collection "Catalog of July 2013 Pictures" (hereinafter collectively the "Selected 2013 Photographs").

19.     The Selected 2013 Photographs were registered with the United States Copyright Office on August 9, 2013. See U.S. Copyright Reg. No. VA 1-947-093, Parker Highland aerial, and 22, attached hereto as Composite Exhibit B.

20.     The copyrights for Selected 2013 Photographs were later assigned to AAP. See Assignment (hereinafter "Assignment"), attached hereto as Exhibit C.

21.     The Assignment for the Selected 2013 Photographs assigns to AAP both the entire right, title and interest to the photographic works included in the Selected 2013 Photographs

(including each and every derivative work arising from the Selected 2013 Photographs), to all copyrights in the Selected 2013 Photographs, and to any existing or potential causes of action and claims that have already accrued including, without limitation, those for infringement. Therefore, AAP has standing to pursue the claims alleged herein against LIST.

22. In 2015, AAP created the photograph Toscana Highland Beach sunrise aerial b 2015 AAP ("Toscana Sunrise aerial"), a photograph registered in the collection "Group Registration Photos, Selected 2015 Photographs Part A1 Including Ocean Key, 19331 Riverside Dr, One Watermark, Karen Dr, Oceans Edge and Others, published Mar. 31, 2015, to Aug. 22, 2015; 182 photos," (hereinafter collectively the "Selected 2015 Photographs B").

23. The Selected 2015 Photographs B were registered with the United States Copyright Office on September 15, 2015. See U.S. Copyright Reg. No. VA 1-971-919, and Toscana Sunrise aerial, attached hereto as Composite Exhibit D.

24. In 2015, AAP created a series of photographs in the collection "Group Registration Photos, Selected 2015 Photographs Part B1 Including 18 Eleuthera, 256 Tradewind, 1404 N Lake Way and Others, published May 20, 2015, to Sep. 29, 2015; 514 photos," (hereinafter collectively the "Selected 2015 Photographs C"), two of which are listed below and at issue in this action:

    a. Palm Beach Par 3 Golf Course Clubhouse A 2015 AAP ("Palm Beach Golf Course"); and,

    b. Par 3 Golf putters 2015 AAP ("Palm Beach Golf Putters").

25. The Selected 2015 Photographs C were registered with the United States Copyright Office on October 8, 2015. See U.S. Copyright Reg. No. VA 1-997-096, Palm Beach Golf Course, Palm Beach Golf Putters, attached hereto as Composite Exhibit E.

26.     In 2016, AAP created the photograph Camino Gardens park 2 AAP 2016 ("Camino Gardens Park"), a photograph registered in the collection "Selected 2016 Photographs Y22 Including Camino Gardens, Addison Reserve, Valencia Palms and Others," (hereinafter collectively the "Selected 2016 Photographs B").

27.     The Selected 2016 Photographs B were registered with the United States Copyright Office on July 24, 2018.  See U.S. Copyright Reg. No. VA 2-118-212, and Camino Gardens Park, attached hereto as Composite Exhibit F.

28.     In 2013, AAP created a series of photographs in the collection "Selected 2013 Published Photographs T4 Including 4605 S Ocean and Others," (hereinafter collectively the "Selected 2013 Photographs C"), two of which are listed below and at issue in this action:

     a.  4605 S Ocean Blvd PH C lobby 2013 AAP ("Parker Highland Lobby"); and,

     b.  4605 S Ocean Blvd PH C master bath 2013 AAP ("Parker Highland Master Bathroom").

29.     The Selected 2013 Photographs C were registered with the United States Copyright Office on December 14, 2019.  See U.S. Copyright Reg. No. VA 2-182-921, Parker Highland Lobby, and Parker Highland Master Bathroom, attached hereto as Composite Exhibit G.

30.      All of the individually named photographs in paragraphs 16-29 above are collectively the "Works" at issue in this lawsuit.

## BACKGROUND FACTS

31.     Plaintiff Affordable Aerial Photography, Inc. was formed in 2005 by Stevens.

32.     AAP specializes in photographing real estate. The company has photographed some of the world's most expensive properties.

33.     AAP has been hired by celebrities including Celine Dion, Bill Gates, Billy Joel, Tommy Lee Jones, Don King, Greg Norman, Athina Onassis, Mehmet Oz, President Donald Trump, James Patterson, Lilly Pulitzer, Rod Stewart, and others.

34.     Stevens and AAP are well known for their aerial photographs, which are taken from above the ground.

35.     AAP captured many such shots even before the use of drones became widespread. This was accomplished via the use of a tethered helium balloon camera-rigging system which was designed and built by Stevens (the "Balloon System").

36.     This Balloon System has allowed AAP to capture shots that, until the advent of drones, would have been impossible to shoot otherwise.

37.     This unique system had the added benefit of serving as a marketing tool for AAP, and it led to Stevens becoming known locally as "Balloon Bob."

38.     Stevens also takes photographs for AAP using a helicopter, drones, or tripods.  The photographs, like the ones at issue in this suit, taken by Stevens for AAP from a helicopter, using a drone, or using a tripod, were independently created by Stevens for AAP using a high degree of creativity, to compose and shoot the best shots for his clients.  Stevens reviewed all the photographs to select the very best shots for his clients.  Often, those shots were then photoshopped and cropped before becoming the final work distributed to a client via a one-time use license.

39.     AAP sells one-time use licenses to third parties that wish to copy, distribute, and/or display the photos with regard to a specific real property for sale and/or rent.

40.     Multiple Listing Services ("MLS") are websites on which real estate professionals can post, and the public can view, information about properties that are available for sale or rent.

41.     AAP retains the copyright for photographs Stevens takes as an employee of AAP, and registers those photographs with the United States Copyright Office.

42.     The rights in any photos initially registered by Stevens are now owned by AAP via written assignment from Stevens to AAP.  Such rights include the entire right, title, and interest in and to said photos, in and to any and all copyrights on said photos (including each and every derivative work arising from said photos), and all causes of action and/or claims existing at the time of assignment including, without limitation, those for infringement.

43.     In accordance with § 475.42(1)(b), Florida Statutes, a licensed real estate associate may not operate as broker or sales associate for any person not registered as his or her employer. Both Defendants are employed by real estate firm, and former defendant, Douglas Elliman, and therefore share co-workers including co-listing agents and support staff.

44.     In accordance with § 475.01(2), Florida Statutes, the terms "employ," "employment," "employer," and "employee" include an independent contractor relationship when such relationship is intended and established between a broker and sales associate. Such a relationship does not relieve a broker of its duties or responsibilities.

45.     All conditions precedent to bringing this action, if any, have occurred or have been performed, waived and/or excused.

46.     AAP has not received settlement consideration from any third party, including former defendants in this matter, for the claims against BACHRAD and LIST, which were expressly excluded from the settlement and releases.

## SPECIFIC COUNTS SEEKING AFFIRMATIVE RELIEF

## COUNT I – VICARIOUS COPYRIGHT INFRINGEMENT SELECTED 2010 PHOTOGRAPHS
### (U.S. Copyright Reg. No. VA 1-966-132)
### (Against BACHRAD)

47.     AAP adopts and incorporates the allegations of paragraphs 1-6, 11, 13-15, 16-17, and 30-46, as if fully set forth herein.

48.     AAP owns a valid copyright registration for the Selected 2010 Photographs, one or more of which (Worth Ave Night) has been impermissibly reproduced, distributed, and publicly displayed, on multiple listing service ("MLS") #RX- 10579543.  *See* Composite Exhibit "A."

49.     BACHRAD, as expressly designated co-listing agent, *see* Composite Exhibit "A," upon information and belief was in active concert and participation regarding the co-listing for the property marketed by MLS #RX- 10579543 and benefitted from decisions made related to the information and photographs contained in the MLS co-listing.

50.     Any action performed by BACHRAD's co-listing agent, Gloria Rodriguez-Allsup ("Allsup") doing business under Gloria Rodriguez-Allsup, LLC ("Allsup LLC"), or any third party with access to edit the co-listing, to take the physical actions necessary to initially upload Worth Ave Night for commercial use in MLS #RX- 10579543 without license or permission from AAP, was in violation of 17 U.S.C. § 106 et seq.

51.     As a real estate salesman, BACHRAD is chargeable with the actions taken on the MLS on properties for which he is a co-listing agent, and he maintains the right and ability to supervise the activity, including infringing activity, that takes place on his co-listed MLS listings.

52.     BACHRAD's agreement to be a co-listing agent constitutes his implied consent to the publication of the information and photographs used on his co-listed MLS listings.

53.     The infringing photograph is substantially similar to AAP's original Worth Ave Night photograph.

54.     In violating 17 U.S.C. § 106 et seq., BACHRAD's co-listing agent, Allsup/Allsup LLC, or another third party, directly infringed on AAP's copyright in accordance with 17 U.S.C. § 501.

