**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 9:20-cv-81985-WPD**

Affordable Aerial Photography, Inc.,

      Plaintiff,

vs.

Matthew Bachrad, an individual, and
John List, an individual.

      Defendants.

_____/

## DEFENDANT JOHN LIST'S ANSWER AND AFFIRMATIVE DEFENSES AND OTHER DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant John List ("Defendant" or Defendant List") by and through the under-signed counsel, responds to Plaintiff's Second Amended Complaint as follows.  Defendant's usage of the headings set forth in the Complaint is for organizational purposes only and is not to be taken as any admission to any allegations which are set forth within the headings.

## NATURE OF THE ACTION

1.  Defendant List admits that Plaintiff's claims are brought under the Copyright Act, 17 U.S.C. § 17 U.S.C. 106 but denies that it is entitled to relief.  Defendant is without

knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and therefore denies them.

## THE PARTIES

2.      Defendant List only admits that Stevens has been high-end real estate photographer and is without knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 2 and therefore denies them.

**3.**      Defendant List admits to only knowing that Defendant Matthew Bachrad is a Florida-based licensed real estate agent.

4.      Defendant List is without knowledge or information to form a belief as to the truth of the allegations involving Defendant Bachrad in Paragraph 4 and therefore de-nies them.

5.      Defendant List is without knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 5 and therefore denies them.

6.      Defendant List admits the allegations in Paragraph 6.

7.      Defendant List admits that his place of residence is the address listed on his real estate agent license with the Florida Department of Business Regulation and that this address is on file with Douglas Elliman.

8.      Defendant List denies that he was concealing his whereabouts and evad-ing service.

9.      Defendant denies the allegations in Paragraph 9 as the relate to him.

## JURISDICTION AND VENUE

10.      Defendant List admits that this Court has jurisdiction under the Copyright Act but denies that the Plaintiff is entitled to any relief whatsoever. Plaintiff purports to bring claims under the Copyright Act of 1976.

11.      Defendant List admits only that venue is proper as to himself because he resides in Palm Beach County.

12.      Defendant List admits only that he conducts business within South Florida which encompasses Palm Beach County.

## THE COPYRIGHTED WORKS AT ISSUE

13.      Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies them.

14.      Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies them.

15.      Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies them.

16.      Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies them.

17.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies them.

18.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies them.

19.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies them.

20.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies them.

21.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies them.

22.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies them.

23.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore denies them.

24.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies them.

25.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies them.

26.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies them.

27.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and therefore denies them.

28.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore denies them.

29.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore denies them.

30.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies them.

## <u>BACKGROUND FACTS</u>

31.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies them.

32.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies them.

33.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies them.

34.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and therefore denies them.

35.     Defendant List admits only that he is aware that Stevens was personally known in Palm Beach County for his "balloon" approach many years ago to taking photographs but is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 35 and therefore denies them.

36.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore denies them.

37.      Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and therefore denies them.

38.      Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and therefore denies them.

39.      Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore denies them.

40.      Defendant List admits to the allegations in paragraph 40.

41.      Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies them.

42.      Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore denies them.

43.      The allegations in Paragraph 43 are legal conclusions to which no response is required.

44.      The allegations in paragraph 44 are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant List

admits to being associated with former defendant Douglas Elliman as a licensed real estate agent.

45.      The allegations in paragraph 45 are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant List admits to being associated with former defendant Douglas Elliman as a licensed real estate agent.

46.      Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and therefore denies them.

**SPECIFIC COUNTS SEEKING AFFIRMATIVE RELIEF AGAINST      DEFEND-ANT LIST[1]**

**COUNT III – COPYRIGHT INFRINGEMENT [OF] SELECTED 2010 PHOTOGRAPHS**
**(U.S. Copyright Reg. No. No. VA 1-947-093)**
**(Against Defendant LIST)**

95.      Defendant List adopts and incorporates his responses to the allegations repeated in paragraphs 1-2, 7-15, 18-21 and 30-46 as if fully set forth herein.

96.      Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 as they relate to the validity of the Plaintiff's cited copyright registration and therefore denies the allegations related to impermissible copying, displaying, and distribution of the specified photographs.

97.      Defendant List admits that he is specified as the listing agent for the cited MLS reference number for the associated property.

---

[1] The paragraphs are numbered to be consistent with the Plaintiff's numbering within the Complaint.

98.     Defendant List denies the allegations in Paragraph 98 as they relate to his access to the specified aerial and gym photographs.  He is without knowledge or information sufficient to form a belief as to the truth of the allegations of whether the specified photographs appearing on the MLS were viewed, copied, and/or distributed.  He admits that the specified photographs appear to be similar to two of photos included on the MLS listing.

99.     Defendant List admits that he may be chargeable for actions taken on the MLS on properties for which he is a listing agent including the publication and photographs used on his MLS listings and made under his account.

100.    Defendant List admits that the history for the specified listing shows listing changes ostensibly made my him personally.  He denies that he personally uploaded the two photographs specified under this Count or authorized anybody to do so.