55.     As co-listing agent on MLS #RX- 10579543 BACHRAD had the joint right and ability to make changes to the MLS co-listing, and therefore to exercise control over the actions of his co-listing agents and any other third party with agency to make edits to the MLS for the benefit of BACHRAD.

56.     Each time MLS #RX- 10579543 was displayed to potential buyers agents, buyers, or others through the MLS service, or via hard copy, the Worth Ave Night photograph at issue was impermissibly published, reproduced, distributed, and publicly displayed vicariously by BACHRAD, as designated co-listing agent on the co-listing, causing injury to AAP.

57.     BACHRAD has vicariously caused, enabled, facilitated, and/or materially contributed to the infringement, as each visit to his MLS co-listing #RX- 10579543 on the internet, via MLS services, or through hard copy distribution, constitutes a new act of infringement.

58.     BACHRAD's vicarious unauthorized reproduction, distribution, and display of Worth Ave Night, each time MLS #RX- 10579543 is viewed electronically or via hard copy, was first discovered by Plaintiff on January 5, 2020.  The co-listing promoted the sale of 3100 S Ocean Blvd PH605S as depicted in Composite Exhibit "A."

59.     The version of Worth Ave Night vicariously reproduced, distributed, and displayed vicariously by BACHRAD, each time MLS #RX-10579543 was viewed electronically or via hard copy, is a modified version of the original. The modified version omits Plaintiff's copyright notice

from the image that was viewable by the public thus making future infringement of the photograph more likely, and further damaging AAP.

60.     BACHRAD, as co-listing agent, intended to benefit from the reproduction, distribution, and public display, of all the photographs that appeared on the MLS #RX- 10579543 listing.

61.     BACHRAD, as MLS subscriber, and expressly designated co-listing agent, maintains the ability to jointly control the selection of information and photographs used in his MLS co-listings, including #RX- 10579543, and could stop unlicensed photographs from being selected and uploaded, or make changes to the co-listing photographs at any time.

62.     BACHRAD had a direct financial interest in the use, reproduction, and distribution of the Worth Ave Night photograph on the MLS #RX- 10579543 co-listing, and declined to exercise his right to stop any infringement of that photograph in that co-listing.

63.     Photographs are valuable marketing tools for real estate agents that are a draw for potential buyers of BACHRAD's co-listed property.

64.     The appearance of the Worth Ave Night photograph allowed BACHRAD to more effectively promote the real estate listing for sale by capturing, holding, and/or prolonging the attention of any visitor to the subject real estate listing, and provided a direct positive impact on BACHRAD's co-listing, his brand, his public image, and his reputation, while AAP suffered loss of licensing revenue and loss of its ability to control the quality, composition, and distribution of its original works. Therefore, BACHRAD already profited from the appearance of Worth Ave Night on his co-listing, and upon information and belief intended to profit monetarily as well, via commission through sale of the co-listed property.

65.     AAP has the exclusive rights to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the photographs in the Selected 2010 Photographs, including Worth Ave Night.

66.     BACHRAD's vicarious infringement of AAP's work is in reckless disregard of, with indifference to, or with willful blindness to, the rights of AAP.

67.     The infringements have caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

68.     As a direct and proximate result of BACHRAD's acts of vicarious copyright infringement, AAP is entitled an award of actual damages, or statutory damages, in amounts to be determined at trial, which will compensate AAP for the injury caused by BACHRAD's vicarious infringement.

69.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

70.     In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. BACHRAD, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with BACHRAD, be permanently enjoined and restrained after this action this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

      ii.  Using,  disclosing,  converting,  appropriating,  retaining,  selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

      iii. Doing any other act or thing likely to, or calculated to, induce the belief that BACHRAD created the photos at issue in this case or that BACHRAD's use, outside of the proper license to use same, is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for permanent injunction, BACHRAD be required to turn over any photos at issue in this case bearing any copyrights;

c. BACHRAD, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with BACHRAD be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which BACHRAD has no prior license;

d. AAP recover BACHRAD's profits as well as the damages sustained by AAP due to BACHRAD's vicarious infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. BACHRAD be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which BACHRAD has complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of BACHRAD's conduct, including its willfulness;

g. BACHRAD be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

### COUNT II– VICARIOUS COPYRIGHT INFRINGEMENT SELECTED 2015 PHOTOGRAPHS C
### (U.S. Copyright Reg. No. VA 1-997-096)
### (Against BACHRAD)

71.     AAP adopts and incorporates the allegations of paragraphs 1-6, 11, 13-15, 24-25, and 30-46, as if fully set forth herein.

72.     AAP owns a valid copyright registration for the Selected 2015 Photographs C, two or more of which (Palm Beach Golf Course and Par 3 Golf Putters) have been impermissibly reproduced, distributed, and publicly displayed, on multiple listing service ("MLS") #RX-10579543.  *See* Composite Exhibit "E."

73.     BACHRAD, as expressly designated co-listing agent, *see* Composite Exhibit "E," upon information and belief was in active concert and participation regarding the co-listing for the property marketed by MLS #RX- 10579543 and benefitted from decisions made related to the information and photographs contained in the MLS co-listing.

74.     Any action performed by BACHRAD's co-listing agent, Gloria Rodriguez-Allsup ("Allsup") doing business under Gloria Rodriguez-Allsup, LLC ("Allsup LLC"), or any third party with access to edit the co-listing, to take the physical actions necessary to initially upload Palm Beach Golf Course and Par 3 Golf Putters for commercial use in MLS #RX- 10579543 without license or permission from AAP, was in violation of 17 U.S.C. § 106 et seq.

75.     As a real estate salesman, BACHRAD is chargeable with the actions taken on the MLS on properties for which he is a co-listing agent, and he maintains the right and ability to supervise the activity, including infringing activity, that takes place on his co-listed MLS listings.

76.     BACHRAD's agreement to be a co-listing agent constitutes his implied consent to the publication of the information and photographs used on his co-listed MLS listings.

77.     The infringing photographs are substantially similar to AAP's original Palm Beach Golf Course and Par 3 Golf Putters photographs.

78.     In violating 17 U.S.C. § 106 et seq., BACHRAD's co-listing agent, Allsup/Allsup LLC, or another third party, directly infringed on AAP's copyright in accordance with 17 U.S.C. § 501.

79.     As co-listing agent on MLS #RX- 10579543 BACHRAD had the joint right and ability to make changes to the MLS co-listing, and therefore to exercise control over the actions of his co-listing agents and any other third party with agency to make edits to the MLS for the benefit of BACHRAD.

80.     Each time MLS #RX- 10579543 was displayed to potential buyers agents, buyers, or others through the MLS service, or via hard copy, the Palm Beach Golf Course and Par 3 Golf Putters photographs at issue were impermissibly published, reproduced, distributed, and publicly displayed vicariously by BACHRAD as designated co-listing agent on the co-listing, causing injury to AAP.

81.     BACHRAD has vicariously caused, enabled, facilitated, and/or materially contributed to the infringement, as each visit to his MLS co-listing #RX- 10579543 on the internet, via MLS services, or through hard copy distribution, constitutes a new act of infringement.

82.     BACHRAD's vicarious unauthorized reproduction, distribution, and display of Palm Beach Golf Course and Par 3 Golf Putters each time MLS #RX- 10579543 is viewed, electronically or via hard copy, was first discovered by Plaintiff on January 5, 2020.  The co-listing promoted the sale of 3100 S Ocean Blvd PH605S as depicted in Composite Exhibit "E."

83.     Palm Beach Golf Course and Par 3 Golf Putters as vicariously reproduced, distributed, and displayed vicariously by BACHRAD, each time MLS #RX-10579543 was viewed electronically or via hard copy, are modified versions of the original. The modified version omits Plaintiff's copyright notice from the image that was viewable by the public thus making future infringement of the photograph more likely, and further damaging AAP.

84.     BACHRAD, as co-listing agent, intended to benefit from the reproduction, distribution, and public display of the Palm Beach Golf Course and Par 3 Golf Putters photographs, as well as all other photographs, on the MLS #RX- 10579543 co-listing.

85.     BACHRAD, as MLS subscriber, and expressly designated co-listing agent, maintains the ability to jointly control the selection of information and photographs used in his MLS listings, including #RX- 10579543, and could stop unlicensed photographs from being selected and uploaded, or make changes to the listing photographs at any time.

86.     BACHRAD had a direct financial interest in the use, reproduction, and distribution of the Palm Beach Golf Course and Par 3 Golf Putters photographs on the MLS #RX- 10579543 co-listing, and declined to exercise his right to stop any infringement of those photographs in that co-listing.

87.     Photographs are valuable marketing tools for real estate agents that are a draw for potential buyers of BACHRAD's co-listed property.