101.    Defendant List only admits that the two photographs appeared in the MLS which designated him as the listing agent and denies that AAP suffered injury as a result of the MLS listing.

102.    Defendant List denies the allegation as written but does admit that as a Listing Agent, he may have obligations concerning the usage of and display of photographs displayed on his MLS listing.

103.    Defendant List admits that listing agents, their authorized representatives or even the real estate brokerage firm with whom the licensed agent is affiliated such as Douglas Elliman have the ability to select the photographs to be posted in an MLS

listing, make changes to the MLS content at any time, and remove any photograph from the MLS listing which are known to be unlicensed.

104.    Defendant List denies the allegations in Paragraph 104.

105.    Defendant List denies the allegations in Paragraph 105

106.    Defendant List denies the allegations in Paragraph 106.

107.    Defendant List denies the allegations in Paragraph 107.

108.    Defendant List denies the allegations in Paragraph 108.

109.    Defendant List admits that photographs are valuable marketing tools for real estate agents but is without knowledge as to the rest of the allegations and therefore denies them.

110.    Defendant List admits the allegations in Paragraph 110 as they relate to a copyright owner's rights.

111.    Defendant List denies the allegations in Paragraph 111.

112.    Defendant List denies the allegations in paragraph 112.

113.    Defendant List denies the allegations in paragraph 113.

114.    Defendant List denies the allegations in paragraph 114.

115.    Defendant List denies the allegations in paragraph 115.

116.    Defendant List denies the allegations in paragraph 116.

117.    Defendant List denies the allegations in paragraph 117.

118.    Defendant List denies the allegations in paragraph 118.

119.    Defendant List denies the allegations in paragraph 119.

120.    Defendant List is without sufficient knowledge or information to form a be-lief as to the truth of the allegations and therefore denies the allegations in paragraph 120.

Defendant is without knowledge or information to form a belief as to the truth of the allegations in the unnumbered *ad damnum* clause following paragraph 120 and therefore denies that Plaintiff is entitled to any relief whatsoever.

## COUNT IV – COPYRIGHT INFRINGEMENT [OF] SELECTED 2010 PHOTOGRAPHS
### (U.S. Copyright Reg. No. No. VA 1-971-919)
### (Against Defendant List)

121.    Defendant List adopts and incorporates his responses to the allegations of paragraphs 1-2, 7-15, 22-23, and 30-46 as if fully set forth herein

122.    Defendant List is without knowledge or information sufficient to form a be-lief as to the truth of the allegations contained in paragraph 122 as they relate to the va-lidity of the Plaintiff's cited copyright registration and therefore denies the allegations re-lated to impermissible copying, displaying, and distribution of the specified photograph.

123.    Defendant List is without knowledge or information sufficient to form a be-lief as to the truth of the allegations contained in paragraph 123 concerning Plaintiff's exclusive rights and therefore denies them.

124.    Defendant List admits that he is the listing agent for the cited MLS.

125.     Defendant List denies the allegations in paragraph 125 as they relate to his access to the specified Toscana Sunrise aerial.  He is without knowledge or information sufficient to form a belief as to the truth of the allegations of whether the specified photograph appearing on the MLS was viewed, copied, and/or distributed.  He admits that the specified photograph appears to be similar to aerial photograph included on the MLS listing.

126.     Defendant List admits that he may be chargeable for actions taken on the MLS on properties for which he is a listing agent including the publication and photographs used on his MLS listings and made under his account.

127.     Defendant List admits that the cited MLS history shows the listing changes ostensibly made by him personally.  He denies that he personally uploaded the photograph specified under this Count or authorized anybody to do so.

128.     Defendant List only admits that the Toscana Sunrise aerial photograph appeared in the MLS which designated him as the listing agent and denies that AAP suffered injury as a result of the MLS listing.

129.     Defendant List denies the allegation as written but does admit that as a Listing Agent, he may have obligations concerning the usage of and display of photographs displayed on his MLS listing.

130.     Defendant List admits that listing agents, their authorized representatives or even the real estate brokerage firm with whom the licensed agent is affiliated such as Douglas Elliman have the ability to select the photographs to be posted in an MLS

listing, make changes to the MLS content at any time, and remove any photograph from the MLS listing which are known to be unlicensed.

131.     Defendant List denies the allegations in paragraph 131.

132.     Defendant List denies the allegations in paragraph 132.

133.     Defendant List denies the allegations in paragraph 133.

134.     Defendant List denies the allegations in paragraph 134.

135.     Defendant List denies the allegations in paragraph 135.

136.     Defendant List admits that photographs are valuable marketing tools for real estate agents but is without knowledge as to the rest of the allegations and therefore denies them.

137.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 as the related to the AAP's specified AAP's rights and therefore denies the allegations.

138.     Defendant List is without sufficient knowledge as to when the Plaintiff discovered the aerial photograph on the cited MLS listing and the Douglas Elliman website and denies the rest of the allegations.