88.     The appearance of the Palm Beach Golf Course and Par 3 Golf Putters photographs allowed BACHRAD to more effectively promote the real estate co-listing for sale by capturing, holding, and/or prolonging the attention of any visitor to the subject real estate listing, and provided a direct positive impact on BACHRAD's co-listing, his brand, his public image, and his reputation, while AAP suffered loss of licensing revenue and loss of its ability to control the quality,

composition, and distribution of its original works. Therefore, BACHRAD already profited from the appearance of Palm Beach Golf Course and Par 3 Golf Putters photographs on his co-listing, and upon information and belief intended to profit monetarily as well, via commission through sale of the co-listed property.

89.     AAP has the exclusive rights to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the photographs in the Selected 2015 Photographs C, including Palm Beach Golf Course and Par 3 Golf Putters.

90.     BACHRAD's vicarious infringement of AAP's works is in reckless disregard of, with indifference to, or with willful blindness to, the rights of AAP.

91.     The infringements have caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

92.     As a direct and proximate result of BACHRAD's acts of vicarious copyright infringement, AAP is entitled an award of actual damages, or statutory damages, in amounts to be determined at trial, which will compensate AAP for the injury caused by BACHRAD's vicarious infringement.

93.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

94.     In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. BACHRAD, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with BACHRAD, be permanently enjoined and restrained after this action this action from:

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that BACHRAD created the either of the photos at issue in this claim or that BACHRAD's use, outside of the proper license to use same, is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for permanent injunction, BACHRAD be required to turn over any photos at issue in this case bearing any copyrights;

c. BACHRAD, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with BACHRAD be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which BACHRAD has no prior license;

d. AAP recover BACHRAD's profits as well as the damages sustained by AAP due to BACHRAD's vicarious infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. BACHRAD be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which BACHRAD has complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of BACHRAD's conduct, including its willfulness;

g. BACHRAD be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

### COUNT  III - COPYRIGHT INFRINGEMENT SELECTED 2013 PHOTOGRAPHS
**(U.S. Copyright Reg. No. VA 1-947-093)**
**(Against LIST)**

95.     AAP adopts and incorporates the allegations of paragraphs 1-2, 7-15, 18-21, and 30-46, as if fully set forth herein.

96.     AAP owns a valid copyright registration for the Selected 2013 Photographs, two or more of which (Parker Highland aerial and Park Highland Gym) have been impermissibly copied, displayed, and distributed by LIST, on MLS #RX- 10281410.  *See* Composite Exhibit "B" and Exhibit "C."

97.      LIST, as expressly designated listing agent, *see* Composite Exhibit "B," upon information and belief listed the property marketed by MLS #RX- 10281410.

98.     LIST had access to Parker Highland aerial and Park Highland Gym, and the infringing photographs copied, reproduced, and distributed each time MLS #RX- 10281410 was viewed, copied, and/or distributed are substantially similar to AAP's original Parker Highland aerial and Park Highland Gym photographs.

99.     As a real estate salesman, LIST is chargeable with the actions taken on the MLS on properties for which he is a listing agent, and his agreement to be a listing agent constitutes his

consent to the publication of the information and photographs used on his MLS listings and made under his MLS account.

100.    The history for MLS #RX- 10281410 shows the listing, and all listing changes were made by LIST.

101.    Each time MLS #RX- 10281410 was displayed to potential buyers agents, buyers, or others through the MLS service the Parker Highland aerial and Park Highland Gym photographs at issue were impermissibly reproduced, distributed, and publicly displayed by LIST as designated listing agent, causing injury to AAP.

102.    Upon information and belief, LIST, as MLS subscriber, and expressly designated listing agent, has direct responsibility for each photograph reproduced, distributed, and publicly displayed, via the MLS #RX- 10281410 listing.

103.    Further, upon information and belief, LIST, as MLS subscriber, and expressly designated listing agent, maintains the ability to control the selection of information and photographs used in his MLS listings, including #RX- 10281410, and could stop unlicensed photographs from being selected and uploaded, or make changes to the listing photographs at any time.

104.    LIST has caused, enabled, facilitated, and/or materially contributed to the infringement, as each visit to his MLS listing #RX- 10281410 on the internet, MLS services, or through hard copy distribution, constitutes a new act of infringement.

105.    Accordingly, since LIST exercises control over his MLS listings, including #RX- 10281410, for which he is a designated listing agent, LIST is liable for direct infringement of AAP's copyright distribution and display rights.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

106.    LIST knew that he did not author the Parker Highland aerial and Park Highland Gym photographs, thus, LIST acted with reckless disregard for, or with willful blindness to AAP's rights when he initiated and continued the infringing conduct.

107.    List intended to profit from, and had a direct financial interest in the infringement.

108.    Use, reproduction, and distribution of the Parker Highland aerial and Park Highland Gym photographs allowed LIST to more effectively promote and sell the real estate listing by capturing, holding, and/or prolonging the attention of any visitor to the subject real estate listing, and provided a direct positive impact on LIST's promotion of the real estate listing, his brand, public image, and reputation.

109.    Photographs are valuable marketing tools for real estate agents that bring in buyers, and LIST would profit via commission when the property he listed was sold, while AAP suffered loss of licensing revenue and loss of ability to control the quality, composition, and distribution of its original works.

110.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of  the photographs in the Selected 2013 Photographs, including Parker Highland aerial and Parker Highland Gym.

111.    LIST, has reproduced, distributed, and/or displayed Parker Highland aerial and Parker Highland Gym from the Selected 2013 Photographs to his own commercial benefit, in violation of 17 U.S.C. § 106 et seq., as follows:

      a.    LIST's unauthorized reproduction, distribution, and display of Parker Highland aerial and Parker Highland Gym on a real estate multiple listing service MLS #RX- 10281410, was discovered by Plaintiff October 31, 2019, and on the

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

Douglas Elliman website, to promote the sale of 4605 S Ocean Blvd, #7a (as depicted in Composite Exhibit "B").

    i.  Parker Highland aerial as published by LIST was cropped from its original format. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public, thus making future infringement of the photograph more likely, and further damaging AAP.

    ii.  Parker Highland Gym as published by LIST still shows Plaintiff's copyright notice therefore LIST was aware he had not authored nor licensed the use of that photograph, or was acting in reckless disregard of AAP's rights.

112.    In violating 17 U.S.C. § 106 et seq., LIST is infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

113.    Each infringement of AAP's work by LIST constitutes a separate and distinct act of infringement.

114.    Given that certain of the Selected 2013 Photographs infringed upon by LIST were modified to have AAP's copyright management information removed as specified above, LIST was aware that AAP owns the rights to the photos.

115.    Given that certain of the Selected 2013 Photographs infringed upon by LIST, still included AAP's copyright management information when published by LIST as specified above, LIST was aware that AAP owns the rights to the photos.

116.    LIST's infringement of AAP's work was willful, in reckless disregard of, and/or with indifference to the rights of AAP.

117. The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

118. As a direct and proximate result of LIST's acts of copyright infringement, AAP is entitled an award of actual damages (including, but not limited to, the value of AAP's licensing fee plus disgorgement of List's profits from the sale of the property referenced in this count), or statutory damages, in amounts to be determined at trial, which will compensate AAP for the injury caused by LIST's infringement.

119. AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

120. In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. LIST, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST, be permanently enjoined and restrained after this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that LIST created the Selected 2013 Photographs or that LIST's use, outside of the proper license to use, same is in any way endorsed by AAP.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

b. Within ten (10) days after the entry of an order for permanent injunction, LIST be required to turn over any Selected 2013 Photographs;

c. LIST his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST, be required to deliver up for destruction all physical products in his possession bearing AAP's copyrights or any colorable imitation thereof for which LIST has no prior license;

d. AAP recover LIST's profits as well as the damages sustained by AAP due to List's infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. LIST be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which LIST has complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of LIST's conduct, including his willfulness;

g. LIST be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and LIST's profits, or statutory damages for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT IV– COPYRIGHT INFRINGEMENT SELECTED 2015 PHOTOGRAPHS B
### (U.S. Copyright Reg. No. VA 1-971-919)
### (Against LIST)

121.     AAP adopts and incorporates the allegations of paragraphs 1-2, 7-15, 22-23, and 30-46, as if fully set forth herein.

122.    AAP owns a valid copyright registration for the Selected 2015 Photographs B, one (Toscana Sunrise aerial) or more of which have been impermissibly copied, displayed, and distributed by LIST on MLS #RX-10420799. *See* Composite Exhibit "D."

123.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2015 Photographs B.

124.    LIST, as expressly designated listing agent, *see* Composite Exhibit "D," upon information and belief listed the property marketed by MLS #RX- 10420799.

125.    LIST had access to Toscana Sunrise aerial, and the infringing photograph copied, reproduced, and distributed each time MLS #RX- 10420799 was viewed, copied, and/or distributed is substantially similar to AAP's original Toscana Sunrise aerial photograph.