139.     Defendant denies that he had personal knowledge of AAP's notification of Douglas Elliman and RAPB + GLFR because he was dealing with the recent passing of his wife after a long illness and was out of the office.

140.     Defendant List admits that the photograph was removed from the MLS listing on or about July 6, 2018 according to the MLS history.  He denies the rest of the allegations in paragraph 140.

141.     Defendant List denies the allegations in paragraph 141.

142.     Defendant List denies the allegations in paragraph 142.

143.     Defendant List denies the allegations in paragraph 143.

144.     Defendant List denies the allegations in paragraph 144.

145.     Defendant List denies the allegations in paragraph 145.

146.     Defendant List denies the allegations in paragraph 146.

147.     Defendant List denies the allegations in in paragraph 147.

148.     Defendant List is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations in paragraph 148.

Defendant List is without sufficient knowledge or information to form a belief as to the truth of the allegations in the *ad damnum* clause following paragraph 148 and therefore denies that Plaintiff is entitled to any relief whatsoever.

## COUNT V– COPYRIGHT INFRINGEMENT [OF] SELECTED 2010 PHOTOGRAPHS
### (U.S. Copyright Reg. No. No. VA 2-118-212)
### (Against Defendant LIST)

149.     Defendant adopts and incorporates his responses to the allegations repeated in paragraphs 1-2, 7-15, 26-27 and 30-46, as if fully set forth herein.

150.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 as they relate to the validity of the Plaintiff's cited copyright registration for the specified photograph and therefore denies the allegations related to impermissible copying, displaying, and distribution of the specified photograph.

151.     Defendant List admits that he is the designated <u>rental</u> listing agent for the cited MLS.  Another realtor was the listing agent when the same property was on the "for sale" market.

152.     Defendant List denies the allegations in paragraph 152 as they relate to his access to the specified Camino Gardens Park photograph and is without knowledge or information sufficient to form a belief as to the truth of the allegations of whether the specified photograph appearing on the MLS was viewed, copied, and/or distributed.  He admits that the specified photograph appears to be similar to the photograph included on the MLS listing.

153.     Defendant List admits that he may be chargeable for actions taken on the MLS on properties for which he is a listing agent including the publication and photographs used on his MLS listings and made under his account.

154.     Defendant List admits that the cited MLS history shows the listing changes ostensibly made by him personally after he became the rental listing agent.  He denies that he personally uploaded the photograph specified under this Count or authorized anybody to do so.

155.     Defendant List only admits that the cited Camino Gardens Park photo-
graph appeared in the MLS which designated him as the listing rental agent and denies
that AAP suffered injury as a result of the MLS listing.

156.     Defendant List denies the allegation in paragraph 156 as written but does
admit that as a Listing Agent, he may have obligations concerning the usage of and dis-
play of photographs displayed on his MLS listing.

157.     Defendant List admits that listing agents, their authorized representatives
or even the real estate brokerage firm with whom the licensed agent is affiliated such as
Douglas Elliman have the ability to select the photographs to be posted in an MLS list-
ing, make changes to the MLS content at any time, and remove any photograph from
the MLS listing which are known to be unlicensed.

158.     Defendant List denies the allegations in paragraph 158.

159.     Defendant List denies the allegations in paragraph 159.

160.     Defendant List denies the allegations in paragraph 160.

161.     Defendant List denies the allegations in paragraph 161.

162.     Defendant List denies the allegations in paragraph 162.

163.     Defendant List admits that photographs are valuable marketing tools for
real estate agents but is without knowledge as to the rest of the allegations in paragraph
163 and therefore denies them.

164.     Defendant List is without knowledge or information sufficient to form a be-lief as to the truth of the allegations contained in paragraph 164 as the related to the AAP's specified AAP's rights and therefore denies the allegations.

165.     Defendant List is without sufficient knowledge as to when the Plaintiff dis-covered the Camino Gardens Park photograph on the two cited websites and therefore denies the rest of the allegations in paragraph 165.

166.     Defendant List denies the allegations in paragraph 166.

167.     Defendant List denies the allegations in paragraph 167.

168.     Defendant List denies the allegations in paragraph 168.

169.     Defendant List denies the allegations in paragraph 169.

170.     Defendant List denies the allegations in paragraph 170.

171.     Defendant List denies the allegations in paragraph 171.

172.     Defendant List denies the allegations in paragraph 172.

173.     Defendant List is without sufficient knowledge or information to form a be-lief as to the truth of the allegations and therefore denies the allegations in paragraph 173.

Defendant List is without sufficient knowledge or information to form a belief as to the truth of the allegations in the *ad damnum* clause following paragraph 173 and there-fore denies that Plaintiff is entitled to any relief whatsoever.

**COUNT VI – COPYRIGHT INFRINGEMENT [OF] SELECTED 2010 PHOTOGRAPHS**
**(U.S. Copyright Reg. No. No. VA 2-182-921)**

**(Against Defendant LIST)**

174.     Defendant adopts and incorporates his responses to the allegations of paragraphs 1-2, 7-15, 28-29, and 30-46 as if fully set forth herein.