126.    As a real estate salesman, LIST is chargeable with the actions taken on the MLS on properties for which he is a listing agent, and his agreement to be a listing agent constitutes his consent to the publication of the information and photographs used on his MLS listings and made under his MLS account.

127.    The history for MLS #RX- 10420799 shows the listing, and all listing changes were made by LIST.

128.    Each time MLS #RX- 10420799 was displayed to potential buyers agents, buyers, or others through the MLS service the Toscana Sunrise aerial photograph at issue was impermissibly reproduced, distributed, and publicly displayed by LIST as designated listing agent, causing injury to AAP.

129. Upon information and belief, LIST, as MLS subscriber, and expressly designated listing agent, has direct responsibility for each photograph reproduced, distributed, and publicly displayed, via the MLS #RX-10420799 listing.

130. Further, upon information and belief, LIST, as MLS subscriber, and expressly designated listing agent, maintains the ability to control the selection of information and photographs used in his MLS listings, including #RX-10420799, and could stop unlicensed photographs from being selected and uploaded, or make changes to the listing photographs at any time.

131. LIST has caused, enabled, facilitated, and/or materially contributed to the infringement, as each visit to his MLS listing #RX-10420799 on the internet, MLS services, or through hard copy distribution, constitutes a new act of infringement.

132. Accordingly, since LIST exercises control over his MLS listings, including #RX-10420799, for which he is a designated listing agent, LIST is liable for direct infringement of AAP's copyright distribution and display rights.

133. LIST knew that he did not author the Toscana Sunrise aerial photograph, thus, LIST acted with reckless disregard for, or with willful blindness to AAP's rights when he initiated and continued the infringing conduct.

134. List intended to profit from, and had a direct financial interest in the infringement.

135. Use, reproduction, and distribution of the Toscana Sunrise aerial photograph allowed LIST to more effectively promote and sell the real estate listing by capturing, holding, and/or prolonging the attention of any visitor to the subject real estate listing, and provided a direct positive impact on LIST's promotion of the real estate listing, his brand, public image, and reputation.

136.    Photographs are valuable marketing tools for real estate agents that bring in buyers, and LIST would profit via commission when the property he listed was sold, while AAP suffered loss of licensing revenue and loss of ability to control the quality, composition, and distribution of its original works.

137.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the photographs in the Selected 2015 Photographs B, including Toscana Sunrise aerial.

138.    LIST's, unauthorized use of Toscana Sunrise aerial on a real estate MLS # 10420799, was discovered by Plaintiff June 27, 2018, and on the Douglas Elliman website, to promote the sale of 3700 S. Ocean Blvd., #903 (as depicted in Composite Exhibit "D").

        i.    Toscana Sunrise aerial as published by LIST, still shows Plaintiff's copyright notice.

139.    On or about July 6, 2018, AAP made Douglas Elliman and third-party Realtors of the Palm Beaches and Greater Fort Lauderdale ("RAPB+GFLR") aware of the infringement.

140.    Thereafter, Toscana Sunrise aerial was removed from MLS # 10420799, but LIST, never resolved the issue of the infringement from April 6, 2018, to July 6, 2018.  Further, as is evident throughout this Second Amended Complaint, LIST, continued to infringe upon many other of AAP's works with willful disregard for their authorship.

141.    In violating 17 U.S.C. § 106 et seq., LIST is infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

142.    Each infringement of AAP's work by LIST constitutes a separate and distinct act of infringement.

143.    Given that the Selected 2015 Photographs B infringed upon by LIST, still included AAP's copyright management information when published by LIST as specified above, LIST was aware that AAP owned the rights to the photos.

144.    LIST's infringement of AAP's work was willful, in reckless disregard of, and/or with indifference to the rights of AAP.

145.    The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

146.    As a direct and proximate result of LIST's acts of copyright infringement, AAP is entitled an award of actual damages (including, but not limited to, the value of AAP's licensing fee plus disgorgement of List's profits from the sale of the property referenced in this count), in amounts to be determined at trial, which will compensate AAP for the injury caused by LIST's infringement.

147.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

148.    In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. LIST, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST, be permanently enjoined and restrained after this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

   ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

   iii. Doing any other act or thing likely to, or calculated to, induce the belief that LIST created the Selected 2015 Photographs B or that LIST's use, outside of the proper license to use, same is in any way endorsed by AAP.

 b. Within ten (10) days after the entry of an order for permanent injunction, LIST be required to turn over any Selected 2015 Photographs B;

 c. LIST his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST, be required to deliver up for destruction all physical products in his possession bearing AAP's copyrights or any colorable imitation thereof for which LIST has no prior license;

 d. AAP recover LIST's profits as well as the damages sustained by AAP due to List's infringement of AAP's copyright;

 e. LIST be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which LIST has complied with the terms of the permanent injunction;

 f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of LIST's conduct, including his willfulness;

 g. LIST be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

 h. Award actual damages and LIST's profits, for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT V – COPYRIGHT INFRINGEMENT SELECTED 2016 PHOTOGRAPHS B
### (U.S. Copyright Reg. No. VA 2-118-212)
### (Against LIST)

149.   AAP adopts and incorporates the allegations of paragraphs 1-2, 7-15, 26-27, and 30-46, as if fully set forth herein.

150.   AAP owns a valid copyright registration for the Selected 2016 Photographs B, one or more of which (Camino Gardens Park) has been impermissibly copied, displayed, and distributed by LIST, on MLS #RX- 10441957.  *See* Composite Exhibit "F."

151.    LIST, as expressly designated listing agent, *see* Composite Exhibit "F," upon information and belief listed the property marketed by MLS #RX- 10441957.

152.   LIST had access to Camino Gardens Park, and the infringing photograph copied, reproduced, and distributed each time MLS #RX-10441957 was viewed, copied, and/or distributed is substantially similar to AAP's original Camino Gardens Park photograph.

153.   As a real estate salesman, LIST is chargeable with the actions taken on the MLS on properties for which he is a listing agent, and his agreement to be a listing agent constitutes his consent to the publication of the information and photographs used on his MLS listings and made under his MLS account.

154.   The history for MLS #RX-10441957 shows the listing, and all listing changes were made by LIST.

155.   Each time MLS #RX-10441957 was displayed to potential renters agents, renters, or others  through  the  MLS  service  the  Camino  Gardens  Park  photograph  at  issue  was

impermissibly reproduced, distributed, and publicly displayed by LIST as designated listing agent, causing injury to AAP.

156.    Upon information and belief, LIST, as MLS subscriber, and expressly designated listing agent, has direct responsibility for each photograph reproduced, distributed, and publicly displayed, via the MLS #RX-10441957 listing.

157.    Further, upon information and belief, LIST, as MLS subscriber, and expressly designated listing agent, maintains the ability to control the selection of information and photographs used in his MLS listings, including #RX-10441957, and could stop unlicensed photographs from being selected and uploaded, or make changes to the listing photographs at any time.

158.    LIST has caused, enabled, facilitated, and/or materially contributed to the infringement, as each visit to his MLS listing #RX-10441957 on the internet, MLS services, or through hard copy distribution, constitutes a new act of infringement.

159.    Accordingly, since LIST exercises control over his MLS listings, including #RX-10441957, for which he is a designated listing agent, LIST is liable for direct infringement of AAP's copyright distribution and display rights.

160.    LIST knew that he did not author the Camino Gardens Park photograph, thus, LIST acted with reckless disregard for, or with willful blindness to AAP's rights when he initiated and continued the infringing conduct.

161.    List intended to profit from, and had a direct financial interest in the infringement.

162.    Use, reproduction, and distribution of the Camino Gardens Park photograph allowed LIST to more effectively promote and sell the real estate listing by capturing, holding, and/or prolonging the attention of any visitor to the subject real estate listing, and provided a direct

positive impact on LIST's promotion of the real estate listing, his brand, public image, and reputation.

163.    Photographs are valuable marketing tools for real estate agents that bring in buyers, and LIST would profit via commission when the property he listed was rented, while AAP suffered loss of licensing revenue and loss of ability to control the quality, composition, and distribution of its original works.

164.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of  the photographs in the Selected 2016 Photographs B, including Camino Gardens Park.

165.    LIST, has reproduced, distributed, and/or displayed Camino Gardens Park from the Selected 2016 Photographs B to his own commercial benefit, in violation of 17 U.S.C. § 106 et seq., as follows:

     a.    LIST's unauthorized reproduction, distribution, and display of Camino Gardens Park on a real estate MLS # 10441957, and on www.zillow.com, www.trulia.com, date of discovery by Plaintiff October 31, 2019, to promote the rental of 990 Tamarind Way (as depicted in Composite Exhibit "F").

         i.    Camino Gardens Park, as published by LIST, still shows Plaintiff's copyright notice.