175.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175 as they relate to the validity of the Plaintiff's cited copyright registration and therefore denies the allegations related to impermissible copying, displaying, and distribution of the specified photographs.

176.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176 concerning Plaintiff's exclusive rights and therefore denies them.

177.     Defendant List admits that he is the designated listing agent for the cited MLS.

178.     Defendant List denies the allegations in paragraph 178 as they relate to his access to the two specified Parker Highland photographs photograph and is without knowledge or information sufficient to form a belief as to the truth of the allegations of whether the specified photographs appearing on the MLS was viewed, copied, and/or distributed.  He admits that the specified photographs appear to be similar to the two photographs included on the MLS listing.

179.     Defendant List admits that he may be chargeable for actions taken on the MLS on properties for which he is a listing agent including the publication and photographs used on his MLS listings and made under his account.

180.      Defendant List admits that the cited MLS history shows the listing changes ostensibly made by him personally. He denies that he personally uploaded the photograph specified under this Count or authorized anybody to do so.

181.      Defendant List only admits that the cited two Parker Highland photographs appeared in the MLS which designated him as the listing rental agent and denies that AAP suffered injury as a result of the MLS listing.

182.      Defendant List denies the allegation as written but does admit that as a Listing Agent, he may have obligations concerning the usage of and display of photographs displayed on his MLS listing.

183.      Defendant List admits that listing agents, their authorized representatives or even the real estate brokerage firm with whom the licensed agent is affiliated such as Douglas Elliman have the ability to select the photographs to be posted in an MLS listing, make changes to the MLS content at any time, and remove any photograph from the MLS listing which are known to be unlicensed.

184.      Defendant List denies the allegations in paragraph 184.

185.      Defendant List denies the allegations in paragraph 185.

186.      Defendant List denies the allegations in paragraph 186.

187.      Defendant List denies the allegations in paragraph 187.

188.      Defendant List denies the allegations in paragraph 188.

189.      Defendant List denies the allegations in paragraph 189.

190.     Defendant List admits that photographs are valuable marketing tools for real estate agents but is without knowledge as to the rest of the allegations to form a belief as to the truth of the allegations in paragraph 189 and therefore denies them.

191.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 190 as they relate to AAP's specified AAP's rights and therefore denies the allegations.

192.     Defendant List is without sufficient knowledge as to when the Plaintiff discovered the two specified photographs on the MLS listing to form a belief as to the truth of the allegations in paragraph 191 and therefore denies them.

193.     Defendant List denies the allegations in paragraph 193.

194.     Defendant List denies the allegations in paragraph 194.

195.     Defendant List denies the allegations in paragraph 195.

196.     Defendant List denies the allegations in paragraph 196.

197.     Defendant List denies the allegations in paragraph 197.

198.     Defendant List denies the allegations in paragraph 198.

199.     Defendant List denies the allegations in paragraph 199.

200.     Defendant List denies the allegations in paragraph 200.

201.     Defendant List is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations in paragraph 201.

Defendant List is without sufficient knowledge or information to form a belief as to the truth of the allegations in the *ad damnum* clause following paragraph 201 and therefore denies that Plaintiff is entitled to any relief whatsoever.

### COUNT VII – VICARIOUS COPYRIGHT INFRINGEMENT [OF] SELECTED 2013 PHOTOGRAPHS
**(U.S. Copyright Reg. No. VA 1-947-093)**

202.     Defendant List adopts and incorporates the allegations of 1-2, 7-15, 18-21, and 30-46 as if fully set forth herein.

203.     Defendant List denies the allegations in paragraph 203.

204.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 204 as they relate to the validity of the Plaintiff's cited copyright registration and therefore denies the allegations related to impermissible copying, displaying, and distribution of the specified photographs.

205.     Defendant List denies the allegations because during the time in question he was dealing with serious personal problems resulting in the death of his wife after a difficult illness in June 2018.  As it turned out, the property in the MLS listing never sold and is off the market.

206.     Defendant List denies the allegations in paragraph 206.

207.     Defendant List admits that he may be chargeable for actions taken on the MLS on properties for which he is a listing agent including the publication and photographs used on his MLS listings and made under his account.

208.     Defendant List admits to the allegations in paragraph 208 as to the relationship between the MLS and all listing agents including himself.

209.     Defendant List admits that the cited two Parker Highland photographs in the cited MLS appear to be similar to the Plaintiff's allegedly copyrighted photographs provided in its Complaint.

210.     Defendant List is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations in paragraph 210.

211.     Defendant List admits to the allegations in paragraph as they relate to the joint right and ability for employees and staff members under the control of Douglas Elliman and on which he relied during the period his wife was very ill and after she passed away in June 2018.

212.     Defendant List denies the allegations in paragraph 212.

213.     Defendant List denies the allegations in paragraph 213.

214.     Defendant List is without sufficient knowledge to form a belief as to the truth concerning the day on which Plaintiff allegedly discovered the two specified photographs on the MLS listing and Douglas Elliman website and therefore denies the allegations.