166.    In violating 17 U.S.C. § 106 et seq., LIST is infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

167.    Each infringement of AAP's work by LIST constitutes a separate and distinct act of infringement.

168.     Given that the Selected 2016 Photographs B infringed upon by LIST, still included AAP's copyright management information when published by LIST as specified above, LIST was aware that AAP owns the rights to the photo.

169.     LIST's infringement of AAP's work was willful, in reckless disregard of, and/or with indifference to the rights of AAP.

170.     The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

171.     As a direct and proximate result of LIST's acts of copyright infringement, AAP is entitled an award of actual damages (including, but not limited to, the value of AAP's licensing fee plus disgorgement of List's profits from the sale of the property referenced in this count), or statutory damages, in amounts to be determined at trial, which will compensate AAP for the injury caused by LIST's infringement.

172.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

173.     In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. LIST, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST, be permanently enjoined and restrained after this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that LIST created the Selected 2016 Photographs B or that LIST's use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, LIST be required to turn over any Selected 2016 Photographs B;

c. LIST his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST, be required to deliver up for destruction all physical products in his possession bearing AAP's copyrights or any colorable imitation thereof for which LIST has no prior license;

d. AAP recover LIST's profits as well as the damages sustained by AAP due to List's infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. LIST be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which LIST has complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of LIST's conduct, including his willfulness;

g. LIST be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and LIST's profits, or statutory damages for each violation; and

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT VI – COPYRIGHT INFRINGEMENT SELECTED 2013 PHOTOGRAPHS C
### (U.S. Copyright Reg. No. VA 2-182-921)
### (Against LIST)

174.     AAP adopts and incorporates the allegations of paragraphs 1-2, 7-15, 28-29, and 30-46, as if fully set forth herein.

175.     AAP owns a valid copyright registration for the Selected 2013 Photographs C, two (Parker Highland Lobby and Parker Highland Master Bathroom) or more of which have been impermissibly copied, displayed, and distributed by LIST on MLS #RX-10281410.   *See* Composite Exhibit "G."

176.     AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2013 Photographs C.

177.     LIST, as expressly designated listing agent, *see* Composite Exhibit "G," upon information and belief listed the property marketed by MLS #RX- 10281410.

178.     LIST had access to Parker Highland Lobby and Parker Highland Master Bathroom, and the infringing photographs copied, reproduced, and distributed each time MLS #RX-10281410 was viewed, copied, and/or distributed are substantially similar to AAP's original Parker Highland Lobby and Parker Highland Master Bathroom photographs.

179.     As a real estate salesman, LIST is chargeable with the actions taken on the MLS on properties for which he is a listing agent, and his agreement to be a listing agent constitutes his consent to the publication of the information and photographs used on his MLS listings and made under his MLS account.

180.    The history for MLS #RX- 10281410 shows the listing, and all listing changes were made by LIST.

181.    Each time MLS #RX- 10281410 was displayed to potential buyers agents, buyers, or others through the MLS service the Parker Highland Lobby and Parker Highland Master Bathroom photograph at issue was impermissibly reproduced, distributed, and publicly displayed by LIST as designated listing agent, causing injury to AAP.

182.    Upon information and belief, LIST, as MLS subscriber, and expressly designated listing agent, has direct responsibility for each photograph reproduced, distributed, and publicly displayed, via the MLS #RX-10281410 listing.

183.    Further, upon information and belief, LIST, as MLS subscriber, and expressly designated listing agent, maintains the ability to control the selection of information and photographs used in his MLS listings, including #RX-10281410, and could stop unlicensed photographs from being selected and uploaded, or make changes to the listing photographs at any time.

184.    LIST has caused, enabled, facilitated, and/or materially contributed to the infringement, as each visit to his MLS listing #RX-10281410 on the internet, MLS services, or through hard copy distribution, constitutes a new act of infringement.

185.    Accordingly, since LIST exercises control over his MLS listings, including MLS #RX- 10281410, for which he is a designated listing agent, LIST is liable for direct infringement of AAP's copyright distribution and display rights.

186.    LIST knew that he did not author the Parker Highland Lobby and Parker Highland Master Bathroom photograph, thus, LIST acted with reckless disregard for, or with willful blindness to AAP's rights when he initiated and continued the infringing conduct.

187.    Parker Highland Master Bathroom, used by LIST, is actually a photograph of the master bathroom from Penthouse C of 4605 S. Ocean Blvd.  However, LIST, in addition to willfully infringing on AAP's copyright in that photo, also used the photo to perpetrate a fraud against potential buyers for his own benefit in promoting the MLS listing #10281410 by misrepresenting Parker Highland Master Bathroom as if it were a photo of the master bathroom of unit #7a marketed in the subject MLS #RX- 10281410.

188.    List intended to profit from, and had a direct financial interest in the infringement.

189.    Use, reproduction, and distribution of the Parker Highland Lobby and Parker Highland Master Bathroom photographs allowed LIST to more effectively promote and sell the real estate listing by capturing, holding, and/or prolonging the attention of any visitor to the subject real estate listing, and provided a direct positive impact on LIST's promotion of the real estate listing, his brand, public image, and reputation.

190.    Photographs are valuable marketing tools for real estate agents that bring in buyers, and LIST would profit via commission when the property he listed was sold, while AAP suffered loss of licensing revenue and loss of ability to control the quality, composition, and distribution of its original works.

191.    AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the photographs in the Selected 2013 Photographs C, including Parker Highland Lobby and Parker Highland Master Bathroom.

192.    LIST's, unauthorized use of Parker Highland Lobby and Parker Highland Master Bathroom on a real estate MLS # 10281410, and on the Douglas Elliman website, was discovered

by Plaintiff November 21, 2019, to promote the sale of 4605 S. Ocean Blvd, #7a (as depicted in Composite Exhibit "G").

193.     Parker Highland Lobby, and Parker Highland Master Bathroom, as published by LIST were cropped from their original formats. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public, thus making future infringement of the photographs more likely, and further damaging AAP.

194.     In violating 17 U.S.C. § 106 et seq., LIST is infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

195.     Each infringement of AAP's work by LIST constitutes a separate and distinct act of infringement.

196.     Given that certain of the Selected 2013 Photographs C infringed upon by LIST were modified to have AAP's copyright management information removed as specified above, LIST was aware that AAP owns the rights to the photos.

197.     LIST's infringement of AAP's work was willful, in reckless disregard of, and/or with indifference to the rights of AAP.

198.     The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

199.     As a direct and proximate result of LIST's acts of copyright infringement, AAP is entitled an award of actual damages (including, but not limited to, the value of AAP's licensing fee plus disgorgement of List's profits from the sale of the property referenced in this count), in amounts to be determined at trial, which will compensate AAP for the injury caused by LIST's infringement.

200.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

201.    In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. LIST, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST, be permanently enjoined and restrained after this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that LIST created the Selected 2013 Photographs C or that LIST's use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, LIST be required to turn over any Selected 2013 Photographs C;

c. LIST his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST, be required to deliver up for destruction all physical products in his possession bearing AAP's copyrights or any colorable imitation thereof for which LIST has no prior license;

d. AAP recover LIST's profits as well as the damages sustained by AAP due to List's infringement of AAP's copyright;

e. LIST be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which LIST has complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of LIST's conduct, including his willfulness;

g. LIST be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award actual damages and LIST's profits for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

### COUNT VII– VICARIOUS COPYRIGHT INFRINGEMENT SELECTED 2013 PHOTOGRAPHS
### (U.S. Copyright Reg. No. VA 1-947-093)
### (Against LIST)

202.    AAP adopts and incorporates the allegations of paragraphs 1-2, 7-15, 18-21, and 30-46, as if fully set forth herein.

203.    In the alternative to LIST being directly liable as alleged in Count III herein, AAP hereby alleges that LIST is vicariously liable for the infringements alleged.

204.    AAP owns a valid copyright registration for the Selected 2013 Photographs , two or more of which (Parker Highland aerial and Parker Highland Gym) have been impermissibly reproduced, distributed, and publicly displayed, on multiple listing service MLS #RX- 10281410. *See* Composite Exhibit "B" and Exhibit "C."

205.    LIST, as expressly designated listing agent, *see* Composite Exhibit "B," upon information and belief was in active concert and participation with agents with LIST's authority to use his MLS login ("LIST's agents"), regarding the listing for the property marketed by MLS #RX- 10281410 and LIST benefitted from decisions made related to the information and photographs contained in that MLS listing.

206.    Any action performed by LIST's agents, or any third party with access to edit the listing, to take the physical actions necessary to initially upload Parker Highland aerial and Parker Highland Gym for commercial use in MLS #RX- 10281410 without license or permission from AAP, was in violation of 17 U.S.C. § 106 et seq.

207.    As a real estate salesman, LIST is chargeable with the actions taken on the MLS on properties for which he is a listing agent, and he maintains the right and ability to supervise the activity, including infringing activity, that takes place on his listed MLS listings.