215.     Defendant List denies the allegations in paragraph 215.

216.     Defendant List denies the allegations of paragraph 216.

217.     Defendant List denies that any copyright management information was ever modified by him or anybody else to the best of his knowledge.  He denies any knowledge as to whether any agent posting the specified photographs on his behalf had any knowledge whatsoever of Plaintiff's alleged rights in the photographs.

218.     Defendant List admits only that the usage of photographs on MLS listings is a common trade practice in the real estate market industry to promote sales from which a listing agent can benefit if the property sells.  The broker also benefits.   Here, the listed property never sold and has been taken off the market.

219.     Defendant List denies the allegations in paragraph 219.

220.     Defendant List admits that photographs are valuable marketing tools for real estate agents but is without knowledge as to the rest of the allegations to form a belief as to the truth of the allegations in paragraph 220 and therefore denies them.

221.     Defendant List admits to the allegations related to his ability to select appropriate photographs for use in an MLS listing and to make changes at any time.

222.     Defendant List denies the allegations in paragraph 222.  He was not aware of any infringement during the personally difficult time frames in question.

223.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 223 as they relate to AAP's specified AAP's rights and therefore denies the allegations.

224.     Defendant List denies the allegations in paragraph in 224.

225.     Defendant List denies the allegations in paragraph 225.

226.     Defendant List denies the allegations in paragraph 226.

227.     Defendant List denies the allegations in paragraph 227.

228.     Defendant List denies the allegations of paragraph 228.

229.    Defendant List is without sufficient knowledge or information to form a be-lief as to the truth of the allegations and therefore denies the allegations in paragraph 229.

Defendant List is without sufficient knowledge or information to form a belief as to the truth of allegations in the *ad damnum* clause following paragraph 229 and therefore denies that Plaintiff is entitled to any relief whatsoever.

### COUNT VIII – VICARIOUS COPYRIGHT INFRINGEMENT [OF] SELECTED 2015 PHOTOGRAPHS
### (U.S. Copyright Reg. No. VA 1-971-919)

230.    Defendant List adopts and incorporates the allegations of 1-2, 7-15, 18-21, and 30-46 as if fully set forth herein.

231.    Defendant List is without knowledge or information sufficient to form a be-lief as to the truth of the allegations contained in paragraph 231 as they relate to the va-lidity of the Plaintiff's cited copyright registration and therefore denies the allegations re-lated to impermissible copying, displaying, and distribution of the specified photograph.

232.    Defendant List is without knowledge or information sufficient to form a be-lief as to the truth of the allegations contained in paragraph 232 as they relate to AAP's specified AAP's rights and therefore denies the allegations.

233.    Defendant List denies the allegations in paragraph 233.

234.    Defendant List denies the allegations because during the time in question he was dealing with serious personal problems resulting in the death of his wife after a difficult illness in June 2018.  As it turned out, the property in the MLS listing never sold and is off the market.

235.      Defendant List denies the allegations in paragraph 235.

236.      Defendant List admits that he may be chargeable for actions taken on the MLS on properties for which he is a listing agent including the publication and photographs used on his MLS listings and made under his account.

237.      Defendant List admits to the allegations in paragraph 237 as to the relationship between the MLS and all listing agents including himself.

238.      Defendant List admits that the cited Toscana Sunrise aerial photograph presented in the MLS listing appears to be similar to the Plaintiff's allegedly copyrighted photograph provided in its Complaint.

239.      Defendant List is without sufficient knowledge to form a belief as to the truth of the allegations as to agents and therefore denies the allegations in paragraph 229.

240.      Defendant List admits to the allegations in paragraph as they relate to the joint right and ability for employees and staff members under the control of Douglas Elliman and on which he relied during the period his wife was very ill and after she passed away in June 2018.

241.      Defendant List denies the allegations in paragraph 241.

242.      Defendant List denies the allegations in paragraph 242.

243.      Defendant List is without sufficient knowledge to form a belief as to the truth concerning the day on which Plaintiff allegedly discovered the Toscana Sunrise

aerial on the MLS listing and Douglas Elliman website and therefore denies the allegations in paragraph 243.

244.     Defendant List denies the allegations of allegations in paragraph 244 because the photo was removed from the MLS over three years ago.  If Plaintiff means the photograph as appearing on the MLS before it was removed and as provided in Exhibit D, then Defendant List admits that the copyright notice appears to be present based on his examination of Exhibit D.

245.     Defendant List is without sufficient knowledge to form a belief as to the truth concerning the day in which Plaintiff provided notice to Douglas Elliman and RABP+GFLR.  Plaintiff was not in the office during that period because he was in mourning.

246.     Defendant List admits that the photograph was removed from the MLS listing on or about July 6, 2018 according to the MLS history.  He denies the rest of the allegations in paragraph 246.