208.    LIST's agreement to be a listing agent constitutes his consent to the publication of the information and photographs used on his listed MLS listings and made under his MLS login by LIST's agents.

209.    The infringing photographs are substantially similar to AAP's original Parker Highland aerial and Parker Highland Gym photographs.

210.    In violating 17 U.S.C. § 106 et seq., LIST's agents directly infringed on AAP's copyright in accordance with 17 U.S.C. § 501.

211.    As listing agent on MLS #RX- 10281410 LIST had the joint right and ability to make changes to the MLS listing, and therefore to exercise control over the actions of LIST's agents.

212.     Each time MLS #RX- 10281410 was displayed to potential buyers agents, buyers, or others through the MLS service the Parker Highland aerial and Parker Highland Gym photographs at issue were impermissibly vicariously published, reproduced, distributed, and publicly displayed by LIST as designated listing agent on the listing, causing injury to AAP.

213.     LIST has vicariously caused, enabled, facilitated, and/or materially contributed to the infringement, as each visit to his MLS listing #RX- 10281410 on the internet, MLS services, or through hard copy distribution constitutes a new act of infringement.

214.     LIST's vicarious unauthorized reproduction, distribution, and display of Parker Highland aerial and Parker Highland Gym each time MLS #RX- 10281410 is viewed, was discovered by Plaintiff on October 31, 2019, and on the Douglas Elliman website, to promote the sale of 4605 S Ocean Blvd, #7a (as depicted in Composite Exhibit "B").

215.     Parker Highland aerial as vicariously reproduced, distributed, and displayed, by LIST each time MLS #RX-10281410 was viewed, appear as cropped versions of the original. The cropping resulted in Plaintiff's copyright notice being removed from the image that was viewable by the public thus making future infringement of the photograph more likely, and further damaging AAP.

216.     Parker Highland Gym as vicariously reproduced, distributed, and displayed, by LIST, each time MLS #RX-10281410 was viewed, still shows Plaintiff's copyright notice therefore LIST was aware he had not authored nor licensed the use of that photograph, or was acting in reckless disregard of AAP's rights.

217.     Given that certain of the Selected 2013 Photographs infringed upon by LIST were modified to have AAP's copyright management information removed as specified above, LIST's agents were aware that AAP owns the rights to the photo.

218.    Given that certain of the Selected 2013 Photographs infringed upon by LIST's agents, still included AAP's copyright management information when published, as specified above, LIST's agents were aware that AAP owns the rights to the photos.

219.    LIST, as listing agent, intended to benefit from the reproduction, distribution, and public display, of the Parker Highland aerial and Parker Highland Gym photographs that appeared on the MLS #RX- 10281410 listing.

220.    LIST profited directly from and had a direct financial interest in the use, reproduction, and distribution of the Parker Highland aerial and Parker Highland Gym photographs as they allowed LIST to more effectively promote and sell the real estate listing by capturing, holding, and/or prolonging the attention of any visitor to the subject real estate listing, and provided a direct positive impact on LIST's sale of the real estate listing, brand, public image, and reputation.

221.    Photographs are valuable marketing tools for real estate agents that are a draw for potential buyers of LIST's listed property, and LIST would profit via commission when the property was sold, while AAP suffered loss of licensing revenue and loss of its ability to control the quality, composition, and distribution of its original works.

222.    LIST, as MLS subscriber, and expressly designated listing agent, maintains the ability to jointly control the selection of information and photographs used in his MLS listings, including #RX- 10281410, and could stop unlicensed photographs from being selected and uploaded, or make changes to the listing photographs at any time.

223.    LIST declined to exercise his right to stop any infringement, and had a direct financial interest in MLS #RX- 10281410.

224.    AAP has the exclusive rights to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the photographs in the Selected 2013 Photographs, including Parker Highland aerial and Parker Highland Gym.

225.    LIST's vicarious infringement of AAP's work is in reckless disregard of, with indifference to, or with willful blindness to, the rights of AAP.

226.    The infringements have caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

227.    As a direct and proximate result of LIST's acts of vicarious copyright infringement, AAP is entitled an award of actual damages (including, but not limited to, the value of AAP's licensing fee plus disgorgement of LIST's profits from the sale of the property referenced in this count), or statutory damages, in amounts to be determined at trial, which will compensate AAP for the injury caused by LIST's vicarious infringement.

228.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

229.    In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. LIST, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST, be permanently enjoined and restrained after this action this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that LIST created the either of the photos at issue in this case or that LIST's use, outside of the proper license to use same, is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for permanent injunction, LIST be required to turn over any photos at issue in this case bearing any copyrights;

c. LIST, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which LIST has no prior license;

d. AAP recover LIST's profits as well as the damages sustained by AAP due to LIST's vicarious infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. LIST be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which LIST has complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of LIST's conduct, including its willfulness;

g. LIST be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

### COUNT VIII– VICARIOUS COPYRIGHT INFRINGEMENT SELECTED 2015 PHOTOGRAPHS B
### (U.S. Copyright Reg. No. VA 1-971-919)
### (Against LIST)

230.     AAP adopts and incorporates the allegations of paragraphs 1-2, 7-15, 22-23, and 30-46, as if fully set forth herein.

231.     AAP owns a valid copyright registration for the Selected 2015 Photographs B, one (Toscana Sunrise aerial) or more of which have been impermissibly copied, displayed, and distributed by LIST on MLS #RX-10420799.  *See* Composite Exhibit "D."

232.     AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2015 Photographs B.

233.     In the alternative to LIST being directly liable as alleged in Count IV herein, AAP hereby alleges that LIST is vicariously liable for the infringements alleged.

234.     LIST, as expressly designated listing agent, *see* Composite Exhibit "D," upon information and belief was in active concert and participation with LIST's agents regarding the listing for the property marketed by MLS #RX-10420799 and LIST benefitted from decisions made related to the information and photographs contained in that MLS listing.

235.     Any action performed by LIST's agents, or any third party with access to edit the listing, to take the physical actions necessary to initially upload Toscana Sunrise aerial for commercial use in MLS #RX-10420799 without license or permission from AAP, was in violation of 17 U.S.C. § 106 et seq.

236.     As a real estate salesman, LIST is chargeable with the actions taken on the MLS on properties for which he is a listing agent, and he maintains the right and ability to supervise the activity, including infringing activity, that takes place on his listed MLS listings.

237.     LIST's agreement to be a listing agent constitutes his consent to the publication of the information and photographs used on his listed MLS listings and made under his MLS login by LIST's agents.

238.     The infringing photograph is substantially similar to AAP's original Toscana Sunrise aerial.

239.     In violating 17 U.S.C. § 106 et seq., LIST's agents directly infringed on AAP's copyright in accordance with 17 U.S.C. § 501.

240.     As listing agent on MLS #RX-10420799 LIST had the joint right and ability to make changes to the MLS listing, and therefore to exercise control over the actions of LIST's agents.

241.     Each time MLS #RX-10420799 was displayed to potential buyers agents, buyers, or others through the MLS service the Toscana Sunrise aerial photograph at issue was impermissibly vicariously published, reproduced, distributed, and publicly displayed by LIST as designated listing agent on the listing, causing injury to AAP.

242.     LIST has vicariously caused, enabled, facilitated, and/or materially contributed to the infringement, as each visit to his MLS listing #RX-10420799 on the internet, MLS services, or through hard copy distribution constitutes a new act of infringement.

243.     LIST's vicarious unauthorized reproduction, distribution, and display of Toscana Sunrise aerial each time MLS #RX- 10420799 is viewed, was discovered by Plaintiff June 27,

2018, and on the Douglas Elliman website, to promote the sale of 3700 S. Ocean Blvd., #903 (as depicted in Composite Exhibit "D").

244.    Toscana Sunrise aerial as vicariously published by LIST, still shows Plaintiff's copyright notice.

245.    On or about July 6, 2018, AAP made Douglas Elliman and third-party Realtors of the Palm Beaches and Greater Fort Lauderdale ("RAPB+GFLR") aware of the infringement.

246.    Thereafter, Toscana Sunrise aerial was removed from MLS # 10420799, but LIST, nor LIST's agents, ever resolved the issue of the infringement from April 6, 2018, to July 6, 2018. Further, as is evident throughout this Second Amended Complaint, LIST, continued to infringe upon many other of AAP's works with willful disregard for their authorship.

247.    Given that the Selected 2015 Photographs B infringed upon by LIST, still included AAP's copyright management information when vicariously published by LIST as specified above, LIST was aware that AAP owned the rights to the photos.

248.    LIST, as listing agent, intended to benefit from the reproduction, distribution, and public display, of the photographs that appeared on the MLS #RX-10420799 listing.