247.     Defendant List denies the allegations in paragraph 247.

248.     Defendant List admits only that the usage of photographs on MLS listings is a common trade practice in the real estate market industry to promote sales from which a listing agent can benefit if the property sells.  The broker also benefits.   Here, the listed property never sold and has been taken off the market.

249.     Defendant List denies the allegations in paragraph 249.

250.     Defendant List admits that photographs are valuable marketing tools for real estate agents but is without knowledge as to the rest of the allegations to form a belief as to the truth of the allegations in paragraph 250 and therefore denies them.

251.     Defendant List admits to the allegations related to his ability to select appropriate photographs for use in an MLS listing and to make changes at any time.  He denies that could have stopped the unlicensed photographs from being listed since at the time in question, he was dealing with serious personal problems.

252.     Defendant List denies the allegations in paragraph 252.  He was not aware of any infringement during the personally difficult time frames in question.

253.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 253 as they relate to AAP's specified AAP's rights and therefore denies the allegations.

254.     Defendant List denies the allegations in paragraph in 254.

255.     Defendant List denies the allegations in paragraph 255.

256.     Defendant List denies the allegations in paragraph 256.

257.     Defendant List denies the allegations in paragraph 257.

258.     Defendant List is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the allegations in paragraph 258.

Defendant List is without sufficient knowledge or information to form a belief as to the truth of the allegations in the *ad damnum* clause following paragraph 258 and therefore denies that Plaintiff is entitled to any relief whatsoever.

## COUNT IX – VICARIOUS COPYRIGHT INFRINGEMENT [OF] SELECTED 2016 PHOTOGRAPHS
### (U.S. Copyright Reg. No. VA 2-118-212)

259.     Defendant List adopts and incorporates the allegations of 1-2, 7-15, 18-21, and 30-46 as if fully set forth herein.

260.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 260 as they relate to the validity of the Plaintiff's cited copyright registration and therefore denies the allegations related to impermissible copying, displaying, and distribution of the specified photographs.

261.     Defendant List denies the allegations in paragraph 261.

262.     Defendant List denies the allegations because during the time in question he was dealing with serious personal problems resulting in the death of his wife after a difficult illness in June 2018.  As it turned out, the <u>rental</u> property in the MLS listing was never rented and is off the market.  Defendant List was the rental agent and not the original listing agent when the property was first listed for sale.

263.     Defendant List denies the allegations in paragraph 263.

264.     Defendant List admits that he may be chargeable for actions taken on the MLS on properties for which he is a listing agent including the publication and photographs used on his MLS listings and made under his account.

265.     Defendant List admits to the allegations in paragraph 265 as to the relationship between the MLS and all listing agents including himself.

266.     Defendant List admits that the cited Camino Gardens Park photograph presented in the MLS listing appear to be similar to the Plaintiff's allegedly copyrighted photographs provided in its Complaint.

267.     Defendant List is without sufficient knowledge to form a belief as to the truth of the allegations as to agents and therefore denies the allegations in paragraph 267.

268.     Defendant List admits to the allegations in paragraph as they relate to the joint right and ability for employees and staff members under the control of Douglas Elliman and on which he relied during the period his wife was very ill and after she passed away in June 2018.

269.     Defendant List denies the allegations in paragraph 269.

270.     Defendant List denies the allegations in paragraph 270.

271.     Defendant List denies the allegations in paragraph 271.

272.     Defendant List admits that the photograph appearing in the rental MLS listing shows AAP's copyright notice but denies the rest of the allegations in paragraph 273.

273.     Defendant List denies the allegations in paragraph 273 because he does not know what the Douglas Elliman agents were aware of when they uploaded the photograph in his absence.

274.     Defendant List admits only that the usage of photographs on MLS listings is a common trade practice in the real estate market industry to promote sales from which a listing agent can benefit if the property sells.  The broker also benefits.   Here, the listed property never sold and has been taken off the market.

275.     Defendant List denies the allegations in paragraph 275.

276.     Defendant List admits that photographs are valuable marketing tools for real estate agents but is without knowledge as to the rest of the allegations to form a belief as to the truth of the allegations in paragraph 276 and therefore denies them.

277.     Defendant List admits to the allegations related to his ability to select appropriate photographs for use in an MLS listing and to make changes at any time.  He denies that could have stopped the unlicensed photographs from being listed since at the time in question, he was dealing with serious personal problems.

278.     Defendant List denies the allegations in paragraph 278.  He was not aware of any infringement during the personally difficult time frames in question.

279.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 279 as they relate to AAP's specified rights and therefore denies the allegations.

280.     Defendant List denies the allegations in paragraph in 280.

281.     Defendant List denies the allegations in paragraph 281.

282.     Defendant List denies the allegations in paragraph 282.

283.     Defendant List denies the allegations in paragraph 283.

284.     Defendant List is without sufficient knowledge or information to form a be-

lief as to the truth of the allegations and therefore denies the allegations in paragraph

284.

Defendant List is without sufficient knowledge or information to form a belief as to

the truth of the allegations in the *ad damnum* clause following paragraph 284 and there-

fore denies that Plaintiff is entitled to any relief whatsoever.