249.    LIST profited directly from and had a direct financial interest in the use, reproduction, and distribution of the Toscana Sunrise aerial photograph as it allowed LIST to more effectively promote and sell the real estate listing by capturing, holding, and/or prolonging the attention of any visitor to the subject real estate listing, and provided a direct positive impact on LIST's sale of the real estate listing, brand, public image, and reputation.

250.    Photographs are valuable marketing tools for real estate agents that are a draw for potential buyers of LIST's listed property, and LIST would profit via commission when the

property was sold, while AAP suffered loss of licensing revenue and loss of its ability to control the quality, composition, and distribution of its original works.

251.     LIST, as MLS subscriber, and expressly designated listing agent, maintains the ability to jointly control the selection of information and photographs used in his MLS listings, including #RX-10420799, and could stop unlicensed photographs from being selected and uploaded, or make changes to the listing photographs at any time.

252.     LIST declined to exercise his right to stop any infringement, had a direct financial interest in MLS #RX-10420799.

253.     AAP has the exclusive rights to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the photographs in the Selected 2015 Photographs B, including Toscana Sunrise aerial.

254.     LIST's vicarious infringement of AAP's work is in reckless disregard of, with indifference to, or with willful blindness to, the rights of AAP.

255.     The infringements have caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

256.     As a direct and proximate result of LIST's acts of vicarious copyright infringement, AAP is entitled an award of actual damages (including, but not limited to, the value of AAP's licensing fee plus disgorgement of LIST's profits from the sale of the property referenced in this count), in amounts to be determined at trial, which will compensate AAP for the injury caused by LIST's vicarious infringement.

257.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

258.     In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. LIST, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST, be permanently enjoined and restrained after this action this action from:

    i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

    ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

    iii. Doing any other act or thing likely to, or calculated to, induce the belief that LIST created the either of the photos at issue in this case or that LIST's use, outside of the proper license to use same, is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for permanent injunction, LIST be required to turn over any photos at issue in this case bearing any copyrights;

c. LIST, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which LIST has no prior license;

d. AAP recover LIST's profits as well as the damages sustained by AAP due to LIST's vicarious infringement of AAP's copyright;

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

e. LIST be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which LIST has complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of LIST's conduct, including its willfulness;

g. LIST be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements; and,

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT IX– VICARIOUS COPYRIGHT INFRINGEMENT SELECTED 2016 PHOTOGRAPHS B
### U.S. Copyright Reg. No. VA 2-118-212)
### (Against LIST)

259.     AAP adopts and incorporates the allegations of paragraphs 1-2, 7-15, 26-27, and 30-46, as if fully set forth herein.

260.     AAP owns a valid copyright registration for the Selected 2016 Photographs B, one or more of which (Camino Gardens Park) has been impermissibly copied, displayed, and distributed by LIST, on MLS #RX- 10441957.  *See* Composite Exhibit "F."

261.     In the alternative to LIST being directly liable as alleged in Count V herein, AAP hereby alleges that LIST is vicariously liable for the infringements alleged.

262.     LIST, as expressly designated listing agent, *see* Composite Exhibit "F," upon information and belief was in active concert and participation with LIST's agents regarding the listing for the property marketed by MLS #RX-10441957 and LIST benefitted from decisions made related to the information and photographs contained in that MLS listing.

263.     Any action performed by LIST's agents, or any third party with access to edit the listing, to take the physical actions necessary to initially upload Camino Gardens Park for commercial use in MLS #RX- 10441957 without license or permission from AAP, was in violation of 17 U.S.C. § 106 et seq.

264.     As a real estate salesman, LIST is chargeable with the actions taken on the MLS on properties for which he is a listing agent, and he maintains the right and ability to supervise the activity, including infringing activity, that takes place on his listed MLS listings.

265.     LIST's agreement to be a listing agent constitutes his consent to the publication of the information and photographs used on his listed MLS listings and made under his MLS login by LIST's agents.

266.     The infringing photograph is substantially similar to AAP's original Camino Gardens Park photograph.

267.     In violating 17 U.S.C. § 106 et seq., LIST's agents directly infringed on AAP's copyright in accordance with 17 U.S.C. § 501.

268.     As listing agent on MLS #RX- 10441957, LIST had the joint right and ability to make changes to the MLS listing, and therefore to exercise control over the actions of LIST's agents.

269.     Each time MLS #RX- 10441957 was displayed to potential renters agents, renters, or others through the MLS service the Camino Gardens Park photograph at issue was impermissibly vicariously published, reproduced, distributed, and publicly displayed by LIST as designated listing agent on the listing, causing injury to AAP.

270.     LIST has vicariously caused, enabled, facilitated, and/or materially contributed to the infringement, as each visit to his MLS listing #RX- 10441957 on the internet, MLS services, or through hard copy distribution constitutes a new act of infringement.

271.     LIST's vicarious unauthorized reproduction, distribution, and display of Camino Gardens Park each time MLS #RX- 10441957 is viewed, and on www.zillow.com and www.trulia.com, to promote the rental of 990 Tamarind Way, was discovered by Plaintiff October 31, 2019, (as depicted in Composite Exhibit "F").

272.     Camino Gardens Park, as vicariously reproduced, distributed, and displayed, by LIST, each time MLS #RX-10441957 was viewed, still shows Plaintiff's copyright notice therefore LIST was aware he had not authored nor licensed the use of that photograph, or was acting in reckless disregard of AAP's rights.

273.     Given that certain of the Selected 2016 Photographs B infringed upon by LIST's agents, still included AAP's copyright management information when vicariously published, reproduced, distributed, and publicly displayed, as specified above, LIST's agents were aware that AAP owns the rights to the photos.

274.     LIST, as listing agent, intended to benefit from the reproduction, distribution, and public display, of the Camino Gardens Park photograph that appeared on the MLS #RX- 10441957 listing.

275.     LIST profited directly from and had a direct financial interest in the use, reproduction, and distribution of the Camino Gardens Park photograph as it allowed LIST to more effectively promote and sell the real estate listing by capturing, holding, and/or prolonging the attention of any visitor to the subject real estate listing, and provided a direct positive impact on LIST's sale of the real estate listing, brand, public image, and reputation.

276.     Photographs are valuable marketing tools for real estate agents that are a draw for potential buyers of LIST's listed property, and LIST would profit via commission when the property was rented, while AAP suffered loss of licensing revenue and loss of its ability to control the quality, composition, and distribution of its original works.

277.     LIST, as MLS subscriber, and expressly designated listing agent, maintains the ability to jointly control the selection of information and photographs used in his MLS listings, including #RX- 10441957, and could stop unlicensed photographs from being selected and uploaded, or make changes to the listing photographs at any time.

278.     LIST declined to exercise his right to stop any infringement, and had a direct financial interest in MLS #RX- 10441957.

279.     AAP has the exclusive rights to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the photographs in the Selected 2016 Photographs B, including Camino Gardens Park.

280.     LIST's vicarious infringement of AAP's work is in reckless disregard of, with indifference to, or with willful blindness to, the rights of AAP.

281.     The infringements have caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

282.     As a direct and proximate result of LIST's acts of vicarious copyright infringement, AAP is entitled an award of actual damages (including, but not limited to, the value of AAP's licensing fee plus disgorgement of LIST's profits from the sale of the property referenced in this count), or statutory damages, in amounts to be determined at trial, which will compensate AAP for the injury caused by LIST's vicarious infringement.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

283.   AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

284.   In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. LIST, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST, be permanently enjoined and restrained after this action this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that LIST created the either of the photos at issue in this case or that LIST's use, outside of the proper license to use same, is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for permanent injunction, LIST be required to turn over any photos at issue in this case bearing any copyrights;

c. LIST, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which LIST has no prior license;

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

d. AAP recover LIST's profits as well as the damages sustained by AAP due to LIST's vicarious infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. LIST be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which LIST has complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of LIST's conduct, including its willfulness;

g. LIST be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT X– VICARIOUS COPYRIGHT INFRINGEMENT SELECTED 2013 PHOTOGRAPHS C
### (U.S. Copyright Reg. No. VA 2-182-921)
### (Against LIST)

285.    AAP adopts and incorporates the allegations of paragraphs 1-2, 7-15, 28-29, and 30-46, as if fully set forth herein.

286.    AAP owns a valid copyright registration for the Selected 2013 Photographs C, two (Parker Highland Lobby and Parker Highland Master Bathroom) or more of which have been impermissibly copied, displayed, and distributed by LIST on MLS #RX-10281410.   *See* Composite Exhibit "G."

287.     AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2013 Photographs C.

288.     In the alternative to LIST being directly liable as alleged in Count VI herein, AAP hereby alleges that LIST is vicariously liable for the infringements alleged.

289.     LIST, as expressly designated listing agent, *see* Composite Exhibit "G," upon information and belief was in active concert and participation with LIST's agents regarding the listing for the property marketed by MLS #RX-10281410 and LIST benefitted from decisions made related to the information and photographs contained in that MLS listing.