### COUNT X – VICARIOUS COPYRIGHT INFRINGEMENT [OF] SELECTED 2016 PHOTOGRAPHS
**(U.S. Copyright Reg. No. VA 2-182-921)**

285.     Defendant List adopts and incorporates the allegations of 1-2, 7-15, 18-21,

and 30-46 as if fully set forth herein.

286.     Defendant List is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 286 as they relate to the validity

of the Plaintiff's cited copyright registration and therefore denies the allegations related to

impermissible copying, displaying, and distribution of the specified photographs.

287.     Defendant List is without knowledge or information sufficient to form a be-

lief as to the truth of the allegations contained in paragraph 287 as they relate to AAP's

specified rights and therefore denies the allegations.

288.     Defendant List denies the allegations in paragraph 288.

289.     Defendant List denies the allegations in paragraph 289 because during the

time in question he was dealing with serious personal problems resulting in the death of

his wife after a difficult illness in June 2018.  As it turned out, the property in the MLS

never sold and was taken off the market.

290.     Defendant List denies the allegations in paragraph 290.

291.     Defendant List admits that he may be chargeable for actions taken on the MLS on properties for which he is a listing agent including the publication and photographs used on his MLS listings and made under his account.

292.     Defendant List admits to the allegations in paragraph 292 as to the relationship between the MLS and all listing agents including himself.

293.     Defendant List admits that the cited Parker Highland photographs presented in the MLS listing appear to be similar to the Plaintiff's allegedly copyrighted photographs provided in its Complaint.

294.     Defendant List is without sufficient knowledge to form a belief as to the truth of the allegations as to agents and therefore denies the allegations in paragraph 294.

295.     Defendant List admits to the allegations in paragraph as they relate to the joint right and ability for employees and staff members under the control of Douglas Elliman and on which he relied during the period his wife was very ill and after she passed away in June 2018.

296.     Defendant List denies the allegations in paragraph 296.

297.     Defendant List denies the allegations in paragraph 297.

298.     Defendant List denies the allegations in paragraph 298.

299.     Defendant List denies the allegations in paragraph 299.

300.     Defendant List denies the allegations in paragraph 300.

301.     Defendant List denies the allegations in paragraph 301.

302.     Defendant List admits only that the usage of photographs on MLS listings is a common trade practice in the real estate market industry to promote sales from which a listing agent can benefit if the property sells.  The broker also benefits.   Here, the listed property never sold and has been taken off the market.

303.     Defendant List denies the allegations in paragraph 303.

304.     Defendant List admits that photographs are valuable marketing tools for real estate agents but is without knowledge as to the rest of the allegations to form a belief as to the truth of the allegations in paragraph 304 and therefore denies them.

305.     Defendant List admits to the allegations related to his ability to select appropriate photographs for use in an MLS listing and to make changes at any time.  He denies that could have stopped the unlicensed photographs from being listed since at the time in question, he was dealing with serious personal problems.

306.     Defendant List denies the allegations in paragraph 306.  He was not aware of any infringement during the personally difficult time frames in question.

307.     Defendant List is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 307 as they relate to AAP's specified AAP's rights and therefore denies the allegations.

308.     Defendant List denies the allegations in paragraph in 308.

309.     Defendant List denies the allegations in paragraph 309.

310.     Defendant List denies the allegations in paragraph 310.

311.     Defendant List denies the allegations in paragraph 311.

312.    Defendant List is without sufficient knowledge or information to form a be-lief as to the truth of the allegations and therefore denies the allegations in paragraph 312.

Defendant List is without sufficient knowledge or information to form a belief as to the truth of the allegations in the *ad damnum* clause following paragraph 312 and there-fore denies that Plaintiff is entitled to any relief whatsoever.

## COUNT XI – ALTERATION OF COPYRIGHT MANAGEMENT
### (Violation of 17 U.S.C. § 1202(b)

313.    Defendant List adopts and incorporates the allegations of 1-2, 7-15, 18-21, and 30-46 as if fully set forth herein.

314.    The allegations in Paragraph 314 are legal conclusions to which no re-sponse is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 314.

315.    Defendant List admits this allegation as it relates to the photographs pro-vided with the Complaint.

316.    Defendant List admits this allegation as it relates to the photographs pro-vided with the Complaint.

317.    Defendant List denies the allegations in paragraph 317.

318.    Defendant List denies the allegations in paragraph 318.

319.    Defendant List denies the allegations in paragraph 319.

320.    Defendant List denies the allegations in paragraph 320.

321.    Defendant List denies the allegations in paragraph 321.

322.    Defendant List denies the allegations in paragraph 322.

323.     Defendant List denies the allegations in paragraph 323.

324.     Defendant List denies the allegations in paragraph 324.

325.     Defendant List denies the allegations in paragraph 325.

Defendant List is without sufficient knowledge or information to form a belief as to the truth of the allegations in the *ad damnum* clause following paragraph 325 and therefore denies that Plaintiff is entitled to any relief whatsoever.