290.     Any action performed by LIST's agents, or any third party with access to edit the listing, to take the physical actions necessary to initially upload Parker Highland Lobby and Parker Highland Master Bathroom for commercial use in MLS #RX-10281410 without license or permission from AAP, was in violation of 17 U.S.C. § 106 et seq.

291.     As a real estate salesman, LIST is chargeable with the actions taken on the MLS on properties for which he is a listing agent, and he maintains the right and ability to supervise the activity, including infringing activity, that takes place on his listed MLS listings.

292.     LIST's agreement to be a listing agent constitutes his consent to the publication of the information and photographs used on his listed MLS listings and made under his MLS login by LIST's agents.

293.     The infringing photographs are substantially similar to AAP's original Parker Highland Lobby and Parker Highland Master Bathroom.

294.     In violating 17 U.S.C. § 106 et seq., LIST's agents directly infringed on AAP's copyright in accordance with 17 U.S.C. § 501.

295.    As listing agent on MLS #RX-10281410 LIST had the joint right and ability to make changes to the MLS listing, and therefore to exercise control over the actions of LIST's agents.

296.    Each time MLS #RX-10281410 was displayed to potential buyers agents, buyers, or others through the MLS service the Parker Highland Lobby and Parker Highland Master Bathroom photographs at issue were impermissibly vicariously published, reproduced, distributed, and publicly displayed by LIST as designated listing agent on the listing, causing injury to AAP.

297.    LIST has vicariously caused, enabled, facilitated, and/or materially contributed to the infringement, as each visit to his MLS listing #RX-10281410 on the internet, MLS services, or through hard copy distribution constitutes a new act of infringement.

298.    LIST's vicarious unauthorized reproduction, distribution, and display of Parker Highland Lobby and Parker Highland Master Bathroom each time MLS #RX- 10281410 is viewed, was discovered by Plaintiff November 21, 2019, to promote the sale of 4605 S. Ocean Blvd, #7a (as depicted in Composite Exhibit "G").

299.    Parker Highland Lobby, and Parker Highland Master Bathroom, as vicariously reproduced, distributed, and publicly displayed by LIST were cropped from their original formats. The cropping resulted in Plaintiff's copyright notice and other composition of the photograph being removed from the image that was viewable by the public, thus making future infringement of the photographs more likely, and further damaging AAP.

300.    LIST's agents knew that LIST did not author the Parker Highland Lobby and Parker Highland Master Bathroom photograph, thus, LIST's agents and LIST acted with reckless disregard for, or with willful blindness to AAP's rights when they initiated and continued the infringing conduct.

301.    Parker Highland Master Bathroom is actually a photograph of the master bathroom from Penthouse C of 4605 S. Ocean Blvd.  However, LIST's agents, and vicariously LIST, in addition to willfully infringing on AAP's copyright in that photo, also used the photo to perpetrate a fraud against potential buyers for LIST's own benefit in promoting the MLS listing #10281410 by misrepresenting Parker Highland Master Bathroom as if it were a photo of the master bathroom of unit #7a marketed in the subject MLS #RX- 10281410.

302.    LIST, as listing agent, intended to benefit from the reproduction, distribution, and public display, of the photographs that appeared on the MLS #RX-10281410 listing.

303.    LIST profited directly from and had a direct financial interest in the use, reproduction, and distribution of the Parker Highland Lobby and Parker Highland Master Bathroom photograph as they allowed LIST to more effectively promote and sell the real estate listing by capturing, holding, and/or prolonging the attention of any visitor to the subject real estate listing, and provided a direct positive impact on LIST's sale of the real estate listing, brand, public image, and reputation.

304.    Photographs are valuable marketing tools for real estate agents that are a draw for potential buyers of LIST's listed property, and LIST would profit via commission when the property was sold, while AAP suffered loss of licensing revenue and loss of its ability to control the quality, composition, and distribution of its original works.

305.    LIST, as MLS subscriber, and expressly designated listing agent, maintains the ability to jointly control the selection of information and photographs used in his MLS listings, including #RX-10281410, and could stop unlicensed photographs from being selected and uploaded, or make changes to the listing photographs at any time.

306. LIST declined to exercise his right to stop any infringement, had a direct financial interest in MLS #RX-10281410.

307. AAP has the exclusive rights to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the photographs in the Selected 2013 Photographs C, including Parker Highland Lobby and Parker Highland Master Bathroom.

308. LIST's vicarious infringement of AAP's work is in reckless disregard of, with indifference to, or with willful blindness to, the rights of AAP.

309. The infringements have caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

310. As a direct and proximate result of LIST's acts of vicarious copyright infringement, AAP is entitled an award of actual damages (including, but not limited to, the value of AAP's licensing fee plus disgorgement of LIST's profits from the sale of the property referenced in this count), in amounts to be determined at trial, which will compensate AAP for the injury caused by LIST's vicarious infringement.

311. AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

312. In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. LIST, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST, be permanently enjoined and restrained after this action this action from:

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that LIST created the either of the photos at issue in this case or that LIST's use, outside of the proper license to use same, is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for permanent injunction, LIST be required to turn over any photos at issue in this case bearing any copyrights;

c. LIST, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which LIST has no prior license;

d. AAP recover LIST's profits as well as the damages sustained by AAP due to LIST's vicarious infringement of AAP's copyright;

e. LIST be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which LIST has complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of LIST's conduct, including its willfulness;

g. LIST be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements; and,

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

### COUNT XI - ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
### (Violation of 17 U.S.C. § 1202(b))
### (Against LIST)

313.    AAP adopts and incorporates the allegations of paragraphs 1-2, 7-15, 18-21, 28-29, and 30-46, 111, 114, 193, 196, 215, 217, and 299, as if fully set forth herein.

314.    Copyright management information ("CMI"), as defined by the Digital Millennium Copyright Act, is information conveyed with a copyrighted work which identifies the owner and nature of the copyright.

315.    AAP's Selected 2013 Photographs, and Selected 2013 Photographs C, include CMI in the form of a copyright-ownership notice placed in the lower left or right hand corner of each.

316.    As set forth in Count III and VI LIST removed CMI from AAP's Selected 2013 Photographs, and Selected 2013 Photographs C, when publishing them to the infringing MLS listings and/or websites as depicted in Composite Exhibits B, and G, hereto.

317.    LIST knowingly, and with the intent to induce, enable, facilitate, or conceal infringement, provided and/or distributed incomplete CMI which fails to show the true owner of the copyright.

318.    LIST unlawfully and intentionally removed and/or altered the CMI for Selected 2013 Photographs, and Selected 2013 Photographs C, without AAP's authority.

319.     LIST, unlawfully and without authority, has copied and distributed the AAP's Selected 2013 Photographs, and Selected 2013 Photographs C, with the knowledge that the CMI had been removed or altered without permission from AAP, the copyright owner.

320.     The natural, probable, and foreseeable consequence of LIST, wrongful conduct is to deprive, and to continue to deprive, AAP of the benefits of its intellectual property, and its ability to license, market, and promote the Selected 2013 Photographs, and Selected 2013 Photographs C.

321.     LIST knew, or should have known, that modifying AAP's CMI in this manner would be directly infringing AAP's copyrights under 17 U.S.C. § 106.

322.     LIST knew, or should have known, that each viewing of the altered Selected 2013 Photographs, and Selected 2013 Photographs C, by a third party would violate the integrity of Plaintiff's CMI under 17 U.S.C. § 1202.

323.     LIST has received a direct financial benefit from these violations.

324.     LIST's willful, intentional, deliberate, and malicious violations of the integrity of the CMI has damaged and continues to damage AAP in a manner that is irreparable in nature.

325.     AAP is without an adequate remedy at law.

**WHEREFORE,** Plaintiff prays that the Court:

a. Order LIST, his agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with LIST, be permanently enjoined and restrained after this from altering or omitting AAP's CMI from AAP photographs;

b. Order the cessation, impoundment, and destruction of any device or product involved in LIST's CMI violations;

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

     c. Award, at AAP's election, actual damages and LIST's profits, or statutory damages for each violation;

     d. Award costs and attorney's fees pursuant to 17 U.S.C. § 1203; and,

     e. Grant such other and further relief as this Court deems just, fair, and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury for all issues so triable.

Dated: September 9, 2021           Respectfully submitted,

         By: <u>s/ Spensyr Ann Krebsbach</u>
         Lorri Lomnitzer
         Florida Bar No.: 37632
         Lorri@Lomnitzerlaw.com
         Spensyr Ann Krebsbach
         Florida Bar No.: 85132
         sak@Lomnitzerlaw.com
         THE LOMNITZER LAW FIRM, P.A.
         7999 N. Federal Highway, Suite 202
         Boca Raton, FL 33487
         Telephone: (561) 953-9300
         Fax: (561) 953-3455
         *Attorneys for Plaintiff*