## DEFENDANT LIST'S AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Defendant John List asserts the following affirmative defenses and other defenses to Plaintiff's claims.

1.   Plaintiff's Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendant and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Defendant.

2.   Defendant List has not infringed, contributed to the infringement or otherwise induced the infringement of the photographs whether directly or vicariously as pled under Counts III, IV, V, VI, VII, VIII, IX and X of the Complaint.

3.   Plaintiff has not and cannot meet the high standard required for proving that Defendant List had any involvement whatsoever whether directly or indirectly in the alleged removal of the copyright notice from certain allegedly infringed photographs. In fact, Defendant List did not alter any of the allegedly infringed photographs whatsoever to remove any copyright symbol if they were even indeed present.

4.   Defendant List at no time evaded service.  At the time the Plaintiff's process server attempted service at his home in Palm Beach, Plaintiff during the pandemic, Defendant List, a recent widower, was residing with his sister and her husband in South Carolina.  As a recent widower, he went to South Carolina to stay with his South Carolina family during the pandemic since the real estate market had declined substantially.  His nephew informed him of a post-it sticker showing only a phone number that someone had left posted on the Florida home's door.  Defendant List promptly called the phone number and subsequently spoke with Plaintiff's Counsel thereafter. He did decline to have the summons served in South Carolina not wishing to involve his sister in his business matters and requested that the complaint be served at the Douglas Elliman office.  Apparently, whoever was manning the front desk at the time merely declined to accept service.  He was subsequently served by substituted service upon his return to Florida after which he promptly contacted the undersigned's law office.

5.    Any use of the works at issue by Defendant List was non-infringing, innocent, in good faith, and without any willfulness or intent to infringe any copyright whether directly or vicariously.

6.    Plaintiff's claims are barred by the doctrine of *lex non curat de minimus*.  Defendant List's use of the allegedly protected works, was at most *de minimis* and insubstantial.

7.    Plaintiff is not entitled to attorneys' fees or statutory damages for any complained-of infringement to the extent that the associated work was registered more than ninety (90) days following publication.

8.    Plaintiff has failed to mitigate its damages.  Stevens both individually and now as Plaintiff's principal could have easily put Defendant List on notice of alleged

unauthorized usage of the complained-of photographs and require the execution of a licensing agreement.   He failed to do so even though his Complaint alleges that he learned of possible copyright violations well over a year before his Complaint was filed.   He only sent notice regarding one photograph, the Camino Gardens Park photograph appearing on Defendant List's rental MLS listing to Douglas Elliman in July 2018.   That photograph was quickly removed from the MLS listing.

9.   Plaintiff is not entitled to disgorge profits from Defendant List because none of the Complaint's cited MLS listings resulted in the sale of the real property.

10.   Plaintiff's claims are barred by the doctrine of unclean hands.

11.   Plaintiff's claims are barred by the doctrine of laches.

12.   Plaintiff's claims are barred by equitable estoppel.

13.   Plaintiff's claims are barred by legal estoppel.

14.   Plaintiff's claims are barred in whole or in part by the Digital Millenniums Copyright Act.

15.   On information and belief, Plaintiff has settled its claims with all other parties to the lawsuit including Douglas Elliman except for the two present defendants.   Defendant List is entitled to any settlement credits or set-offs permitted by law.

16.   Plaintiff's claims for exemplary or punitive damages violate the Fourteenth Amendment, the extensive fines clause of the Eighth Amendment, and the Due Process Clause of the United States Constitution and further are violative of the Constitution and laws of the State of Florida.

17.     Defendant reserves the right to assert other such other defenses available pursuant to the Federal Rules of Civil Procedure as may be revealed through discovery and disclosure in this matter.

.

Respectfully submitted this 29th day of September 2021 by:

/s/Susan Dierenfeldt-Troy
Florida Bar Number 0707341
sdtroy@troyandschwartzlaw.com
Troy & Schwartz, LLC
9415 SW 72nd Street, STE 119
Miami, Florida 33173
**Attorneys for Defendant John List**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-service through the Court's CM/ECF filing portal upon the following on July 13, 2021.

| | |
|---|---|
| Spensyr Ann Krebsbach, Esq.<br>The Lomnitzer Law Firm<br>7999 N. Federal Highway, STE 202<br>Boca Raton, FL 33487<br>*Attorney for Plaintiff* | sak@lomnitzerlaw.com |
| Lorri Lomnitzer, Esq.<br>The Lomnitzer Law Firm<br>7999 N. Federal Highway, STE 202<br>Boca Raton, FL 33487<br>*Attorney for Plaintiff* | lorri@lomnitzerlaw.com |
| Jonathan D. Schwartz, Esq.<br>Troy & Schwartz, LLC<br>9415 SW 72nd Street, STE 119<br>Miami, Florida 33173<br>*Attorney for Defendant John List* | jschwartz@troyandschwartzlaw.com |

/s/Susan Dierenfeldt-Troy